110

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LLOYD GEORGE MORGAN, JR.    Case No. 3:01CV1107(CFD)(WIG)
    VS.
GOVERNOR JOHN G. ROWLAND, et al.    Date 10-3-2003

**MOTION OF OBJECTION TO THIS COURT RULING AND ORDER DOC.#107 DATED SEPTEMBER 24TH 2003**

1.) Now comes the Pro-se plaintiff Lloyd George Morgan, Jr moves in the Best interest of Justice Respectfully objects to the Courts Ruling of Honorable Christopher F. Droney rulings to protect plaintiff Appellates issues Plaintiff objects to this Courts Denying him to file the 2nd Amendment complaint and state this Court failed to effectively keenly Review the whole 2nd Amended Complaint with out Biased and he was intitle to file the 2nd Amended Complaint with out the Court Permission as a matter of right cause Defendants had never Answered the first Complaint or the first Amended Complaint and he Should be allowed to Add issues, the Courts reasoning was unjust and in Clear error SEE: HAMM v. GROOSE, 15 F3d 110 8th CIR. 1994    Cooper v. PATE, 378 US 546, LEd2d 1030, 84 Sct 1733 (1964)
"Court must accept alligations as TRUE"

2.) this Court is in clear violation of BOOTH V. CHURNER 206 F3d 289 (3rd CIR.2000) BOAG V. MACDOUGALL, 454 US 364, 70 LEd2d 551, 102 Sct, 700 (1982)    →

HAINES V. KERNER, 404 US 519, 30 L ed 2d 652, 92 S 94 (1972)
"Pro Se Litigants pleadings are to be construed Liberally and held to "less" strigent standard than formal pleadings drafed by Lawyers; if Court can reasonably read pleadings to state "valid claim" on which litigant could prevail it should do so despite failure to cite proper legal authority confused or confusion of legal theories, poor synthex and construction or litigants unfamiliarity with pleading requirements.

This Court is also in clear violation of US V. SEESING, 234 F3d 456 (9th Cir. 2000) and skirts around the case Law used in plaintiff memorandum of Law and avoided addressing the reasoning of Law in EICKHORST V. E.F. HUTTON, Group, Inc. 763 F. Supp. 1196 1203-04. (S.D.N.Y. 1990) or Forman V. Davis, 371 U.S. 178, 182 (1966) ~~~~~~~~~~~ Nor HANLIN V. Mitchelson 794 F. 2d 834, 841 (2nd Cir. 1986) Nor Fiske V. Church of St. Mary of the Angels, 802 F. Supp. 872, 877 (W.D.N.Y. 1992) Nor Block V. First Blood Assoc. 988 F. 2d 344 350 2nd Cir. 1993, Nor Sisneros V. Nix, 95 F3d 749. (8th Cir. 1996) This Court has shown a clear disregard and disrespect to the rulings of even the Second Circuit Court of Appeals Rulings, and have by passed the Law. These cases allows plaintiff to add new issues in the 2nd Amended complaint.

3.) This Court also must realize if he is Being subject to Retaliation for the filing of this civil action at hand surely its apart of this case.

③

4.) This Court has failed to realize that if Defendants are targeting his legal mail, and retaliating against him in many different ways for the filing of this Law Suit, Plaintiff should be able to add those issues.

5.) This Court is not considering Plaintiff request to proceed informa Pauperis only for the purpose of seeking the Court to allow the US Marshalls to allow him or service the complaint on the Defendants. Plaintiff did send a full copy of his financial statues to this Court in his motion requesting consideration to grant him Forma Pauperis Statues only for the need to seek that the Court order US Marshall to perfect service in Plaintiff behalf in his pending motion that has been in the court file that this Court has not yet ruled on being Doc# 101 titled motion by Lloyd George Morgan, Jr to inform Court of Plaintiff financial statutes and for reconsideration of Plaintiff Apologizes to this Court and states he also is confused and does not know how to properly read the Courts Docket sheet. Plaintiff states he will circle all motions Court has not Reply to the Courts ruling and order confuses this Plaintiff being Doc# 107 Dated 9-24-03 that he received on 10-2-2003. Plaintiff also informs the Court that he has not received replys from the attorney Generals yet provind addresses to all unserved Defendants and is still awhaiting them as this Court ordered.

(4)

6.) Plaintiff Respectfully Clearly objects to any and all of this courts ruling from page 1-24 of all denying plaintiff is motions and seek a Denovo Review By the 2nd Circuit Court of Appeals and a enBanc Hearing. and that this court Refer all these matters to be appealed and consideration by the U.S. Court of Appeals for the 2nd Cir. Judges.

7.) Plaintiff states this court ordered him to write short statements and properly paragraph then Plaintiff makes clear to this court that his education is very poor he only has a 8th grade education he cannot spell and proper paragraphs very well it should be clear to this court in plaintiff motions and pleadings, and I beg of this court not to sanction me or punish me for it and bear with me.

8.) Plaintiff states this court has skirted around the facts that He suffers from a sever mental illness and is a Disabled Plaintiff and have intentionally avoided addresses those motions and Mental Health medical Reports sent with them Never once Addressed this issues in said motions But overlooked them in all 15 motions it answered plaintiff object and seek consideration for Denovo Review on those issues.

9.) This court also ordered this plaintiff not to over file motions. Plaintiff will comply with the court and inform this court that before you gave these rulings I had all ready filed many motions of around 4 motions was pending. This court never addressed plaintiff pending motions for (TRO) entry date 6-25-03. and 5-12-03. in courts file.

10.) Plaintiff objects to the court rulings on perfect of service in 45 days and that he should contact inmate's legal assistance regards to finding a services processer or any issue plaintiff has made it clear to this court over and over Inmate's Legal asst. Program has refused plaintiff any help regards to this case and has asked me not to bother them any more about this case at hand. If you really keenly reviewed the 2nd Amended Complaint you would have read this in my claim of being denied effective access to the courts. Claims. Please clearly so note Inmates Legal Asst. of Prisoners will not help me, therefore I cannot comply with the court's orders with out provisons



11.) Plaintiff reminds this Court that respected United States Magistrate Judge William I. Garfinkel gave the inclosed ruling and order dated 12-12-2002 of Courts Doc. # 69 he stated on page 2 of this ruling ~~on~~ Because the apparent ~~[redacted]~~ Confusion has been corrected Morgan is directed to attempt service on defendants Myers, Levesque, Whidden, Lajoie, Coates, Butler, Funenuff Koske, Curtis, Shea, Castle, Helberg, Johnson, Delvalle, and Diaz by sending them via inter-office mail notice of law suit and waiver of service of summons forms, copies of Amendent Complaint with all attachments and copy of this order. "These defendants are hereby on notice that if <u>they fail</u> to return signed waivers of service of summons and cannot demonstrate good cause for doing so they may be liable for cost of in hand services. Morgan shall serve the defendants on or before January 22, 2003. The Court forgot to add Defendant Rowland, Plaintiff within a week or 2 followed the court order and sent out copies of the complaint and all said items.

12.) Defendant Rowland, never responded nor Defendants Butler, Lajoie, Robert Koske, Curtis, Shea, Castle, Helberg, Delvalle, Diaz, Johnson, These 11 Defendants never Answered Plaintiff

13). Plaintiff states at the time he send out copies of complaint and waiver of service and summons Defendant ~~███~~ Butler, LaJoie, was working here at Northern C.I. Prison and told plaintiff they had received these items but would not reply or follow the Courts Ruling sent them cause they do not have to take or receive these items from a Inmate but that a lawyer or US Marshall must service them. Plaintiff also served Defendants Koske, and Curtis, also is still at this address and was sent all items they refuse to Reply Defendants all Defendants was served and refused to Reply out of the 11 if Defendants did reply prison officials never gave me such mail Plaintiff ask if this Court will Refer all matters Back to Judge Garfinkel and ask him to see that his Order is followed or that the Defendants Be force to pay for in hand service Plaintiff Request that Defendants Be Order to Respect and comply with the Courts Order in inclosed Ruling of Judge Garfinkel.

14.) Plaintiff has allowed (CCLUF) to act as a Friend of this Court in this case plaintiff ask if this Court will ask them to please help plaintiff service the 11 Defendants

15.) Plaintiff states this Court is asking Plaintiff to squeez blood out of a Rock, and will not meet Plaintiff Half way in my situation again this Court is showing a form of Biased to this Plaintiff and is acting more like a Second Prosecuter against Plaintiff instead of a Judge in clear violation of <u>U.S. v. Sanchez</u>, 88 F3d 1243 (D.C. Cir. 1996) ("Courts will go to particular pains to protect Pro-se Litigants against consequences of technical errors if injustice may otherwise resault") this Court Has not granted me any remedy. not even with Perfecting services. Plaintiff objects nor is this Court allowing me any Fletibility in my Pleading thus in clear violation of <u>Boguslavsky v. Kaplan</u>, 159 F3d 715 (2nd Cir. 1998)

16.) Plaintiff objects to this Court Denying Plaintiff 2nd Amended Complaint of alligations of Retaliation by Defendents for the Filing of this action and violates <u>Johnson v. Rodriguez</u>, 110 F3d 299 (5th Cir. 1997) ("action motivated by Retaliation for exercising of constitutionally Protected right is actionable, even if act when taken for different reason might have been Legitimate.")

Plaintiff will do all He can to Follow all the Courts Rulings and order to Perfect Service and slow down on filing unneeded Motions to Not Burden this Court.

17.) In not allowing the 2nd Amended complaint this Court violated SMALL V. LEHMAN 98 F3d 762 (3rd CIR 1996) as well as JONES V. GRENINGER, 188 F3d 322 (5TH CIR. 1999) as well as SHAPIRO V. CANTOR, 123 F3d 717 (2nd CIR. 1997) District Court should freely give Leave to Amend complaint.

18.) Plaintiff objects and kindly ask this Court to remove him self from this case as well as Magistrate GARFINKEL, do to this court has been very biased and indifferent towards this plaintiff and any of his issues for remedy, and both has acted as a Second Prosecutor against the plaintiff this court does not like Dealing with the plaintiff or his poor hand writing and intentionally skirts around many important issues in his 15 motions this court responded to, and has played and made it hard for this mental health patient plaintiff to litigate this case, this court should consider DRONEY is a Former Prosecutor who spent most of his life puting people in prison for life and hates prisoners and dont feel they have no Rights, you cant be fair to this case this court has subjected this plaintiff to cruel and unusual punishment in trying to litigate this case. Plaintiff objects to any ~~further~~ FURTHER Handling of this case by Judge DRONEY and GARFINKEL. See inclused courts to deny plaintiff Request for Counsel Courts Doc# 68 plaintiff objects, to protect Appeliate Rights.


19.) this Plaintiff cannot get any FAIR HEARINGS OR remedy OR TRIAL with a Double Prosecutor Set of Judges DRoNey and GARFINKel, who does not understand PRISONERS RIGHT's Law NOR CARE to understand them this Court Should remove him Self with his Magistrate GARFINKel this Court is in Clear Violation of HAUPT V. DiLLARd, 17 F3d 285 (9th Cir. 1994) LILJEBERG V. HEALTH SERV. CORP. 486 US 847, LEd2d 855, 108 Sct. 2194 (1988) Right to a fair Trial is basic requirement of due process and includes right to unbiased Judge. also this Court is in Clear Violation of CASTRO-CORTEZ V. I.N.S. 239 F3d 1037 (9th Cir. 2001) (Neutral Judge is one of the most basic due Process Protections") Plaintiff will not File any more motions as not to overload this Court or Be Burdensome and State INClosed is his PROPER Motion Court FORM seeking forma Pauperis Statues to Perfect Service and appointment of Statues with his Prison Account attached as this Court order Please Consider Plaintiff Request Plaintiff thanks this Court For its Consideration, Plaintiff will do all he can to Respect this Courts Ruling and orders to Perfect Service and not to File motion After motion to over Burden this Court and over Load this Court all INClosed items is to Protect Plaintiff Rights. See attached memorandum or INClosed Motion to Amend 2nd Amended complaint Dated 2-20-03



20.) Agin Plantiff ask that the Court Keenly Review the motion to Amend THIS Complaint Dated 2-20-03 that was sent to or with the 2nd Amended Complaint that this COURT Denied no well its in the COURTS file so Plaintiff will not Re-send it with this motion to avoid over Loading this Court with the same items. Plantiff a mental HEALTH plantiff Did the Best He Could in this motion and thanks this Court for consideration of it.

By The Plaintiff _Mr. Lloyd G. Morgan Jr_
Lloyd George Morgan, Jr # 117796
Northern Correctional Inst.
287 Bilton Road
P.O. Box 665
Somers, CT 06071

## CERTIFICATION

This is to Certify that a Copy of this motion was mailed Postage Prepaid to all Parties Below on Date _10-6-2003_

Office of Attorney General
(AAG) Lynn D. Wittenbrink
116 Sherman St.
Hartford, CT 06071

Connecticut Civil Liberties Union
For attorney Philip D. Teyeler
32 Grand Street
Hartford, CT

By The Plaintiff _Mr. Lloyd George Morgan Jr_

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LLOYD GEORGE MORGAN, JR. | : |
| | : PRISONER |
| v. | : Case No. 3:01CV1107(CFD)(WIG) |
| | : |
| GOVERNOR JOHN ROWLAND, et al. | : |

## RULING AND ORDER

Pending is a motion for extension of time filed by the defendants and eight motions filed by the plaintiff, Lloyd George Morgan, Jr. ("Morgan") regarding service of the complaint on the defendants in their individual capacities. For the reasons that follow, defendants' motion is granted and plaintiff's motions are denied.

I.  Defendants' Motion for Extension of Time Within Which to Plead [doc. #67]

The defendants seek an extension of time until February 9, 2003, within which to respond to the complaint. They note that service has not yet been effected on all defendants in their individual capacities and seek to defer their response until the service issues are resolved. Defendants' motion [**doc. #67**] is **GRANTED**.

II. Motion for a Request of Court Review to Help Perfect Service [doc. #56]; Motion for Help to Perfect Service on All Defendants [doc. #57]; Motion for Court Review and Remedy Motion to Amend the Complaint [doc. #60-1, 60-2]; Motion for Protective Order and Motion to Update Court Motion for Court Review [doc. #61-1, 61-2]; and Motion Seeking Court Help to Perfect Service of This Complaint at Hand and Motion for a Court Remedy [doc. #66-1, 66-2]

These seven motions relate to Morgan's inability to effect service on the defendants in their individual capacities. The court notes that Morgan has attached signed waivers of service of summons to various motion he has filed: original signed waivers from defendants Chaplin,

Hensley and Latier are attached to document #61, an original signed waiver from defendant Tarascio is attached to document #56 and copies of signed waivers from defendants Armstrong and Matos with a note that the originals were returned to the court is attached to document #60. The Clerk is directed to detach these waivers, both the originals and the copies, from the respective motions and docket them.

Morgan has provided evidence that defendant Coates returned some of the service papers to Morgan and told him that he cannot effect service by notice and waiver on his own. In response to Morgan's request for court assistance, the court has contacted the Assistant Attorney General who has appeared for the defendants in their official capacities. She has informed defendant Coates that Morgan is responsible for effecting service and that he may do so by requesting that each defendant waive service by summons.

Because the apparent confusion has been corrected, Morgan is directed to attempt service on defendants Myers, Levesque, Whidden, Lajoie, Coates, Butler, Faneuff, Koske, Curtis, Shea, Castle, Helberg, Johnson, DelValle and Diaz by sending them, via inter-office mail, **notice of lawsuit and waiver of service of summons forms, copies of the amended complaint with all attachments and a copy of this order**. These defendants are hereby on notice that if they fail to return signed waivers of service of summons and cannot demonstrate good cause for doing so, they may be liable for the cost of in-hand service. Morgan shall serve the defendants on or before **January 22, 2003.**

In light of this order, Morgan's motions seeking court assistance with service [**docs. ##56, 57, 60-1, 61-1, 61-2, 66-1, 66-2**] are **DENIED**.

Finally, Morgan seeks leave to amend his complaint a second time. Morgan has not

2

attached to his motion a proposed second amended complaint. Thus, the court cannot evaluate this request to determine whether leave should be granted. Accordingly, Morgan's request [doc. #60-2] is **DENIED** without prejudice to renewal accompanied by a proposed second amended complaint.

III.   Conclusion

Defendants' Motion for Extension of Time Within Which to Plead [**doc. #67**] is **GRANTED**. Morgan's motion seeking leave to file a second amended complaint [**doc. #60-2**] is **DENIED** without prejudice. Morgan is directed to effect service by notice and waiver on defendants Myers, Levesque, Whidden, Lajoie, Coates, Butler, Faneuff, Koske, Curtis, Shea, Castle, Helberg, Johnson, DelValle and Diaz on or before **January 22, 2002.** He is cautioned to include a copy of the amended complaint with all attachments and a copy of this order in each service packet. In light of this order, Morgan's motions seeking court assistance with service [**docs. ##56, 57, 60-1, 61-1, 61-2, 66-1, 66-2**] are **DENIED**.

The Clerk is directed to detach the original signed waiver forms for defendants Chaplin, Hensley and Latier from document #61, the original signed waiver form for defendant Tarascio from document #56 and the copies of signed waivers from defendants Armstrong and Matos with the attached note from document #60 and to docket these waivers.

**SO ORDERED** this ____ day of December, 2002, at Bridgeport, Connecticut.

William I. Garfinkel
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LLOYD GEORGE MORGAN, JR.         :
                                 :       PRISONER
v.                               :       Case No. 3:01CV1107 (CFD)(WIG)
                                 :
GOVERNOR JOHN ROWLAND, et al.    :

RULING AND ORDER

Plaintiff seeks appointment of pro bono counsel in this action pursuant to 28 U.S.C. § 1915. For the reasons set forth below, plaintiff's motion is denied without prejudice.

The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989). The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). Plaintiff has attached letters from several private attorneys organizations declining assistance. In addition, he has provided a January 2002 letter from Inmates' Legal Assistance Program declining assistance because plaintiff sought to include Program attorneys as defendants.

When deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance." Id. In Cooper v. Sargenti, the Second Circuit cautioned the district courts against the "routine appointment of counsel" and reiterated

the importance of requiring an indigent to "pass the test of likely merit." 877 F.2d at 173-74. The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." Id. at 171.

Here, plaintiff has not yet served the complaint on all defendants. Thus, the defendants have not yet responded to the complaint. Based upon the current record, the court cannot determine whether plaintiff's claims possess likely merit. Accordingly, plaintiff's motion for appointment of counsel [**doc. #59**] is **DENIED** without prejudice to renewal after he has completed serving the complaint on all defendants and the defendants have responded to the complaint.

**SO ORDERED** this 12th day of December, 2002, at Bridgeport, Connecticut.

WILLIAM I. GARFINKEL
UNITED STATES MAGISTRATE JUDGE

2