01CV 1107 Motion



FILED
2003 DEC -8 P 4:58

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LLOYD GEORGE MORGAN, JR     CASE NO# 3:01CV1107(CFD)(WIG)
    VS.
GOVERNOR JOHN G. ROWLAND, ET. AL.     DATE 12-4-2003

### MOTION REQUESTING THAT THIS COURT GRANT REMEDY and ORDER THAT PLAINTIFF BE GRANTED EFFECTIVE ACCESS TO THE COURTS IN THIS CASE.

1.) Now comes the Pro-se plaintiff Lloyd George Morgan, JR moves in the best interest of Justice as well as in Good faith respectfully ask of this Court to strike a even Balance in this case with the Plaintiffs and office of the attorney Generals office (AAG) Lynn D. Wittenbrink, this plaintiff is being Denied effective assistance of Counsel in Defending this complex case, By the state of Connecticut Department of Corrections Commissioners Former JOHN J. ARMSTRONG, and Present Commissioner Theresa C. LANTZ, and office of Attorney Generals, in the illegal conspiracy to create a illigal contrack with the inmate's Legal Assistance to Prisoners Program.

2.) Plaintiff states, he is poorly educated at the law and the complexity of this case at hand requires a laymen atty. to help in the Preperation of this case and motions and objections and help in Motion for Productions.



3.) ON 11-7-03 plaintiff was transferd to Cheshire correctional facility from Northern Correctional Prison Facility and the Court gave a Ruling and order that plaintiff Perfect services on all defendants in 45 days and that office of to turn over all new address of unserved defendants. This was done for all defendants but not for defendant Castle, plaintiff also was ordered by this court to to contact inmate's legal assistance program with help in this case and perfecting services. Plaintiff clearly informs this Honorable Court that he has re-sent all items to of service to all said unserved defendants that he was giving the address to and again none responded by Returning waivers of services.

4.) Plaintiff was told by Northern C.I. Warden Wayne Choinski and Major Rose, that Defendants Curtis, and Koske was served and return Notice of waiver of services to (AAG) Lynn D. Wittenbrink, who would turn them into the Court as she directed them to do so. Plaintiff does not know if this be true and seek court to address this and rectify this matter.

5.) Plaintiff respectfully informs this Court that the Inmate's Legal assistance programs, has conspired to violate plaintiff constitutional rights of effective access to the court's in this complex case and have subjected plaintiff to discrimination.

6.) Plaintiff makes clear that the Inmate's Legal assistance Program, and (D.O.C.) and Attorney Generals office have intentionally conspired as a team to deny the plaintiff effective assistance of counsel or access to the Courts in this case with intent to cause injury, and if plaintiff loose Defendants and issues Filed in this case cause he cant Perfect services on all Defendants or answer office of Attorney Generals motions to Dismiss, or Summary Judgement, Plaintiff would be Able to clearly meet the test of actual injury of this case of Lewis V. Casey, 518 US 343, 135 Led 2d 606, 116 SCt 2174 (1996) and will have a Law suit against State D.O.C. and (ILAP) said Program.

7.) This Court must realize, its clear this case has merit as (CCLuF) atty. Philip D. Tegeler, office has filed a Brief that Proves, there is some merit to this case, and (ILAP) had no right to deny me help to a merit case, surely (CCLuF) Atty. Tegeler office would not have waisted time to come in this as a Friend of the Court to file said Brief this Court knows this and Constantly turns a Deaf Ear and Blind Eye, to this, as well as my mental health issues and issues, and situation in this case and has refuse to strike a Balance, by appointing counsel, so the Plaintiff will have a chance to effective litigate this case.



(4)

8.) Plaintiff has done nothing but piss off this court and vex this court by filing unproper motions, its not this plaintiff intentions to disrespect this court or burden this ~~this~~ court, or vex it but he is doing so ~~intentionally~~ unknowingly, and could or may be sanction and punished for. Plaintiff cannot properly write and spell very well or do paragraphs as this court wants, plaintiff ask this court to review inclosed letter from Inmate's Legal Assistance program atty. Richard P. Cahill, Dated 11-3-03 Stating Dear Mr. Morgan: This letter will serve as confirmation of the fact that Inmates' Legal Assistance program is unable to assist you in this above-referenced matter.

9.) Plaintiff has made it clear that he cannot defend this case and that said program (ILAP) has denied plaintiff access to this court, do to this clear cut evidence plaintiff can again in good faith ask this court to renewal his motion for appointment of counsel, do to said situation and there is cite for this request.
See: O'KEEFE V. VAN BOENING, 82 F.3d 322 (9th Cir. 1996) Prisoners have a constitutional right to petition government for redress of their grievances, which includes right of access to courts and also extends to administrative arm units of government.



10.) See: WILSON V. YAKLICH, 148 F.3d 596 (6th Cir. 1998) Access to the Courts to be afforded Inmate must be adequate, effective, and meaningful. It should be CLEAR to this Court by his pleadings and situation he is not be giving Adequate, or effective and meaningful access to the Courts in this case.

See: CHRICEOL V. PHILLIPS, 169 F.3d 313 (5th Cir. 1999) Prisoners clearly have a Constitutional right of access to the Courts, and Interference with a Prisoners' right

See: McCARTHY V. MADIGAN, 112 S. Ct. 1081, 1091 (1992)

See: JOHNSON V. AVERY, 393 U.S. 483, 487 (1969) where the Court referred to the category of inmates who are in need of legal assistance as "illiterate or poorly educated." See: WALTERS V. THOMPSON 615 F. Supp. 330, 340, (N.D. Ill. 1985) "when inmates have no access to a law Library they must be provided with assistance by trained skilled and Independent Legal Personal.")

See: DAVIDSON V. SCULLY, 694 F.2d 50, 54 2d Cir. 1982 "the Constitution Protects with special solicitude, a Prisoner's access to the Courts."

11.) Plaintiff states See: Also GLUTH V. KANGAS, 773 F. Supp. 1308, 1315 (D. Ariz. 1988) The Adversary system is suposed to strike a balance between two competing interest See: COLON V. COUGHLIN, 58 F.3d 865 872. (2d Cir. 1995) see: FRANCO V. KELLY, 854 F.2d 584, 589. (2d Cir. 1988).



12.) Plaintiff states there is cite and good reason for this Court to Renewal and Re-Consider plaintiff Request for Appointment of Counsel and grant him Remedy as plaintiff request of this Court. also plaintiff informs this Court that on 11-7-2003 Plaintiff was transferd to Cheshire Correctional and put in Protective Custody. plaintiff is on a probation period and was told if he gets disciplinary Reports he could be return to Northern C.I. Super Max Prison facility so his issues in this Complaint is not mute or moot.
See attached Protective Custody Memo Dated 11-24-03, inclosed. Plaintiff thanks the Court.

By the plaintiff: Lloyd G. Morgan Jr

### CERTIFICATION

This is to Certify that a copy of this motion has or have been mailed postage prepaid on Date 12-4-03 to all parties below.
Office of Attorney Generals
(AAG) Lynn D. Wittenbrink
110 Sherman Street
Hartford CT 06105

Connecticut Civil Liberties Union
Attorney Philip D. Tegeler
32 Grand Street
Hartford CT 06106

By The plaintiff Mr. Lloyd G. Morgan Jr
Cheshire Correctional Institution
900 Highland Ave
Cheshire, CT 06410

# LAW OFFICES
# OF
# SYDNEY T. SCHULMAN

**Administrative Director**
Sydney T. Schulman, Esq.

**Managing Attorney**
Jane Starkowski

## INMATES' LEGAL ASSISTANCE PROGRAM

**Staff Attorneys**
Richard P. Cahill
Peter Downs
Jessica J. York
Michael A. Rubino, Jr.
Kenneth J. Speyer
Jenna M. Edmundson

November 3, 2003

Mr. Lloyd George Morgan, Jr.
#117796
Northern CI
287 Bilton Road
P.O. Box 665
Somers, CT 06071

Re: **Morgan v. Rowland, No. 3:01CV1107 (CFD) (WIG)**

Dear Mr. Morgan:

This letter will serve as confirmation of the fact that Inmates' Legal Assistance Program is unable to assist you in the above-referenced matter.

Very truly yours,

Richard P. Cahill
Attorney at law



# STATE OF CONNECTICUT
## DEPARTMENT OF CORRECTION
CHESHIRE CORRECTIONAL INSTITUTION
900 HIGHLAND AVENUE
CHESHIRE, CT 06410

TO:        Protective Custody Inmate Population

FROM:    James E. Dzurenda, Warden

DATE:    November 24, 2003

SUBJECT:  Protective Custody Reclassification

---

*Effective today, November 25, 2003, inmates in Protective Custody will be reclassified into a Two Tier Management System.*

*Inmates will be separated from each other based on violence history and severity of offense.*

*This reclassification will assist the facility in ensuring the safety for those inmates who have a violent history from those inmates who do not.*

*Please direct all concerns or issues which develop from this reclassification with your Unit Manager.*

*A request has been submitted to increase programs and work detail within each Tier which will hopefully be resolved shortly.*

*Please be patient during this program transfer in the attempt to increase inmate and staff safety.*

JED/lch

C:    File