UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LLOYD GEORGE MORGAN, JR. | : |
| | :    PRISONER |
| v. | :    Case No. 3:01CV1107(CFD)(WIG) |
| | : |
| GOVERNOR JOHN G. ROWLAND, et al. | : |

## RULING AND ORDER

Plaintiff has filed motions entitled "Motion to Put This Case Under Seal and Motion to Protect Confidentiality of This Case" and "Motion for Court to Rectify the Proper Title Plaintiff Filed This Case Under."

In the first motion, plaintiff asks the court to place the entire case file under seal. He states that he has submitted various documents that might endanger his life if they fell into the hands of certain inmates.

The courts have long upheld the tradition that the public may "inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978).  See also Video Software Dealers Ass'n v. Orion Pictures Corp., 21 F.3d 24, 26 (2d Cir. (1994) (noting that the public is generally better served by open records).  Thus, the court will not seal this entire case file, consisting of thousands of pages of documents because plaintiff has concerns about a few exhibits he filed.

Plaintiff also states that other inmates may have contacted the court to ascertain the docket number of the case and may attempt to "cash in and jump on the bus to this lawsuit." He asks the court to prevent any other inmates from intervening in this case without his

consent. If any inmate were to file a motion to intervene in this case, plaintiff would receive a copy of the motion and could file a response. Because no inmate could become a plaintiff in this action without his knowledge, plaintiff's request is denied. Plaintiff also seeks a list of the names of all persons who have requested information about this case and the dates of such requests. All court files are public documents. Thus, any person may inquire about any filed case. The court does not record this information. Plaintiff's request is denied.

Finally, plaintiff's request for a hearing on this motion is denied. Plaintiff's motion [**doc. #106-1, 106-2**] is **DENIED**.

In the second motion, plaintiff states although he named defendant Rowland as Governor John G. Rowland in the original and amended complaints, some rulings filed by the court have omitted defendant Rowland middle initial. The court notes that defendant Rowland's name is correctly listed on the court docket. Because there appears to have been no confusion resulting from the omission of defendant Rowland's middle initial on some documents, plaintiff's motion [**doc. #109**] is **DENIED**.

**SO ORDERED** this the 18th day of December, 2003, at Bridgeport, Connecticut.

>	*/s/ William I. Garfinkel*
>	William I. Garfinkel
>	United States Magistrate Judge