01CV1107 MOT

## PAGE 1

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED AT 3/15/04

LLOYD GEORGE MORGAN, JR    Case No.# 3:01CV1107 (FDJ)(WIG)

V.

GOVERNOR JOHN G. ROWLAND, et al   Date MARCH 9, 2004

## MOTION OF OBJECTION TO: ASSTANT ATTORNEY GENERAL LYNN WITTENBRINK LETTER TO JUDGE CHRISTOPHER F. DRONEY DATED 3-2-2004

1.) Now comes the Pro-se plaintiff LLoyd George Morgan, Jr in the above intitle case this plaintiff Recieved a copy of a Letter dated 3-2-2004 with a copy of a Ruling of a attached case titled CARNELL HUNNICUT V. JOHN J. ARMSTRONG et al  Case No. 3: CV627 (PCD) of Judge Peter C. Dorsey Dismissing the Complaint, (AAG) Wittenbrink intends to use this case to put Pressure on Judge Droney to also dismiss this case based on the fact that Judge Dorsey Did. Plaintiff objects to this Letter and attached ments and its use there of.

2.) Plaintiff objects and reminds this Court that this case was mostly dismissed based on the fact that CARNELL HUNNICUT that he had Allready settle these issues in a settlement agreement in many of his othere Law suits and was giving a money settlement and transfer. So his issues the Court fund was Res Judicata

<u>PAGE 2</u>

3.) the Court didnt find that all his Causes or issue was Not a violation of his Rights or that he was not intitled to relief. but that he HAD allReady settled them and recieved a payment for it thats why it Dismissed most of its Claims and that he was not intitled to relitigate those Claims the Court ever appointed him a lawyer that Handle the settlement The Court Should so note that in this Law Suit at hand I never settle this Case Nor Recieved any pay Nor am I Relitigating facts in this Cased Raised in othere Law Suits. also The Court Dismissed his Mental HEALTH Claims. Cause He failed to state the PROPER FACTS or involvement of PARTIES, and he refused the Treatment THIS plaintiff NeVer Refused any treatment Nor was Granted any CARE Nor a treatment plane, and has Clearly stated the FACTS with supporting Ethibits.

4.) Plaintiff OBJECTS to the Court use of this Letter and Cases sent by (AAG) witterbrink as it is Not the Same, and plaintiff Renews his Request FOR Appointment of Counsel to handle this Complet Case, as the Defendants filed there Answer as a motion to Dismiss this Case Plaintiff states the Court asked him to Renew his Request For Counsel once the Case or Defendants Filed a Reply to his Complaint, Plaintiff ask that this Court GRANT him Appointment of Counsel to Answer the pending motion to Dismiss.

## PAGE 3

5.)   Plaintiff Respectfully Request that he be Appointed
Counsel For Reasons Clearly Stated in his
inclosed Motion for Counselor Renewal, Dated 3-3-04
and Motion that this Court Grant Remedy and order
that plaintiff be Granted Effective Access To The Court
Dated 11-11-03 inclosed copys. Please Keenly Review
them in this Case Plaintiff thanks this Court.

By the plaintiff _Lloyd G Morgan_
CHESHIRE CORRECTIONAL INST.
900 HIGHLAND AVE
CHESHIRE, CT 06410
_LLoyd George Morgan, Jr_ #117796

## CERTIFICATION

this is to Certify that a Copy of this motion was mailed
to all Parties of Record as so Noted Below Postage paid
on Date **3-10-2004**

OFFICE OF THE Attorney GENERALS
(AAG) Lynn D. Witterbrink
110 Sherman Street
Hartford, CT 06105

Connecticut Civil Liberties Union
Attorney Philip D. Tegeler
32 Grand Street
Hartford, CT 06410

By the plaintiff _LLoyd George Morgan Jr_
MR. LLoyd G. Morgan, Jr
#117796
Cheshire Correctional Inst
900 HIGHLAND Ave
Cheshire CT 06410

PAGE 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LLOYD GEORGE MORGAN, JR.          CASE NO. 3:01CV1107(CFD)(WIG)

V.

GOVERNOR JOHN G. ROWLAND, ET AL.   DATE MARCH 3, 2004

## MOTION FOR RENEWAL OF PLAINTIFF'S REQUEST FOR APPOINTMENT OF EMERGENCY COUNSEL AND EFFECTIVE ACCESS TO THE COURT.

1.) now comes the plaintiff Lloyd George Morgan, JR moves in the best interest of Justice as well as in Good faith in the above intitle case. Respectfully Request Honorable federal Judges Christopher F. DRoney, and WILLIAM I. GARFINKEL. Grant him Emergency Appointment of Counsel in this case. do to the nature this plaintiff have file many Request For Appointment of Counsel, and this Court denied them with out Prejudice Ordering this plaintiff to file it or Request Renewal of Appointment of Counsel once the Defendants have been giving the Chance to file a Answer to this Claim and Defendants have been served in this case.

2.) this Court Promised in all its ruling on this subject that it would reconsider the motion only once defendants have filed a Answer to this complaint. it should be so noted by this Honorable Court that today of MARCH 3, 2004 Plaintiff recieved a Answer dated Febuary 27, 2004.

PAGE 2.

3.) OF LARG VoLums of Documents of 3 PARTS, of very Complex LEGAL ARguments thats well Beyond plaintiff's wisdom to understand, Fully, and Completely. he cannot file a proper reply to it with out Persons TRAINED at Law, he has only a 8th Grade Education, and suffers from a mental illness he has NO Access to Persons TRAINED in Law, and he wrote many Request to the Inmates' LEGAL Assistance Program Atty. Richard P. CAHILL, and Jane STARkowski, and Sydney T. Schulman who made Clear they will NOT At all Help in this Case, plaintiff filed or Placed a telephone Call to Atty. CAHILL, OF (I LAP) informing him about his needs to reply to the said motion to Dismiss this Case, he made Clear that he stated in his inclosed Letter with this motion dated November 3, 2003. that he made Clear (I LAP) Would Not in no way Assist in this Case.

4.) Please Read and Keenly Review the Letter Dated 11-3-2003 by atty. CAHILL Stating RE: MORGAN V. RowLand, No. 3:01CV1107(CFD) (WIG). Dear MR. MORGAN: This Letter will Serve as Confirmation of the fact that Inmates' LEGAL Assistance program is unable to assist you in the Above reference matter See said Letter inclosed marked as "Exhibit A". For evidence to this Court. That Plaintiff is being Denied effective Access to the Court to defend this Case or OF Person TRAINED in Law as he is intitled to per. GRIFFIN V. Coughlin, 743 F. Supp. 1006, 1024 (N. D.N. Y. 1990)

PAGE 3

5.)  SEE: ROSS V. MOFFITT, 417 U.S. 600, 611 (1974)
     JOHNSON V. AVERY, 393 US. 483, 485 (1969)
The fundamental Constitutional rights of access to the
Courts requires Prison Authority to Assist, Inmates' in the
Preparation and filling of meaningful Legal papers by providing
Prisoners with Adequate Law Libraries or Adequate ASSISTANCE
FROM Persons trained in the Law. there CAN be No Doubt
of the right of the right of ACCess to the Courts . . . .
Assures that no Persons will be denied effective Access to
the Courts.

6.)  its Clear plaintiff many motions have Vex this Court
and have been stressful and over Burdensome, and have Not
made much sense to this Court do to his poor Education and
Pleadings, and Not Able to write Paragraphs or Properly
SPACE and write Caused this Court to Threaten to
sanction Plaintiff, when plaintiff Just do not have the
Proper skills or Ability Nor Resources to defend such a Complex
Case. The Defendants have failed to even Respect
LEWIS V. CASEY, 518 US 343, 135 LEd2d 606, 116 SCt 2174 (1996)
to Grant him Persons TRAINED in Law,

7.)  this Court have not effectively responded to all issues
in his many motions and have over Looked Very
important issues over and over, or just denied it.

PAGE 4

8.) Plaintiff states that the Defendants motion to dismiss is a share of Tricks and Half Truths mostly falsehood by (AAG) Lynn D. Wittenbrink to Trick this Court to Just simpley see the Plaintiff as a Pest and Dismiss his case, she lies intentionally to this Court taking this Court as a Fool, by saying Plaintiff failed to Exhaust his Administrative Remedies with the Prison Grievance System, when this is not true all this is in the Court file. She knows the Court will not keenly Review the file or all exhibits and she can Just get this case Dismissed. then she claim most of my issues are moot cause I been transfered with out telling the Court the Truth that Plaintiff is on a Probation Period and if he gets a certain Amount of Disciplinary Reports he can and will be return to Northern Prison.

9.) and Put Right back in the same situation he complained of in this case Because he seeks money Damages and Punitive Damages, regards to the wrongs done to him and excercise issues, its not moot. the Plaintiff informs this Court Defendants have Lost most of his exhibits to this case and there all in this Court files the only ones that Are Left.

PAGE 5.

10.) Plaintiff informs this court that He filed the inclosed motition titled Motion Requesting That This court Grant Remedy and ORDER THAT Plaintiff Be Granted Effective Access to The court in this case, This court over looked the issues in this motion and Cited Case Law and sirousness of the issues made clear to this court and didnt Properly Answer it Plaintiff ask this court Rectify this issues, plaintiff has a Good Case and issues at hand it Would be a Miscarrage of Justice to Deny plaintiff Emergency needs for counsel and the Attorney General office to Continue to take Big Advantage of plaintiff None Stop as they have since 2001 in the filing of this Case, this would be a Disrespect to this Courts wisdom and the Second circuit Judges and our U.S. Suprem Courts rulings.

11.)    See: ABdullAH V. Gunter. 949 F.2d 1032, 1035. (8th Cir. 1991) this court should Consider there will be need for medical expert witnesses, and inmates witnesses, that he is not Able to Locate, there is Credability issues of Plaintiff against Defendants, all this gives more reasons for this court to Lean towards Appointment of Counsel, to often the office of Attorney Generals And its Agents are Left to Feel there Above the Law and that they Rule the Federal Judges OR CAN TRICK then and Sham. then.

PAGE 6.

12.) the office of the Attorney Generals Hate and Fear Judges Like Thomas P. Smith, that is not afraid to sanction then or grant prisoners what there intitled to and never consent to him to try a case, they would like nothing better then to take such hard working judges Like Droney & Garfinkel, as fools, they can play on who they feel are former prosecutors who are not fond of prisoners nor there rights. They feel untuchable, this is a just court I make a prayer to this court to please not allow them to rail road this case and slip threw the cracks of the evil injustice done to plaintiff only cause this court keeps denying plaintiff the emergency need for appointment of counsel, so that counsel can show the court the true facts.

13.) this court has a duty to strike a even balance to this case see: Gluth V. Kangas, 773 F. Supp. see: Colon V. Caughlin, 58 F. 3d 865, 872 (2nd Cir. 1995) Franko V. Kelly, 854 F. 2d 584. 589 (2d Cir. 1988). this court has a duty to protect the integrity of our judges and judicial system, and should appoint counsel to bring out the true facts and not allow the attorney generals to bully our courts or the plaintiff constitutional rights I ask this court do the right thing and let the state know the judges are in control and not then.

14.) THIS Cart must not Allow the Constitution to be thrown out the window, or the rights of PRISONERS simply because the Courts is Fed up with PRISONERS cases or because the Attorney GeNERALS, conspire to intentionally mislead this Cart, or threaten to AppeAl the Carts Rulings with there powerful rescources, Plaintiff PRays that this Cart Cart GRANT him Needed EmeRGency AppoiNtment of CaNsel, to file a responds to this Complaint this Cart CANNot AFFORd to Allow poorly Educated mentally ill Plaintiff's to be RAIL ROAded or taking ADvantage of only cause he has No Lawyer.

15.) Plaintiff MAde ARand 4 yeARS of Attempts to find Cansel on his on as in the Carts File and have Been Denied. only cause they only take PRo-BoNo cases at the Carts Request. and cause he is POOR and CANt AFFORd CANsel, Plaintiff CANt AFFORd CANsel see incLosed a update PRint out of his Accant BALANce he only has 78¢ in his Account see Exhibit B. incLosed mARked as such. Exhibit B. Plaintiff again made attempts to seek CANsel From Firm of Zeldes, Needle & Cooper, Atty. SARah W. Post, DAted 1-13-2004 denying to take the case dated 1-13-04 incLosed mARked as Exhibit C.

PAGE 8.

16.) Plaintiff also Informs the Court that Its US MARSHALL has not sent me ANY RETURN Notices OF the Defendants being served that this Court order service on by the US MARSHALLS I am intitled to be sent Notice to tell me which Defendants this Court MARSHALL Perfected service on, he has not Got All this Courts Ruling Please Rectify. and see that he recieve them. Plaintiff ask that this Court would GRANT 120 day extension of time, For him to Reply to this motion by way of the Court GRANTing him Appointment of Cansel to Answer the motion to dismiss this case, this will give the Clerks Office time to Locate Cansel, to Reply to it, Plaintiff thanks the Court For its Consideration of this motion

By the Plaintiff X mr. Lloyd G. MORGAN JR
MR. LLOYd George MORGAN. JR
#117796
CHESHiRE C.I.
900 HIGHLAND Ave
CHEShiRE CT 06410

## CERTIFICATION

This is to certify that a Copy OF this motion was mailed to All Parties OF Record as so noted below Postage Paid on 3-3-2004

OFFICE OF Attorney General
(AAG) LYNN D. WITTENBRINK
110 SHERMAN Street
HARTFORd CT 06105

CCLUF.
Atty. PHILIP D. Tegeler
32 GRANd Street
HARTFORd, CT 06106

By the Plaintiff X mr. Lloyd Go MORGAN JR
MR. LLOYd George MORGAN JR
CHESHiRE C.I. #117796
900 HiGHLAND Ave
CHEShiRE CT 06410

"*Exhibit A.*"

**LAW OFFICES**
**OF**
**SYDNEY T. SCHULMAN**

**INMATES' LEGAL ASSISTANCE PROGRAM**

Administrative Director
Sydney T. Schulman, Esq.

Managing Attorney
Jane Starkowski

Staff Attorneys
Richard P. Cahill
Peter Downs
Jessica J. York
Michael A. Rubino, Jr.
Kenneth J. Speyer
Jenna M. Edmundson

November 3, 2003

Mr. Lloyd George Morgan, Jr.
#117796
Northern CI
287 Bilton Road
P.O. Box 665
Somers, CT 06071

**Re: Morgan v. Rowland, No. 3:01CV1107 (CFD) (WIG)**

Dear Mr. Morgan:

This letter will serve as confirmation of the fact that Inmates' Legal Assistance Program is unable to assist you in the above-referenced matter.

Very truly yours,

Richard P. Cahill
Attorney at law

# T R U S T   A C C O U N T   S T A T E M E N T

DOC:  0000117796     Name: MORGAN, LLOYD G                    DOB: 10/18/1964
LOCATION: 125-L        "EXHIBIT B"

                                              Max Date:

| DATE | TYPE | TRANSACTION DESCRIPTION | TRANSACTION AMT | BALANCE |
|------|------|------------------------|-----------------|---------|
| 11/24/2003 | CEC | CEC SAL ORD #2093592 | 1.87 | 2.11 |
| 11/24/2003 | CEC | CEC SAL ORD #2106545 | 0.45 | 2.56 |
| 12/05/2003 | WPOS | Postage  125 | ( 1.52) | 1.04 |
| 12/08/2003 | DMR | Mail Receipts  125 | 30.00 | 31.04 |
| 12/09/2003 | WCOP | Copies  125 | ( 2.50) | 28.54 |
| 12/10/2003 | CEC | CEC SAL ORD #2125357 | 42.02 | 70.56 |
| 12/18/2003 | WSR | Special Request - 125 | ( 5.00) | 65.56 |
| 12/18/2003 | WSR | Special Request - 125 | ( 5.00) | 60.56 |
| 12/18/2003 | WSR | Special Request - 125 | ( 5.00) | 55.56 |
| 12/18/2003 | WSR | Special Request - 125 | ( 5.00) | 50.56 |
| 12/29/2003 | CRS | CRS SAL ORD #2188715 D2 | ( 47.63) | 2.93 |
| 12/31/2003 | DMR | Mail Receipts  125 | 30.00 | 32.93 |
| 01/06/2004 | CRS | CRS SAL ORD #2208938 D2 | ( 32.79) | 0.14 |
| 01/06/2004 | DMR | Mail Receipts  125 | 100.00 | 100.14 |
| 01/08/2004 | WFMS | Med Sick Fee  125  123003 | ( 3.00) | 97.14 |
| 01/12/2004 | CRS | CRS SAL ORD #2222609 D2 | ( 42.02) | 55.12 |
| 01/12/2004 | CRS | CRS SAL ORD #2222612 D2 | ( 46.70) | 8.42 |
| 01/12/2004 | DMR | Mail Receipts  125 | 100.00 | 108.42 |
| 01/13/2004 | CEC | CEC SAL ORD #2222612 | 1.16 | 109.58 |
| 01/16/2004 | CEC | CEC SAL ORD #2208938 | 0.53 | 110.11 |
| 01/20/2004 | CRS | CRS SAL ORD #2235401 D2 | ( 51.96) | 58.15 |
| 01/20/2004 | WPOS | Postage  125 | ( 10.11) | 48.04 |
| 01/22/2004 | WPOS | Postage  125 | ( 3.85) | 44.19 |
| 01/26/2004 | WPOS | Postage  125 | ( 1.66) | 42.53 |
| 01/27/2004 | CRS | CRS SAL ORD #2247221 D2 | ( 42.19) | 0.34 |
| 01/29/2004 | OT | Sub-Account Transfer | 0.32 | 0.66 |
| 02/03/2004 | CRS | CRS SAL ORD #2264275 D2 | ( 0.66) | 0.00 |
| 02/04/2004 | CEC | CEC SAL ORD #2264275 | 0.66 | 0.66 |
| 02/10/2004 | CRS | CRS SAL ORD #2278422 D2 | ( 0.58) | 0.08 |
| 02/17/2004 | CEC | CEC SAL ORD #2278422 | 0.58 | 0.66 |
| 02/20/2004 | DMR | Mail Receipts  125 | 10.00 | 10.66 |
| 02/24/2004 | CRS | CRS SAL ORD #2306610 D2 | ( 10.66) | 0.00 |
| 02/27/2004 | DMR | Mail Receipts  125 | 50.00 | 50.00 |
| 03/01/2004 | CRS | CRS SAL ORD #2315300 D2 | ( 49.22) | 0.78 |

# ZELDES, NEEDLE & COOPER

### A PROFESSIONAL CORPORATION

**ATTORNEYS AT LAW**
1000 LAFAYETTE BLVD.
POST OFFICE BOX 1740
BRIDGEPORT, CONNECTICUT 06601-1740
TELEPHONE (203) 333-9441
FAX (203) 333-1489

"Exhibit C"

Sarah W. Poston
Direct Dial: (203) 332-5707

January 13, 2004

Lloyd George Morgan, Jr.
#117796
Northern Correctional Institution
287 Bilton Road
P.O. Box 665
Somers, CT 06071

    Re:    Morgan v. Rowland

Dear Mr. Morgan:

    I received your letter of October 19, 2003.  I apologize for the delay in responding, but my caseload does not permit me to represent you in this matter.

                                        Very truly yours,

                                        Sarah W. Poston

SWP/pb
Encl.

(1)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LLOYD GEORGE MORGAN JR    CASE NO# 3:01 CV1107 (CFD)(WIG)

VS.

GOVERNOR JOHN G. ROWLAND, ET. AL.    DATE 11-11-2003

MOTION REQUESTING THAT THIS COURT GRANT
REMEDY and ORDER THAT PLAINTIFF BE GRANTED
EFFECTIVE ACCESS TO THE COURTS IN THIS CASE.

1.)    Now comes the pro-se plaintiff Lloyd George Morgan, JR
moves in the best interest of Justices as well as in Good faith
respectfully ask of THIS Cart to strike a even Balance in this
Case with the plaintiffs and office of the attorney Generals
office (AAG) Lynn D. Wittenbrink, this plaintiff is being Denied
effective assistance of Counsel in Defending this Complex
Case, By the State of Connecticut Department of Corrections
Commissioners Former John J. Armstrong, and Present Commissioner
Theresa C. Lantz, and office of Attorney Generals, in the illegal
Conspiracy to create a Illigal Contrack with the INMATE'S
LEGAL ASSISTANCE TO PRISONERS PROGRAM.

2.)    Plaintiff states, he is poorly educated at the law and the
Complexity of THIS Case at hand requires a Laymen atty.
to help in the Preperation of THIS Case and motions and
objections and help in Motion FOR Productions.



3.) On 11-7-03 plaintiff was transferd to Cheshire correctional facility from Northern Correctional Prison Facility and the Court gave a Ruling and order that plaintiff Perfect services on all defendants in 45 days and that office of to turn over All new address of unserved Defendants. This was Done for all Defendants but not For Defendant Castle, plaintiff also was ordered by this Court to to contact Inmate's Legal assistance Program with help in this Case and Perfecting services, plaintiff CLEARLY informs this Honorable Court that he has re-sent all items to of service to all said unserved Defendants that he was giving the address to and again none responded by Returning waivers of services.

4.) plaintiff was tkld By Northern C.I. WARDEN WAYNE Choinski and Major Rose, that Defendants CURTIS, and Koske was served and Return Notice of waiver of services to (AAG) LYNN D. Wittenbrink. who would Turn them into the Court as she directed them to do so. plaintiff does not Know IF THIS be True and Seek Court to Address this and Rectify this matter.

5.) Plaintiff respectfully informs this Court that the Inmates Legal assistance Programs, has conspired to violate Plaintiff constitutional rights of effective Access to the Court's in this complex case and have subjected plaintiff to Discrimination..

③

6.) Plaintiff makes clear that the Inmate's Legal assistance Program, and (D.O.C.) and attorney Generals office have intentionally conspired as a team to Deny the plaintiff effective assistance of Counsel or Access to the Courts in this case with intent to cause injury, and if plaintiff loose Defendants and issues Filed in this case cause he cant cant perfect services on all Defendants or answer office of Attorney Generals motions to Dismiss, or Summary Judgement, Plaintiff would be able to clearly meet the test of actual injury of this case of Lewis V. Casey, 518 US 343, 135 Ledad 606, 116 SCt 2174 (1996) and will have a law suit against State D.O.C. and (ILAP) said Program,

7.) this Court must realize, its clear this case has merit us (CCLuF) atty. Philip D. Tegeler, office has Filed a Brief that proves, there is some merit to this case, and (ILAP) had no Right to deny me Help to a merit case, surely (CCLuF) Atty. Tegeler office would not have waisted time to come in this as a Friend of the Court to File said Brief this Court knows this and Constantly turns a Deaf Ear and Blind Eye, to this, as well as my mental Health issues and issues, and situation in this case and has refuse to strike a Balance, by appointing Counsel, so the Plaintiff will have a chance to effective litigate this case,



8.) Plaintiff has done nothing but Piss off THIS Court and Vex this Court by filing unproper motions, Its not this Plaintiff intentions to DISRESPECT this Court or burden this ~~Court~~ Court, or Vex it but he is doing so ~~unknowing~~ unknowingly, and Could or may be SANCTION and Punished for Plaintiff CANNOT PROPERLY WRITE and Spell very well or do PARAGRAPHS as this Court wants, Plaintiff ask this Court to Review inclosed letter from Inmate's Legal ASSISTANCC Program atty. RICHARD P. Cahill, Dated 11-3-03 Stating DEAR MR. MORGAN: THIS Letter will serve as Confirmation of the fact that INMATES' LEGAL ASSISTANCC Program is unable to assist you in this above-referenced matter.

9.) Plaintiff has made it CLEAR that he Cannot Defend this Case and that SAID Program (ILAP) has denied plaintiff access to this Court, do to this CLEAR Cut evidence plaintiff Can again in Good faith ask this Court to Renewal his motion FOR APPOINTMENT of Counsel, do to SAID situation and there is cite for this request.

See: <u>O'KEEFE V. VAN BOENING, 82 F3d 322 (9th Cir. 1996) Prisoners have a Constitutional right to petition government for redress of their Grievances, which includes right of Access to Courts and also extends to Administrative Arms units of government.</u>



10.) See: WILSON V. YAKLICH, 148 F3d 596 (6th Cir. 1998)
ACCess to the Carts to be afforded Inmate must be
adequate, effective, and meaningful, It shaid be CLEAR to this
Court by his pleadings and situation he is not be giving
Adequate, or effective and meaningful ACCess to the Carts
in this Case.
See: CHRICEOL V. PHILLIPS, 169 F3d 313 (5th Cir. 1999)
Prisoners Clearly have a Constitutional right of access
to the Carts, and interference with a Prisoners' right
See: McCarthy V. Madigan, 112 S. Ct. 1081, 1091 (1992)
See: Johnson V. Avery, 393 U.S. 483, 487, (1969)
where the Curt referred to the category of inmates who
Are in need of Legal ASSIStance. as "illiterate or poorly
educated". See: WALTERS V. Thompson 615 F. Supp. 330, 340,
(N.D.Ill. 1985) "when inmates have no access to a law LIBRARY
they must be Provided with assistance by trained
skilled and Independant Legal PERSONAL.")
See: Davidson V. Scully, 694, F. 2d 50, 54 2d Cir. 1982
"the Constitution Protects with special solicitude; a
PRISONER's access to the Carts."

11.) Plaintiff states See: Also Gluth V. KANSAS, 773 F. Supp.
1309, 1315 (D.Ariz. 1988) The Adversary system is suposed
to strike a balance between two competing interest
See: Colon V. Caughlin, 58 F.3d 865 872.
(2d Cir. 1995) See: FRANCO V. Kelly. 854. F. 2d 584. 589.
(2d Cir. 1988).



12.) Plaintiff states there is cite and Good Reason for this court to Renewal and Re-Consider Plaintiff Request For Appointment of Counsel and Grant him Remedy as Plaintiff Request of This Court. also Plaintiff informs this Court that on 11-7-2003 Plaintiff was transfered to Cheshire Correctional and put in Protective Custody, Plaintiff is on a probation period and was told if he gets Disciplinary Reports he Could be return to Northern C.I. Super max Prison facility so his issues in this Complaint is not Mute or Moot.

See attached Protective Custody Memo Dated 11-24-03. inclosed. Plaintiff thanks the Court.

By the plaintiff. Lloyd G. Morgan, Jr

## CERTIFICATION

This is to Certify that a Copy of This motion has or have been mailed Postage Prepaid on Date 11-12-2003 to all Parties Below.

office of Attorney Generals

(AAG) Lynn D. Witterbrink
110 Sherman Street
Hartford CT 06105

Connecticut Civil Liberties Union
Attorney Philip D. Tegeler
32 Grand Street
Hartford CT 06106

By the plaintiff Lloyd G. Morgan, Jr
Cheshire Correctional Institution
900 Highland Ave
Cheshire, CT 06410



RICHARD BLUMENTHAL
ATTORNEY GENERAL

MacKenzie Hall
110 Sherman Street
Hartford, CT  06105-2294

Office of The Attorney General
## State of Connecticut

*Tel: (860) 808-5450*
*Fax: (860) 808-5591*

March 2, 2004

Honorable Christopher F. Droney
United States District Court Judge
District of Connecticut
450 Main Street
Hartford, CT  06105

Re:   **Morgan vs. Rowland, et al.**
      No. 3:01CV1107(CFD)

Dear Judge Droney:

     I have just recently filed a Motion To Dismiss the above-captioned matter.  Since that time, the enclosed Ruling by Judge Dorsey in another case dated February 25, 2004 came to my attention.

     Judge Dorsey's Ruling provides helpful insight into two of the bases for the defendants' Motion To Dismiss in this matter – lack of physical injury under 42 U.S.C. § 1997e(e) and lack of one-on-one mental health evaluation and/or treatment.

     Thank you for your attention to this matter.

                 Very truly yours,

                 Lynn D. Wittenbrink
                 Assistant Attorney General

LDW:lac

Enclosure

cc: ✔ Lloyd George Morgan, Inmate No. 117796
        Cheshire Correctional Institution
        900 Highland Avenue
        Cheshire, CT  06410

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

FEB 25  12 57 PM '04

U.S. DISTRICT COURT
NEW HAVEN, CONN.

CARNELL HUNNICUTT            :
                             :              PRISONER
        v.                   :     Case No. 3:03CV627(PCD)
                             :
JOHN ARMSTRONG, et al.[1]    :

<u>RULING ON DEFENDANTS' MOTION TO DISMISS</u>

Plaintiff Carnell Hunnicutt ("Hunnicutt") is a Connecticut-

sentenced inmate currently confined within the Maryland

Department of Correction.  In May 2002, he commenced this action

with then-inmate Anthony Oliphant.[2]  On April 2, 2003, the court

ordered the claims of the two plaintiffs severed and instructed

---

[1]The named defendants are John Armstrong; Larry Myers;
Thomas Coates; Christine Whidden; Michael Lajoie; William
Faneuff; Maurice Butler; Kim Weir; Patricia Wollenhaupt; Saundra
Katz-Feinberg; Paul Chaplin, incorrectly identified as Paul
Chaplain; Tom Latier; Irene Wooven; Kevin Power; Peter Matos; and
Jack Tokarz.

[2]Although the complaint in <u>Oliphant and Hunnicutt v.
Armstrong, et al.</u>, 3:02cv947 (PCD), was not file-stamped by the
court until May 30, 2002, it was signed by plaintiffs on May 8,
2002.  The Supreme Court considers an inmate's complaint to be
filed as of the date it is given to prison officials for mailing
to the court.  Thus, the action was filed on May 8, 2002.
Hunnicutt and Oliphant attempted to file this case as a
class action.  Their motions for class certification were denied
on August 30, 2002, and October 31, 2002.  On January 23, 2003,
the court granted defendants' motion for more definite statement
and ordered Oliphant and Hunnicutt to file an amended complaint
alleging facts supporting only their own specific claims.

the Clerk to open this case to consider only Hunnicutt's claims.

In his amended complaint, Hunnicutt asserts seventeen claims and twenty-one causes of action addressing the conditions and circumstances of his confinement in Administrative Segregation at Northern Correctional Institution in Somers, Connecticut. Defendants have filed a motion to dismiss this action. For the reasons that follow, defendants' motion is granted.

I.    Standard of Review

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Thomas v. City of N.Y., 143 F.3d 31, 37 (2d Cir. 1998). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. See Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir. 2000); Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." Branham v. Meachum, 77 F.3d 626, 628 (2d Cir. 1996) (quoting Grant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995) (internal quotations omitted)). In its review of a motion

2

to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." <u>Samuels v. Air Transport Local 504</u>, 992 F.2d 12, 15 (2d Cir. 1993). The Second Circuit "ordinarily require[s] the district courts to give substantial leeway to pro se litigants." <u>Gomes v. Avco Corp.</u>, 964 F.2d 1330, 1335 (2d Cir. 1992).

II. <u>Facts</u>

The court accepts as true the following allegations taken from the amended complaint.

Hunnicutt was placed on administrative segregation status at Northern Correctional Institution when he failed to complete the chronic discipline program within six months. He refused to participate in the mandatory mental health-based phase program and, therefore, could not complete the program and be released from administrative segregation status. Hunnicutt was not provided any indication of how long he would continue to be confined in administrative segregation.

Hunnicutt refused to participate in the psychological group therapy sessions required in the phase program. He objected to revealing personal beliefs and disclosing such things as an abusive childhood or family relationships in front of other inmates. Hunnicutt alleges that the mental health staff failed

3

to conduct a rigorous individual psychological evaluation of his condition and were not available for private meetings. Any meeting with mental health staff was conducted on the tier within hearing of other inmates. Mental health staff falsified reports and fabricated incidents to cover up the use of excessive force against inmates.

In addition, medical staff denied treatment and falsified medical incident reports to hide abuse of inmates by staff and the injuries inflicted on inmates. They denied access to physicians or outside medical treatment.

Prisoners at Northern Correctional Institution, all of whom are considered dangerous or threatening to the safety and security of other correctional facilities, were double-celled in a cell that was designed for one inmate. In addition, they were forced to go to recreation in handcuffs and shackles.

All inmates were handcuffed behind their backs whenever they left the cell. Because the inmates were double-celled, when the first inmate was being handcuffed, the other inmate had his hands free and could assault the handcuffed inmate. No compatibility assessment was done before inmates were assigned to cells and correctional staff did not adequately supervise the inmates.

If an inmate refused to accept a cellmate, he would be maced, slammed into the wall or placed in in-cell restraints in a

4

dirty isolation cell for up to seventy-two hours.  In the
isolation cell, he would be denied personal hygiene items, a
change of clothing, reading or writing materials and showers.
Restraints would not be removed to facilitate toilet use or
eating.

At one time, Hunnicutt had progressed beyond Phase I of the
three-phase program.  He was returned to Phase I for drawing a
cartoon that was considered offensive and threatening by staff
even though this action would not have been sufficient to warrant
administrative segregation placement if he were in general
population.

Staff issued false disciplinary reports for minor reasons
just to prolong an inmate's stay in administrative segregation.
Inmates were not provided the advocate of their choice at the
disciplinary hearing and were denied witnesses.  The assigned
advocates did not conduct independent investigations of the
charge.  In addition, inmates were not permitted to use
institutional surveillance tapes in their defense.

Hunnicutt was transferred to Virginia pursuant to the
Interstate Corrections Compact.  During the six months he was
confined in Virginia, Hunnicutt received various sanctions for
minor infractions.  When he returned to Connecticut, these
infractions were used to generate further sanctions.  In

addition, the time Hunnicutt was confined in segregation in Virginia did not contribute to the time required for progress through the Connecticut phase program.

Inmates in administrative segregation were denied access to congregate religious services. Although they could speak with religious leaders, they had to do so through the cell door and were afforded no opportunity for private conversation. The library of general reading material within the unit was inadequate. Although inmates could file grievances, no receipts were provided and the grievances often were lost.

Hunnicutt was not provided a meaningful classification review as required under department policy. He could not participate in or be present at any reviews to determine whether he should be permitted to advance to the next phase of the three-phase program.

III. <u>Discussion</u>

Hunnicutt asserts seventeen claims in his amended complaint addressing the following areas: (1) indefinite confinement in Administrative Segregation; (2) forced participation in the mental health based phase program; (3) time spent in segregation in Virginia; (4) double-celling; (5) use of in-cell restraints, four-point restraints and excessive force; (6) the disciplinary hearing and appeal process; (7) conspiratorially planned

6

sanctions; (8) lack of recreation and outdoor exercise; (9)

denial of religious services; (10) inadequate personal reading

material; (11) inadequate grievance procedures; (12) lack of

meaningful classification review; (13) secret hearings; (14)

violation of personal privacy rights; (15) lack of psychological

evaluations and fraudulent mental health services; (16)

retaliatory punishment and (17) denial of medical treatment.[3]

---

[3]Hunnicutt also includes a section in the amended complaint
entitled Causes of Action.  In this section he restates his
claims in twenty-one causes of action and specifies the
constitutional right implicated in each claim: (1) his prolonged,
indefinite confinement in Administrative Segregation violated his
right to due process; (2) Administrative Directive 9.4(B) is
unconstitutional; (3) the manner in which the phase program is
used violates his right to due process; (4) the time he was
confined in segregation in Virginia violates his right to due
process; (5) and (19) the denial of religious services violates
his First Amendment rights; (6) the mandatory group therapy
sessions conducted as a part of the phase program violate his
Fourth Amendment right to personal privacy; (7) the forced
participation in the mental health bases phase program violates
his Eighth and Fourteenth Amendment rights; (8) the
conspiratorially planned disciplinary and appeal process violates
his Eighth and Fourteenth Amendment rights; (9) the biased secret
classification reviews conducted in his absence violate his due
process and Fourteenth Amendment rights; (10) the non-existent
semi-annual classification reviews for overall removal from
Administrative Segregation violate his due process and Fourteenth
Amendment rights; (11) the denial of access to the inmate
grievance procedure violates his due process and Fourteenth
Amendment rights; (12) conspiratorially planned disciplinary
sanctions violate his Eighth and Fourteenth Amendment rights;
(13) double-celling in cells designed for one person violates his
Eighth Amendment rights; (14) handcuffing one inmate while his
cellmate was unrestrained constitutes deliberate indifference to
a possible assault; (15) subjecting an inmate to in-cell
restraints for a period up to seventy-two hours without hygiene
items, proper bedding and clothing and access to the restroom