UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LLOYD GEORGE MORGAN, JR.           :
                                   :           PRISONER
        v.                         :   Case No. 3:01CV1107(CFD)(WIG)
                                   :
GOVERNOR JOHN G. ROWLAND, et al.   :

RULING AND ORDER

Plaintiff has filed two motions for preliminary injunction and temporary restraining order as well as a motion for reconsideration of the court's September 24, 2003 ruling. In addition, plaintiff has renewed his request for appointment of counsel.

"[I]nterim injunctive relief is an 'extraordinary and drastic remedy which should not be routinely granted.'" Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir. 1981) (quoting Medical Society of New York v. Toia, 560 F.2d 535, 538 (2d Cir. 1977)). In addition, a federal court should grant injunctive relief against a state or municipal official "only in situations of most compelling necessity." Vorbeck v. McNeal, 407 F. Supp. 733, 739 (E.D. Mo.), aff'd, 426 U.S. 943 (1976).

In this circuit the standard for injunctive relief is well established. To warrant preliminary injunctive relief, the moving party "must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a

likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." Brewer v. West Irondequoit Central Sch. Dist., 212 F.3d 738, 743-44 (2d Cir. 2000). Where the moving party seeks a mandatory injunction, i.e., injunctive relief which changes the parties' positions rather than maintains the status quo, or the injunction requested "will provide substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits," the moving party must make a stronger showing of entitlement. Brewer, 212 F.3d at 744 (internal quotation marks and citation omitted). A mandatory injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested" or where "extreme or very serious damage will result from a denial of preliminary relief." Abdul Wali v. Coughlin, 754 F.2d 1015, 1025 (2d Cir. 1985)(citations omitted).

Although a showing that irreparable injury will be suffered before a decision on the merits may be reached is insufficient by itself to require the granting of a preliminary injunction, it is nevertheless the most significant condition which must be demonstrated. See Citibank, N.A. v. Citytrust, 756 F.2d 273, 275 (2d Cir. 1985). To demonstrate irreparable harm, plaintiff must show an "'injury that is neither remote nor speculative, but

actual and imminent and that cannot be remedied by an award of monetary damages.'" Forest City Daly Housing, Inc. v. Town of North Hempstead, 175 F.3d 144, 153 (2d Cir. 1999) (quoting Rodriguez v. DeBuono, 162 F.3d 56, 61 (2d Cir. 1998)).

Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony are not required in all cases. See Drywall Tapers & Pointers Local 1974 v. Local 530, 954 F.2d 69, 76-77 (2d Cir. 1992). Where, as here, "the record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." 7 James W. Moore, et al., Moore's Federal Practice ¶ 65.04[3] (2d ed. 1995). Upon review of the record, the court determines that oral testimony and argument are not necessary in this case.

Preliminary injunctive relief is designed "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. See id.; see also Omega World Travel, Inc. v. Trans World Airlines,

3

111 F.3d 14, 16 (4th Cir. 1997) (reversing district court's granting of motion for preliminary injunctive relief because injury sought to be prevented through preliminary injunction was unrelated and contrary to injury which gave rise to complaint). In addition, a request for preliminary injunctive relief, even if it relates to the underlying merits of the claim, becomes moot if the inmate is transferred to a different correctional facility. See Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976) (holding that an inmate's request for declaratory and injunctive relief against correctional staff at a particular correctional institution becomes moot when the inmate is discharged or transferred to a different correctional institution); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (holding that inmate's claims for injunctive and declaratory relief concerning prison conditions were moot where prisoner had been moved to another prison unit).

In the first motion for preliminary injunctive relief, plaintiff states that he has been threatened by prisoners at Northern Correctional Institution and believes that he cannot proceed safely through the three-phase program to obtain his release from that facility. He seeks an injunction to ensure his safety at Northern Correctional Institution.

On November 19, 2003, plaintiff informed the court that he has been transferred from Northern Correctional Institution to

4

Cheshire Correctional Institution. Because plaintiff no longer is confined at Northern Correctional Institution, the relief requested is not needed at this time. Accordingly the first motion for preliminary injunctive relief is denied as moot.

In the second motion for preliminary injunctive relief, plaintiff seeks relief for alleged tampering with his legal mail and retaliation by correctional staff at Northern Correctional Institution. This motion is denied for two reasons. First, as noted above, plaintiff no longer is confined at Northern Correctional Institution. Second, plaintiff was not permitted to add claims regarding retaliation and interference with his mail to this action. Thus, these requests for preliminary injunctive relief are beyond the scope of this action.

Plaintiff also renews his request for appointment of counsel. In it ruling filed September 24, 2003, the court denied plaintiff's request for appointment of counsel and informed him that it would not revisit this issue until the service problems in this case have been resolved and the defendants responded to the complaint. As all defendant have not yet been served, plaintiff's request for appointment of counsel is denied without prejudice to renewal after all defendants have appeared and responded to the amended complaint.

Finally, plaintiff seeks reconsideration of the court's September 24, 2003 ruling.

5

The standard for granting a motion for reconsideration is strict. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. The function of a motion for reconsideration thus is to present the court with an opportunity to correct "manifest errors of law or fact or to consider newly discovered evidence . . . ." LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)), aff'd, 33 F.3d 50 (2d Cir. 1994).

In the September 24, 2003 ruling, the court denied plaintiff leave to file a second amended complaint adding new claims and many new defendants and denied several other pending motions. In his motion, plaintiff expresses his disagreement with this ruling, but has not identified any relevant law or facts overlooked by the court. Thus, after review of the prior ruling and plaintiff's motion, the requested relief is denied.

In conclusion, plaintiff's "Motion for a Temporary Restraining Order and a Preliminary Injunction and Motion for Rene'al of Plaintiff Motion for Appointment of Counsel of Doc. #6-1, Entry Date 6-29-01 with Memorandum and Doc. #59-1 Memorandum for Appointment of Counsel" [doc. #97-1, 97-2] and

6

"Motion for a Temporary Restraining Order and a Motion for a Preliminary Injunction and Motion for Court Review and Effective Remedy" [**doc. #98-1, 98-2, 98-3**] are **DENIED**. Plaintiff's "Motion of Objection to This Court Ruling and Order Doc. #107 Dated September 24th 2003" [**doc. #110**], which the court construes as a motion for reconsideration of the referenced ruling, is **GRANTED** but the requested relief is **DENIED**.

    **SO ORDERED** this 22nd day of March, 2004, at Hartford, Connecticut.

                                                    Christopher F. Droney
                                                    United States District Judge