UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LLOYD GEORGE MORGAN, JR. | : |
| | :     PRISONER |
| v. | :     Case No. 3:01CV1107(CFD)(WIG) |
| | : |
| GOVERNOR JOHN G. ROWLAND, et al. | : |

## RULING AND ORDER

This ruling considers five motions filed by plaintiff and one motion filed by defendants.

Defendant Butler moves to adopt the motion to dismiss filed by the other defendants in this case. Defendant Butler's motion is granted.

Plaintiff's first motion asks the court to provide him effective access to the courts. He identifies problems effective service on all defendants. After this motion was filed, the court granted plaintiff *in forma pauperis* status and has instructed the U.S. Marshal to effect service on the remaining defendants. All defendants now have appeared. Thus, any requests regarding service of the amended complaint now are moot. In addition, plaintiff asks the court to appoint counsel. This request is considered below.

Plaintiff has filed a motion asking the court to tell him, page by page, all of the deficiencies in the operative complaint and indicate whether each deficiency may be corrected by amendment. When the court conducts its initial review of a pro se prisoner complaint, the court should not dismiss the complaint without affording the plaintiff an opportunity to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Gomez v. USAA

Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999).  Here, however, the court is not conducting a sua sponte review.  Defendants have identified possible grounds for dismissal in their motion.  Thus, plaintiff is aware of the possible grounds for dismissal.  While the court affords pro se litigants some latitude and liberally construes their allegations, the court, it will not provide the detailed legal advice requested in this motion.  Plaintiff's request for notice of deficiencies is denied.  His request for appointment of counsel is considered below.

Plaintiff has filed two motions specifically seeking appointment of counsel.  In addition, he has included a supplemental request for appointment of counsel in two other motions.  Plaintiff notes that the court previously stated that he could renew his request for appointment of counsel after defendants responded to the complaint.  On March 1, 2004, defendants filed a motion to dismiss.

When deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance."  Id.  In Cooper v. Sargenti, the Second Circuit cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit." Cooper v. A. Sargenti Co., 877 F. 2d 170, 173-73 (2d Cir. 1989).  The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim."  Id. at 171.

Plaintiff argues that his claims have merit because an attorney from the Connecticut Civil Liberties Union filed a has expressed an interest in becoming involved regarding at least one issue in this case.  Defendants have moved to dismiss this action on several grounds.  If they were to prevail, the case necessarily would be dismissed without

consideration of the merits of the claims.  Thus, until the court resolves the motion to dismiss, it cannot determine that plaintiff's claims possess the required likely merit.  Accordingly, plaintiff's requests for appointment of counsel are denied.

Plaintiff also seeks an extension of time to respond to the motion to dismiss.  Plaintiff's motion is granted.  Plaintiff shall file his response within twenty days from the date of this order.

In conclusion, defendant Butler's Motion to Adopt [**doc. #146**] and plaintiff's motion for extension of time [**doc. #136**] are **GRANTED**.  Plaintiff's Renewed Motion for Appointment of Counsel and Motion for Effective Access to the Court [**doc. #135**], letter motion for appointment of counsel [**doc. #147**], Motion for Notice of Deficiencies of this Pending Complaint and Motion for this Court Reconsideration [**doc. #144**] and Motion for Court to Grant Remedy and Order that Plaintiff be Granted Effective Access to the Courts in this Case [**doc. #115**] are **DENIED**.  Plaintiff may renew his request for appointment of counsel at a later stage of litigation.

Plaintiff is directed to file his response to defendants' motion to dismiss within **twenty (20)** days from the date of this order.  In addition, defendants are directed to file their response to plaintiff's motion for injunctive relief [doc. #123] within **twenty (20)** days from the date of this order.

**SO ORDERED**.

Entered this 20th day of May, 2004, at Bridgeport, Connecticut.

*/S/ William I. Garfinkel*
WILLIAM I. GARFINKEL
UNITED STATES MAGISTRATE JUDGE
