UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Lloyd George Morgan | : | PRISONER |
| | | 3:01CV1107(CFD)(WIG) |
| v. | : | |
| John G. Rowland, et al | : | JUNE 8, 2004 |

**MEMORANDUM IN OPPOSITION TO MOTION FOR INJUNCTIVE RELIEF**

The defendants in the above-captioned matter hereby oppose the plaintiff's motion dated December 19, 2003, and entitled "Motion for Court Order that his Legal Property to this Case be Return[ed] to Plaintiff, and Motion for Court Order to End the Constant Retaliation". The defendants oppose for three reasons. First, the allegations plaintiff makes in his motion regarding the behavior of Captain Saundry and other correctional officials at Cheshire Correctional Institution (hereinafter "Cheshire") are unrelated to both the defendants and the allegations that are the subject of the above-captioned matter. Secondly, no irreparable harm is alleged, and third, the plaintiff's very motion and attachments belies his allegations that he does not have access to legal papers that have been filed and that he is unable to pursue this matter.

**Alleged Facts:**

The plaintiff claims that he has been denied access to legal materials and that, like the correctional officials before them, the correctional officials at his current institution, Cheshire, are harassing him and retaliating against him for filing complaints about this alleged harassment.

**Argument:**

As this Court itself noted in a previous application by the plaintiff in this matter for injunctive relief, "[I]nterim injunctive relief is an 'extraordinary and drastic remedy which

should not be routinely granted.'" *Morgan v. Rowland,* Ruling and Order, March 23, 2004, Docket No. 142, *quoting Buffalo Forge Co. v. Ampco-Pittsburgh Corp.,* 638 F.2d 568, 569 (2d Cir. 1981), *quoting Medical Society of New York v. Toia,* 560 F.2d 535, 538 (2d Cir. 1977). Moreover, "a federal court should grant injunctive relief against a state or municipal official 'only in situations of most compelling necessity.'" *Id. quoting Vorbeck v. McNeal,* 407 F. Supp. 733, 739 (E.D. Mo.), *aff'd,* 426 U.S. 943 (1976).

In order to grant either a preliminary injunction or a temporary restraining order, the plaintiff must demonstrate:1/

> [N]ot only that he is likely to suffer irreparable injury if relief is denied but that there is either (1) a likelihood of success on the merits or (2) a sufficiently serious question going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the plaintiff's favor.

*Proctor & Gamble Co. v. Cheesborough-Pond's, Inc.,* 747 F.2d 114, 118 (2d Cir. 1984).

A showing of irreparable harm is "an absolute requirement for an award of injunctive relief." *Stewart v. U.S. Immigration and Naturalization Service*, 762 F.2d 193, 199 (2d Cir. 1985). "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough to justify injunctive relief." *Id*. The plaintiff must establish that "the alleged threats of irreparable harm are not remote or speculative but are actual and imminent." *New York v. Nuclear Regulatory Commission*, 550 F.2d 745, 775 (2d Cir. 1977). Here, the plaintiff is unable to establish any great likelihood of irreparable harm either of the sort that will ultimately justify money damages or of the sort that justifies injunctive relief.

---

1/   The standard for the granting of a temporary restraining order and a preliminary injunction is the same. *Local 1814, International Longshoremen's Association, AFL-CIO v. New York Shipping Association, Inc.,* 965 F.2d 1224, 1228 (2d Cir.), *cert. denied,* 506 U.S. 953 (1992).

The plaintiff alleges no threat so imminent as to justify injunctive relief in this matter. The United States Supreme Court has established a "minimum intrusion" policy into the decisions of State prison administrators that provides these officials with wide discretion in the operation of prison facilities. *Procunier v. Martinez,* 416 U.S. 396 (1974). Both the United States and this State's Supreme Courts have correctly recognized the unique security concerns raised by lawful incarceration. Thus, the Court must consider that:

> Prison administrators are responsible for maintaining internal order and discipline, for securing their institutions against unauthorized access or escape, and for rehabilitating, to the extent that human nature and inadequate resources allow, the inmates placed in their custody. The Herculean obstacles to effective discharge of these duties are too apparent to warrant explication. Suffice it to say that the problems of prisons in America are complex and intractable, and, more to the point, they are not readily susceptible of resolution by decree. Most require expertise, comprehensive planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. For all of those reasons, courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform. Judicial recognition of that fact reflects no more than a healthy sense of realism.

*Procunier v. Martinez,* 416 U.S. 396, 404-05, 94 S.Ct. 1800 (1974); *Washington v. Meachum,* 238 Conn. 692, 733-34, 680 A.2d 262 (1996). "Prison life, and relations between the inmates themselves and between the inmates and prison officials or staff, contain the ever-present potential for violent confrontation and conflagration." *Wolff v. McDonnell,* 418 U.S. 539, 561-62, (1974).

Responsible prison officials must be permitted to take reasonable steps to forestall such a threat, and they must be permitted to act before the time when they can compile a dossier on the eve of a riot. *Procunier v. Martinez*, 416 U.S. 396, 404-05 (1974); *see also*, *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Bell v. Wolfish*, 441 U.S. 520, 545-48 (1979); *Meachum v. Fano*, 427 U.S. 215, 228-9 (1976). In *Farmer v. Brennan*, the Supreme Court reiterated that, "Of course, a

District Court should approach issuance of injunctive orders with the usual caution . . . and may, for example, exercise its discretion if appropriate by giving prison officials time to rectify the situation before issuing an injunction."  511 U.S. 825, 846 (1994), *citing Bell v. Wolfish, supra.*

In this case, the plaintiff seeks to effect by judicial decree the alleged behavior of persons not a party to this action and not subject to this Court's jurisdiction.  This Court has previously denied injunctive relief to a plaintiff when the "requests for injunctive relief are beyond the scope of this action."  See Ruling, Docket No. 142, p. 5.  The claims against Cheshire officials are likewise beyond the scope of this action.  "The Court must have in personal jurisdiction over a person before it can validly enter an injunction against him."  *Bourguignon v. Spielvogel,* 2004 U.S. Dist. LEXIS 5479, (D. Conn. March 29, 2004) (Droney, *J.*), attached, *citing Doctor's Assocs., Inc. v. Reinert & Duree, P.C.,* 191 F.3d 297, 302 (2d Cir. 1999).

Moreover, any injury the plaintiff claims is not of the sort of injury that is irreparable.  The plaintiff does not claim any current threat to his health or safety, but rather claims that he lacks access to legal materials for this lawsuit and that he was placed in Segregation for thirty days, which presumably is over.

The subject motion itself belies plaintiff's claimed lack of access to his documents and lack of ability to file motions.  He filed with the Court a motion with several attachments.  He has not requested, and the defendants would not object to, any motion for additional time during which he might collect and organize his legal materials.

The plaintiff's motion should be denied.  The plaintiff's very allegations are insufficient, even taking them as true, to obtain injunctive relief of any sort.[2]

---

[2]   "Although a hearing is generally required on a properly submitted motion for preliminary injunction, oral argument and testimony are not required in all cases." *Bourguignon v. Spielvogel,* 2004 U.S. Dist. LEXIS 5479, (D. Conn. March 29, 2004) (Droney, *J.*), attached, *citing Drywall Tapers & Pointers Local 1974 v. Local 530,* 954 F.2d 69, 76-77 (2d Cir. 1992).  When "the record before a district court permits it to conclude that there is no factual dispute

                                          DEFENDANTS
                                          John G. Rowland, et al

                                          RICHARD BLUMENTHAL
                                          ATTORNEY GENERAL

BY:   /s/_____
       Lynn D. Wittenbrink
       Assistant Attorney General
       110 Sherman Street
       Hartford, CT  06105
       Federal Bar #ct08575
       lynn.wittenbrink@po.state.ct.us
       Tel: (860) 808-5450
       Fax: (860) 808-5591

---

which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." *Id.*, *citing* 7 James W. Moore, et al., Moore's Federal Practice P65.04[3] (2d ed. 1995). *See also Taylor v. Rowland,* 2004 U.S. Dist. LEXIS 1556 (D. Conn. Feb. 2, 2004), attached; *Lebron v. Commissioner John Armstrong,* 289 F. Supp.2d 56, 59-60 (D. Conn. 2003); *Nicholson v. Murphy,* 2003 U.S. Dist. LEXIS 22165 (D. Conn. Sep. 19, 2003), attached.

5

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 8th day of June 2004:

Lloyd George Morgan, # 117796
Cheshire Correctional Institution
900 Highland Ave.
Cheshire, CI  06410

    /s/_____
Lynn D. Wittenbrink
Assistant Attorney General