UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
LLOYD GEORGE MORGAN, JR.         :
                                 :          PRISONER
        v.                       :  Case No. 3:01CV1107(CFD)(WIG)
                                 :
GOVERNOR JOHN G. ROWLAND, et al. :
```

RULING AND ORDER

Plaintiff has filed a document entitled "Motion for Extension of Time and Motion for Access to: Law Library and Person Trained at Law and Motion for Access to: Unlimited Legal Phone Calls, and Motion of Objection to Courts Ruling and Order." For the reasons that follow, plaintiff's motion is denied.

On March 1, 2004, defendants filed a motion to dismiss this action. On March 8, 2004, plaintiff filed a motion for appointment of counsel and a motion for extension of time until 30 days after the court ruled on his motion to respond to the motion to dismiss. On March 10, 2004, the court issued a notice informing plaintiff of his obligation to respond to the motion within 21 days and cautioning him that if no response were received, the court would consider the merits of the motion. On March 15, 2004, plaintiff filed a 59-page objection to a letter submitted by defendants' counsel and requested appointment of counsel to respond to the motion to dismiss. On April 5, 2004,

plaintiff filed a document entitled "Motion for Notice of Deficiencies of this Pending Complaint and Motion for this Court Reconsideration" in which he asked the court to specifically inform him of any deficiencies in this action. On May 20, 2004, the court denied plaintiff's motion for appointment of counsel and directed him to file his response to the motion to dismiss within 20 days.

In his current motion, plaintiff seeks an additional 90 days to respond to the motion to dismiss. He states that he did not receive the May 20, 2004 ruling until the Clerk sent him a second copy on July 2, 2004. Plaintiff cites one instance where he received an order directed to another prisoner instead of the ruling docketed the same day in his case and attempts to blame the court staff for his failure to receive the ruling. There is no basis for an assumption that this occurred.

The motion to dismiss, filed on March 1, 2004, has been pending for nearly five months. Plaintiff has been aware of his obligation to respond to the motion for that entire time. In addition, plaintiff is not a novice litigant. He has filed 14 cases in federal court since 1992. Thus, he is aware that he has no constitutional right to counsel in a civil matter and that, even if he files a motion for appointment of counsel, he is not excused from litigating his case. See, e.g., Cooper v. A. Sargenti Co., 877 F.2d 170, 172-74 (2d Cir. 1989) (per curiam)

(noting that there is no constitutional right to counsel at a civil trial); Martin-Trigona v. Lavien, 737 F.2d 1254, 1260 (2d Cir. 1984) (holding that party has no constitutional or statutory right to counsel in a civil case).

Plaintiff has filed two document addressing, in part, defendants' motion to dismiss.  Accordingly, his request for extension of time is denied.  Plaintiff shall file any supplemental response on or before August 20, 2004.  Plaintiff is cautioned that if no response has been received by the court by August 23, 2004, the court will consider defendants' motion on the current record.

Plaintiff also revisits his requests for appointment of pro bono counsel.  The court previously has addressed these requests and determined that, in light of the pending motion to dismiss, it cannot determine that plaintiff's case has likely merit, a clear prerequisite to appointment of counsel.  See Cooper v. A. Sargenti Co., 877 F. 2d 170, 173-74 (2d Cir. 1989); see also Machadio v. Apfel, 276 F.3d 103, 107-08 (2d Cir. 2002). Plaintiff was informed that he could renew his motion at a later stage of litigation.  Accordingly, the court will not revisit these arguments at this time.

Finally, plaintiff ask the court to order that he be provided access to persons trained in the law and at least four legal phone calls per day during business hours.  Plaintiff's

requests are denied. Contrary to plaintiff's reading, he is not entitled to the assistance of persons trained in the law at all times while his case is pending. The Supreme Court guarantees this right only to enable prisoners to file cases in court that are not so technically deficient that the court will not consider the merits of the inmate's claims. See <u>Lewis v. Casey</u>, 518 U.S. 343, 355 (1996) (disclaimed any requirement that prison officials ensure that inmates have sufficient resources to litigate effectively once their claims are brought before the court). In addition, plaintiff has not demonstrated why he cannot contact prospective attorneys by mail. Thus, plaintiff's motion [doc. #154] is denied.

Plaintiff also has filed two motions seeking appeal packages and reconsideration of the dismissal of this action. Plaintiff is misinformed. This case has not been dismissed. As indicated above, the court has given plaintiff one final extension of time to respond to the motion to dismiss.

Plaintiff also seeks relief regarding delivery of his legal mail. He states that failure to timely deliver his mail resulted in the dismissal of this action. As indicated above, this case has not been dismissed. Thus, the request is denied. In addition, plaintiff states in the title of the motion that he seeks relief from "defendant State of Connecticut." The State of Connecticut is not a defendant in this case. Accordingly, the

4

court cannot order its actions.  See <u>Doctor's Assocs., Inc. Reinert & Duree, P.C.</u>, 191 F.3d 297, 302 (2d Cir. 1999); 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2956, at 335 (2d ed. 2001) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction.").  Plaintiff's request is denied.

Plaintiff may appeal once a final judgment has been entered in this case.  When that occurs, plaintiff will receive a copy of the judgment and the appropriate appeal papers.  Accordingly, plaintiff's motions [docs. ##156, 157] are denied.

In conclusion, plaintiff's motion [**doc. #154**] is **DENIED**.  Plaintiff is directed to file any supplemental response on or before **August 13, 2004**.  Plaintiff is cautioned that if no response has been received by the court by August 16, 2004, the court will consider defendants' motion on the current record.  Plaintiff's motions [**docs. ## 156, 157**] are **DENIED**.

**SO ORDERED** this 4th day of August, 2004, at Bridgeport, Connecticut.

       /s/
       WILLIAM I. GARFINKEL
       UNITED STATES MAGISTRATE JUDGE