Page 1

United States DIstrict Court
District of Connecticut        FILED

2004 AUG -5 P 5: 11

U.S. DISTRICT COURT

LLoyD GEORGE MORGAN, JR        Case No, # 3:01 CV 1107 (CFD)(WIG)

V.

GOVERNOR JOHN G. ROWLAND, ETAL. Date 7-28-2004

"MOTION FOR A MORE CLEAR Court reply AND Remedy"

1.) Now Comes the Pro-se plaintiff LLoyd George Morgan, JR
In the Above intitled Case moves this Court in the best interest of
Justice respectfully ask of this Court to make Clear what
the inclosed Court Electronic order is it says 1 of 2 pages
at THE Bottom of it and THere IS NO 2 pages to it? also
Plaintiff never received a ELECTRONIC ORDER Befor and
seeks that THIS COURT MAKE CLEAR why it did a ruling this
way? this Court ORDER its Clerks to inclose
Doc.#149 and Doc.#146. these ORDERS I Dont believe was
all inclosed as this Court ORDER I am attaching or
Inclosing all I was sent. I Just Recieve'd this order
today of July 28, 2004. THe order Dated APRIL 22nd 2004
By Hon. DROney, was THe first time I ever seen or got it.

2.) Because of THe problem with the File and plaintiffs
needs to be able to reply to this case, he Request that
this Court GRANT him a set of copies of any and
All Exhibits of THe ones mention and the ACCepted
Pending Amended Complaint

Page 2

3.) Plaintiff sent his only copies of Ethibits with his accepted Amended Complaint and is in poverty and cant afford to pay for the copying of those items. Plaintiff also Request that Judges Droney and Garfinkel make a Denovo Review of any and all Rulings it made in this case withing the past 6 months up to date. and motions and letters it responded to Plaintiff Believe it may Be Possible that this Court Pro-se Paralegal Judges Clerks have intentionally Been Biased in its Rulings and responding for you and you have Rubber Stamped illegal Rulings that deny me Appointment of Counsel or Access to the Courts or who may Be Prejudice against Prisoners Cases Something is very wrong.

4.) this Court should investigate if their Staff went to school or is Friends with any of the Defendants in this case or (AAG) Lynn D. Wittenbrink or was recommended thair Job Position By any of them cause there has Been a intentional Biased or indifferent By the Staff who reply to the motions this Court sign off on it will all fall Back on this Court By the 2nd Cir. Appellate Court. is why you should Rectify and end this form of illegal Corruption in the handling of this case By This Court and its Staff.

5.) Plaintiff moves to ADOPT. any and all LEGAL ARGUMENTS IN the INClosed AMICUS CURIAe BRIEF Filed By THE AMERICAN CIVIL LIBERTICS UNION National PRISON PROJect OF AMERICAN (ACLU) Atty. DAVID C. FATHi Filed IN Plaintiff JOHN AUER, .V. WILLIAM DONAT et al No#-02-16 720 Plaintiff ask that THESE ARGUMENTS Be allowed So that his Case do Not Be DISMISSed, Said BRIEF IS INClosed Plaintiff, also ask this Court to ReCATIFY ITS STAFF delAys IN Geting this Courts Rulings and ORDers out timely INClosed Court ORDER IS dated 7-14-04 Plaintiff Just RecIeved it 14 days Latter OF 7-28-04 this Court STAFF WILL CAUSE INJURY to Plaintiff Case IF THIS IS Not Stoped and Different STAFF APPointed to this File.

6.). also (CClu) Atty. ANNette M. Lamoreaux is under the IMPRESSION this Case Has Allready Been DISMISSed See HER Letter INClosed to Plaintiff Dated July 8, 2004 Plaintiff ask that this Court send a Notice to Her that the Case IS Not DISMISSed as she may want to File a Amicus OF ISSues this Court MAY have over Looked, Plaintiff ReQuest EmeRgency APPointment OF Counsel to PROPER Amend the Complaint and Put PROPER exhibits and reply to the pending motion to DISMISS.

Page 4

7.) THIS COURT MUST GRANT Some FORM OF
Remedy So Plaintiff CAN Have JUSTICE and his
day in COURT it CAN ORDER INMATE LegAl
asst. PROGRAM to GRANT PERSON TRAINED at Law
to Assist Plaintiff IN this Case Plaintiff write
Judges DRONEY AND GARFINKEL Dated 7-15-04 About
his Emergency needs See a copy of that Letter inclosed
Plaintiff Also write ~~Execent~~ executive Atty. SCHULMAN
OF (ILAP) For Emergency Help in the inclosed Dated
7-15-04. and to (D.O.C) Commissioner LANTZ About
this matter Dated also the same See inclosed.
(ILAP) Refused Plaintiff any and help in this case
in the inclosed Letter from Atty. RICHARD P. CAHILL,
Dated. November 3, 2004.

8.) THIS COURT Should SO Note Clearly that (CCLU)
Atty. Philip D. Tegeler Filed a AMICUS BRIEF IN this
Case. THAT Shows the Case does have Legal Grounds
to go forward on that issue and I am intitled
to collect Compansation or Damages due to what was
Done, So How Could (ILAP) Legally Deny me Help
OR. THIS COURT? this Court Should So note that
Atty. FRANK J. RICCIO Reviewed the Complaint and
Said the case HAD a Good OPPORTUNITY to Be Awarded
Money DAmages See his Letter to me Dated
September 20, 2002. this COURT MUST GRANT Same FORM
OF Remedy Plaintiff NEVER Got THE NEW extension of
time Re! to THE INCLOSED ORDER

Page 5

9.) Plaintiff will ask this Court these questions
How Could this Court sit by and see the illegal
Corruption of Inmates LEGAL ASST. PROGRam
Attys. and the office of the Attorney Generals
and State of CT. (D.O.C.) Contrack and allow
them to Lie to Prisoners telling them they Dont
HAVE a case and Refuse to Help them with out
ORDering a F.B.I. CIVIL Rights INVEStigation
into this illegal Corruption or even Refuse to
Appoint Cunsel to plaintiff like me in a Good Case
Like this? unless this Court and its STAFF
    SUPPORT such Corruption its self?
Plaintiff ask that this Court use its wisdom to GRant
Some Form of Remedy. Plaintiff Request a Complete
Docket Sheet of THIS Case as he is in Poverty.
Plaintiff THANKS this Court.

By The Plaintiff Lloyd George
LLoyd George Morgan, JR# 117796
CHeShire Correctional Institution
900 HIGHLAND AVe
CHeShire, CT 06410

Page 6

## CERTIFICATION

THIS IS to CERTIFY that a COPY of THE Foregoing Motion was mailed postage Pre-Paid on 7-29-2004 to all Parties of record as so Noted Bellow.

OFFice of Attorney GeneRALS
(AAG) Lynn D. Wittenbrink
. 110, Sherman Street
. HARTFORD, CT 06105

Connecticut Civils Liberties union Foundation
. Atty. Annette M. Lamoreaux
. 32 GRAND street
. HARTFORD, CT 06106

By The plaintiff, Lloyd George Morgan Jr.
MR. Lloyd George Morgan JR.
Cheshire C.I. # 117796
900 HIGHLAND Ave
Cheshire, CT 06410

# Orders on Motions

3:01-cv-01107-CFD Morgan v. Rowland, et al

### U.S. District Court

### District of Connecticut

Notice of Electronic Filing

The following transaction was received from Osborne, M. entered on 7/14/2004 at 3:29 PM EDT and filed on 7/14/2004

**Case Name:**        Morgan v. Rowland, et al
**Case Number:**      3:01-cv-1107
**Filer:**
**Document Number:** 153

**Docket Text:**
ELECTRONIC ORDER: Plaintiff's "Motion for Correction and Motion for Court Investigation" (Doc. # 149) is GRANTED in part and DENIED in part. The Clerk is directed to send Plaintiff the correct ruling, docket #146, and extend any deadlines if a response is required. Since the Court has determined the correct ruling that should have been mailed to plaintiff, plaintiff's request for further investigation is DENIED. The Clerk is directed to send plaintiff a copy of Doc. #146 with this ruling. Signed by Judge William I. Garfinkel on 7/14/04. THIS ELECTRONIC NOTICE IS THE ONLY NOTICE THE COURT WILL ISSUE.(Murphy Osborne, M.)

The following document(s) are associated with this transaction:

**3:01-cv-1107 Notice will be electronically mailed to:**

Annette M. Lamoreaux    annettel@cclu.org,

Lynn D. Wittenbrink    lynn.wittenbrink@po.state.ct.us,

**3:01-cv-1107 Notice will be delivered by other means to:**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT  FILED

2004 APR 22  P 12: 41

U.S. DISTRICT COURT
HARTFORD, CT.

LLOYD GEORGE MORGAN, JR.        :

    v.                              :     PRISONER
                                :     Case No.3:01CV1107(CFD)(WIG)

GOVERNOR JOHN ROWLAND, et al.  :

## ORDER

The clerk is hereby ordered to docket the defendant's letter, dated March 30, 2004, and its

attachments, as a motion for appointment of counsel.

SO ORDERED this _22nd_ day of April 2004, at Hartford, Connecticut.

_____
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**

3:01-cv-1107(CFD)

Lloyd George Morgan
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

"Exhibit A."

# LAW OFFICES
# OF
# SYDNEY T. SCHULMAN

**Administrative Director**
Sydney T. Schulman, Esq.

**Managing Attorney**
Jane Starkowski

## INMATES' LEGAL ASSISTANCE PROGRAM

**Staff Attorneys**
Richard P. Cahill
Peter Downs
Jessica J. York
Michael A. Rubino, Jr.
Kenneth J. Speyer
Jenna M. Edmundson

November 3, 2003

Mr. Lloyd George Morgan, Jr.
#117796
Northern CI
287 Bilton Road
P.O. Box 665
Somers, CT 06071

## Re: Morgan v. Rowland, No. 3:01CV1107 (CFD) (WIG)

Dear Mr. Morgan:

This letter will serve as confirmation of the fact that Inmates' Legal Assistance Program is unable to assist you in the above-referenced matter.

Very truly yours,

Richard P. Cahill
Attorney at law

LAW OFFICES OF

# FRANK J. RICCIO, LLC

P.O. BOX 491 • BRIDGEPORT, CT 06601-0491 • (203) 333-6135
TELECOPIER: (203) 333-6190

FRANK J. RICCIO*
FRANK J. RICCIO, II
AGUSTIN SEVILLANO

OFFICE LOCATION:
923 EAST MAIN STREET
BRIDGEPORT, CT 06608-1914

*ADMITTED: CT & NY
BOARD CERTIFIED
CRIMINAL TRIAL ADVOCACY

September 20, 2002

Lloyd George Morgan
Inmate # 117796
Northern Correctional Institution
287 Bilton Road
PO Box 665
Somers, CT 06071

RE:     **Morgan v. Rowland et al.**
        Docket No. 3:01CV1107(WIG)(CFD)

Dear Mr. Morgan:

I am in receipt of your letter dated September 6, 2002. Please be advised that I have taken the time to review the materials that you have provided to my office. I do think that you have done a fine job compiling this complaint together.

Despite not knowing very much about the facts of your case, I don't see any weak or unpersuasive points that are presented in your complaint. If the facts as you state them can be proven and substantiated, you have a good opportunity to be awarded money damages.

(As a side issue, be advised that if you do win money damages, the Bureau of Prisons will place a lien on any successful recovery you have. That lien typically is for your "costs of incarceration" and, depending on your period of incarceration, could total over one hundred thousand dollars).

At this point in time, the pro bono caseload in my office is already overloaded. As a result, my office cannot assist you in this matter.

I do wish you the best of luck in the future.

Very truly yours,

FRANK J. RICCIO II

(1)

Dear Hon. Judge William I. Garfinkel Date 7-15-2004 and Christopher F. Droney, I Greet you in the name of the most High God! and Pray he is Blessing your Lives my Name is Mr. Lloyd George Morgan, JR and I am Presently incarcerated at Cheshire Correctional ~~Freed~~ Protective Custody unit, I respectfully write you regards to Morgan V. Rowland, ET. Al Case No 3'.01CV1107(CFD)(WIG) my 42 U.S.C. 1983 Complaint is Before this Court, on or About 2-27-2004 (AAG) Lynn D. Witterbrink filed a motion to Dismiss of 3 Giant Sections very Complex. the Inmate's Legal Asst. Program atty's Richard P. Cahill, and his Supervisors denied me any help in this Case and Have made it Hard for me to defend this Complex case (CCLU) atty. Philip D. tegeler Filed a Brief in the case and then Left (CCLU) who made Clear to me they will Not Help any further For years I Have wrote many firms seeking Pro-Bono Counsel in this Case all Have refused ethere Based on the fact I couldn't pay them or there Case Load was to Hevey or that they will only accept Prisoners Cases in the Court Appoint Counsel and the Clerks Call or write them, to me this Case is to Complex I Have No use of a Law Library or Persons trained in Law and even If I Had a Law Library It would Be of No Big Help as I Now Need a Person trained in Law to Prepair a response to the pending motion to Dismiss, this Court made a oath and Promise to uphold the Law and Grant Equality and Justice and Due Process and Civil Rights to every Citizen of the U.S.A.



I am at a Big DISADVANTAGE, I am intitled Persons Trained at Law or Legal help in a situation as mines this case is surely complex with mental HEALTH issues and virous issues of merit value, with respect to <u>Chriceol V. Phillips</u> 169 F3d 313 (5th CIR. 1999) and <u>Morello V. James</u> 816 F.2d 344-47 2nd CIR. 1987 and <u>Bounds V. Smith</u> 430 U.S. 817 (1977) and <u>Lewis V. Casey</u>, 815 U.S. 135 LED 2d 606, 116 SCt — (1996) I am intitled to Persons trained at Law and or usage of a Law Library with respect to the Promise made By Congress in state of Connecticut General statute 18-81 to provide Prisoners with effective access to the Courts as the state of CT. Department of Corrections is not Providing or ("AG") office But conspire with (ILAP) to close me out of the court system, this court <u>must</u> <u>not</u> <u>sit by</u> and allow this <u>evil</u> • injustice to <u>take place</u> No Human Being should Be Denied <u>his</u> <u>or</u> <u>her</u> civil rights and effective access <u>to</u> <u>the</u> <u>courts</u> <u>as</u> <u>I</u> <u>am</u> <u>Being</u> <u>Denied</u> I ask that this Court order (ILAP) to help PrepAir a objection for me or that It Appoint's me counsel to represent this case, this court is not Properly taking what the Appeals court ment when and when not to Appoint counsel I Pray this court will Not Just dismiss this case cause I can't reply to the complet motion But GRANT Remedy. Please reply

CC. Comm. Lantz.
CC (ILAP)
cc (AAG) Lynn D. Wittenbrink...

Yours Truly
Mr. Lloyd George Morgan, Jr

Dear Executive Sydney T. Schulman    Date 7-15-2004
Your staff Have intentionally Denied me effective
access to the courts and to Help me file a
    Motion of Objection to the pending motion
to Dismiss in my case titled MORGAN V. Rowland,
et al Case No. 3:01 CV1107 (CFD)(WIG) the issues Are
to complex and I Cant reply with out (ILAP)
Help I ask and Appeal to you seeking that
    You order then to Help me and Not cause
Injury to my cases see my letter inclosed
to Judges Droney and Garfinkel About this case
Inclosed and to comm. Lantz, office please
Rectify these matters. thank you for your time
                        Yours Truly
                    Mr. Lloyd George Morgan, JR
                        #117796 (CCI) (PC) NB622 Cell

CC. (AAG) Lynn D. Wittenbrink
CC. Comm. Theresa C. Lantz.
CC. Judges Droney and Garfinkel
    LGm/Filed

DEAR Comm. THERESA C. LANTZ.        Date 7-15-2004
Its my understanding that the state of CT, Congress
created Connecticut General Statute 18-81 to see
that I would Be Granted effective access to
the Courts and I Have a Case titled MORGAN V.
ROWLAND, et al Case No 3.01CV1107 (CFD)(WIG)
in Federal Courts Befor Judges DRoney and
GARFiNKeL, and a Complet motion to DISMISS is
Pending Dated 2-27-2004 By the ("AG") office and
the Inmate's LeGAL assistance Program attorneys
Have Denied me Any and all Help to Defend this Case
and Reply to the Courts and pending motion to
DISMISS as I need Persons trained in Law to
reply to it I wrote Executive Schulman and
the Judges for Remedy, Please see that I am
Granted the Help By (ILAP) that I need, If any
injury Happens to this Case, I will Consider a
Suit against you and (ILAP) For these actions
Please  see inClosed and Rectify thank you
                    Yours Truly
                    MR. Lloyd GeorGe MORGAN, JR
                    #117796 NB622 (PC)(CCI)
CC. HoA. Judges DRoney, & GARFiNKeL
CC. (ILAP) Executive Sydney T. Schulman,
CC. (AAG) Lynn D. Witterbrink
CC. LGM/Filed

NO. 02-16720

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

JOHN AUER,

Plaintiff/Appellant,

v.

WILLIAM DONAT, et al.,

Defendants/Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Case No. CV-N-99-0190-DWH(VPC)

Honorable David W. Hagen

## AMICUS CURIAE BRIEF OF THE NATIONAL PRISON PROJECT
## OF THE AMERICAN CIVIL LIBERTIES UNION AND
## THE AMERICAN CIVIL LIBERTIES UNION OF NEVADA
## IN SUPPORT OF PLAINTIFF/APPELLANT URGING REVERSAL

David C. Fathi
National Prison Project of the
 American Civil Liberties Union
 Foundation
733 15th St. N.W., Suite 620
Washington, DC 20005
(202) 393-4930

## IDENTITY AND INTEREST OF AMICUS

The American Civil Liberties Union (ACLU) is a nationwide, nonprofit, nonpartisan organization of more than 400,000 members dedicated to the principles of liberty and equality embodied in the Constitution and this nation's civil rights laws. The ACLU established the National Prison Project in 1972 to protect and promote the civil and constitutional rights of prisoners. The American Civil Liberties Union of Nevada is one of the ACLU's state affiliates.

A motion for leave to file this amicus curiae brief is filed herewith.

## INTRODUCTION

Plaintiff/Appellant John Auer, a Nevada state prisoner, alleges in this lawsuit that on February 28, 1998, corrections officers at Ely State Prison used excessive force on him. In his first cause of action, he alleges that this incident violated his federally protected rights, and seeks various remedies.[1]

It is undisputed that plaintiff filed two grievances about this incident with the prison grievance system, and appealed them through all four levels of that system. See Order, July 22, 2002 (hereinafter "Order"), at 6-9.[2] However, the

---

[1] This amicus brief addresses only plaintiff's first cause of action.

[2] The undersigned counsel does not have access to the Excerpts of Record, and is therefore unable to provide citations to those Excerpts.

1

district court held that plaintiff had nevertheless failed to exhaust available administrative remedies as to this cause of action, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). The district court explained:

> Plaintiff did not exhaust "such administrative remedies as are available." See 42 U.S.C. § 1997e(a). In this lawsuit, with respect to his first cause of action, plaintiff seeks compensatory damages, punitive damages, medical care, rehabilitation, vocational training, and declaratory relief (stating that defendants violated plaintiff's constitutional rights). Plaintiff did not seek any of these remedies by administrative means; plaintiff sought only an investigation and dismissal of the officers involved.
>
> Furthermore, NRS 209.243 allows for the recovery of damages by prisoners in Nevada by administrative means. Plaintiff did not take advantage of that administrative remedy.

Order at 9. Because plaintiff "seeks remedies in this action that he did not seek in his grievances," id. at 10, the district court held that plaintiff had not exhausted administrative remedies as to his first cause of action, and granted summary judgment to all defendants.

As explained below, the district court's ruling was erroneous, and the grant of summary judgment on plaintiff's first cause of action should be reversed.

## ARGUMENT

I. **Plaintiff was not required to seek in his grievance all remedies he eventually sought in his lawsuit.**

PLRA's exhaustion requirement provides as follows:

> **§ 1997e. Suits by prisoners**
> **(a) Applicability of administrative remedies**
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

In <u>Booth v. Churner</u>, 532 U.S. 731 (2001), the Supreme Court considered the scope of PLRA's exhaustion requirement – specifically, "whether an inmate seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." <u>Id</u>. at 734. The Court observed that "one 'exhausts' processes, not forms of relief," and concluded that "Congress meant to require procedural exhaustion regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible." <u>Id</u>. at 739. <u>See</u> <u>also</u> <u>id</u>. at 741 n. 6 ("Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues").

In short, under <u>Booth</u>, the relief the prisoner seeks is entirely irrelevant in

3

determining whether he is required to exhaust administrative remedies. Unless the administrative procedure "lacks authority to provide any relief or to take any action whatsoever in response to a complaint," exhaustion is required. <u>Booth</u>, 532 U.S. at 736. The logic of <u>Booth</u>, then, is that the prisoner is required to put his <u>complaint</u> – not a particular request for relief – before prison authorities for resolution. It is for those authorities to decide what remedies are available to the grievant. <u>See</u> <u>Booth</u>, 532 U.S. at 737 (noting that even when a prisoner seeks money damages that the grievance system cannot provide, "requiring exhaustion in these circumstances would produce administrative results that would satisfy at least some inmates who start out asking for nothing but money, since the very fact of being heard and prompting administrative change can mollify passions even when nothing ends up in the pocket").

Indeed, the Seventh Circuit has recognized that the requirement imposed by the district court here is invalid under <u>Booth</u>. "[N]o administrative system may demand that the prisoner specify each remedy later sought in litigation – for <u>Booth v. Churner</u>, 532 U.S. 731 (2001), holds that § 1997e(a) requires each prisoner to exhaust a <u>process</u> and not a <u>remedy</u>." <u>Strong v. David</u>, 297 F.3d 646, 649-50 (7th Cir. 2002) (emphasis in original; parallel citations omitted). <u>See</u> <u>also</u> <u>Burton v. Jones</u>, 321 F.3d 569, 575 (6th Cir. 2003) ("it is sufficient for a court to find that a

4

prisoner's [grievance] gave prison officials fair notice of <u>the alleged mistreatment or misconduct</u> that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint") (emphasis added, citing <u>Strong</u>).

The Nevada Department of Prisons grievance procedure that was in effect when plaintiff filed his grievances (AR 740, effective date 1/21/92, hereinafter "AR 740") contains no hint that a prisoner must specify each form of relief he seeks. A grievance is defined simply as "[a]n individual complaint filed by an inmate." AR 740 at 1. When the grievance policy is silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. ... [T]he grievant need not lay out the facts, articulate legal theories, or demand particular relief." <u>Strong</u>, 297 F.3d at 650.

<u>Irvin v. Zamora</u>, 161 F.Supp.2d 1125 (S.D. Cal. 2001), is similar to the case at bar. In <u>Irvin</u>, the prisoner-plaintiff filed suit alleging that prison staff had sprayed pesticides into his housing unit. As in this case, it was undisputed that he had filed and appealed two grievances, in which he sought an investigation of the incident and disciplinary action against the staff involved. <u>Id.</u> at 1133. Defendants argued that these grievances were insufficient to allow the plaintiff to pursue his lawsuit, but the court disagreed:

5

Plaintiff ... requested that the prison conduct an investigation of the facts. As a result, the facts were investigated and developed, and the prison had an opportunity to exercise its discretion or correct any errors as appropriate under the circumstances. Under the facts presented, there is nothing to indicate that officials would have done anything differently if plaintiff pursued more specific claims against the individuals responsible for the spraying of pesticides. In other words, plaintiff's grievances were sufficient under the circumstances to put the prison on notice of the potential claims and to fulfill the basic purposes of the exhaustion requirement. <u>As long as the basic purposes of exhaustion are fulfilled, there does not appear to be any reason to require a prisoner plaintiff to present fully developed legal and factual claims at the administrative level.</u>

<u>Irvin</u>, 161 F.Supp.2d at 1134-35 (emphasis added). Other courts have also rejected arguments similar to those defendants advance here. See <u>Baskerville v. Blot</u>, 224 F.Supp.2d 723, 730 (S.D.N.Y. 2002) (plaintiff could pursue claim for excessive force when his grievance had mentioned the incident but did not request any remedy); <u>Jones'El v. Berge</u>, 172 F.Supp.2d 1128, 1134 (W.D. Wis. 2001) (rejecting contention that further exhaustion was required before motion for preliminary injunction could be brought; "[a]ny claim for relief that is within the scope of the pleadings may be litigated without further exhaustion"); <u>Williams v. Wilkinson</u>, 122 F.Supp.2d 894, 899 (S.D. Ohio 2000) (rejecting argument that "each claim at each stage [of the grievance process] must parallel each and every claim in the federal complaint").

6

There is no indication, in either the text or the legislative history of PLRA, that Congress intended the exhaustion requirement to create a set of arcane procedural traps through which uncounseled prisoners would be barred from pursuing meritorious claims.  Rather, the purpose of PLRA's exhaustion requirement is to "afford[] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Porter v. Nussle, 534 U.S. 516, 524-25 (2002).  As long as this essential purpose is fulfilled, courts have refused to allow the exhaustion requirement to become a snare of forfeiture by barring prisoners from the federal courts because of arguable technical defects in their grievances.  See, e.g., Kikumura v. Hurley, 242 F.3d 950, 956 (10th Cir. 2001) (rejecting argument that prisoner failed to exhaust because of variance between allegations of grievance and allegations of lawsuit); Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000) (rejecting argument that defendants who had not been named in prisoner's grievance could not be named in lawsuit); Nyhuis v. Reno, 204 F.3d 65, 77-78 (3d Cir. 2000) ("compliance with the administrative remedy scheme will be satisfactory if it is substantial"); Miller v.

Tanner, 196 F.3d 1190, 1193-94 (11th Cir. 1999) (prisoner's failure to sign and date grievance was not fatal).[3]

The leading Supreme Court case on whether a defense of failure to exhaust is available despite a final administrative ruling rejecting plaintiff's claim is Sims v. Apfel, 530 U.S. 103 (2000). The plaintiff in that case challenged a denial of Social Security benefits. After her claims were denied by a state agency and an Administrative Law Judge, she requested review by the Social Security Appeals Council, by completing a form provided by the Social Security Administration. The Council denied review. The plaintiff filed suit, but was unsuccessful in the district court. The Fifth Circuit affirmed the denial of relief, rejecting plaintiff's first contention on the merits, and holding that two other contentions could not be reviewed because the plaintiff had failed to make these arguments before the Appeals Council. Sims v. Apfel, 200 F.3d 229 (5th Cir. 1998).

---

[3]A contrary interpretation would thwart the will of PLRA's Congressional sponsors, who made clear their wish that meritorious prisoner lawsuits be allowed to proceed. See, e.g., 141 Cong. Rec. H1472-06, at H1480 (Rep. Canady) ("These reasonable requirements will not impede meritorious claims by inmates but will greatly discourage claims that are without merit"); 141 Cong. Rec. S7498-01, at S7526 (Sen. Kyl) ("If we achieve a 50-percent reduction in bogus Federal prisoner claims, we will free up judicial resources for claims with merit by both prisoners and nonprisoners"); 141 Cong. Rec. S14,611-01, at S14,627 (Sen. Hatch) ("Indeed, I do not want to prevent inmates from raising legitimate claims").

In the Supreme Court, the Commissioner of Social Security, like the defendants here, argued that the final decision plaintiff had received during the administrative review process failed to qualify as administrative exhaustion on the claims she wished to pursue in court. Sims v. Apfel, 530 U.S. at 107. The Supreme Court disagreed, and rejected imposition of an "issue exhaustion" requirement. Ruling that requirements of issue exhaustion were "largely creatures of statute," id., the Court reasoned that neither the statute nor the regulations specified such a requirement, and that it was undesirable to read such a requirement into the rules where the administrative proceeding in question was not closely analogous to normal adversarial litigation. Proceedings before the Appeals Council were informal and nonadversarial, briefs were permitted but not required, and the Council did not rely on claimants, who were frequently not represented by a lawyer, to identify particular issues for review. Id. at 108, 110-12.

Similarly here, the PLRA contains no requirement that the plaintiff seek in his grievance each form of relief he ultimately wishes to seek in court. And the Nevada DOP grievance system is even less formal and less comparable to adversarial litigation than the administrative process involved in Sims. The grievance policy does not provide for briefs, does not provide for representation by counsel, and does not tell grievants that they must seek particular forms of

9

relief as a prerequisite to filing suit. See AR 740. Just as in Sims these factors counseled against imposition of an "issue exhaustion" requirement, here they similarly counsel against imposition of the novel "relief exhaustion" requirement advocated by defendants.

The Supreme Court has cautioned that "technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers initiate the process." Love v. Pullman Co., 404 U.S. 522, 527 (1972). And this Court has repeatedly recognized this reality in the context of Title VII of the Civil Rights Act of 1964 which, like PLRA, contains a requirement that plaintiffs exhaust administrative remedies before filing suit. See 42 U.S.C. § 2000e-5(e), (f). "We construe the language of EEOC charges with utmost liberality since they are made by those unschooled in the technicalities of formal pleading." B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1100 (9th Cir. 2002) (citations, internal quotation marks omitted). In B.K.B., the Court held that a Title VII plaintiff could pursue her claim for sexual harassment, although her charge was "exceedingly sparse" and did not mention sexual harassment. 276 F.3d at 1100-01, 1103. "We must keep in mind that complainants filing discrimination charges are acting as laypersons and should not be held to the higher standard of legal pleading by which we would review a civil complaint." 276 F.3d at 1103. See also Deppe v.

United Airlines, 217 F.3d 1262, 1266-67 and n. 21 (9th Cir. 2000) (citing examples

of liberal construction of EEOC charges).[4]

   If this is true of Title VII charges drafted by free persons, it is all the more

true of grievances drafted by prisoners. The Supreme Court has cautioned that

complaints prepared by uncounseled prisoners, "however inartfully pleaded are

held to less stringent standards than formal pleadings drafted by lawyers." Hughes

v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520

---

   [4]Federal courts have repeatedly used Title VII's exhaustion requirement as
an aid to construing § 1997e(a). See Jackson v. District of Columbia, 254 F.3d
262, 268 (D.C. Cir. 2001); Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999),
cert. denied, 532 U.S. 1065 (2001); Underwood v. Wilson, 151 F.3d 292, 294 (5th
Cir. 1998); Jones'El v. Berge, 172 F.Supp.2d 1128, 1132 (W.D. Wis. 2001). In
Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), the Court suggested that B.K.B.
had treated the Title VII exhaustion requirement as jurisdictional. The Wyatt
Court added, "As we have held previously, however, the PLRA exhaustion
requirement does not affect our subject matter jurisdiction. See Rumbles v. Hill,
182 F.3d 1064, 1068 (9th Cir. 1999). Accordingly, our Title VII jurisprudence
does not affect the analysis here." 315 F.3d at 1117 n. 9. However, the B.K.B.
Court never expressly held that the Title VII exhaustion requirement is
jurisdictional, and both the Supreme Court and this Court have held that it is not.
See Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982); Stache v.
International Union of Bricklayers, 852 F.2d 1231, 1233 (9th Cir. 1988). Compare
Sommatino v. United States, 255 F.3d 704, 708 (9th Cir. 2001) (while
"administrative exhaustion requirements under Title VII are not jurisdictional,"
"substantial compliance with the presentment of discrimination complaints to an
appropriate administrative agency is a jurisdictional prerequisite") (emphasis in
original). In any event, amici submit that this Court's liberal construction of
EEOC charges filed by unrepresented persons counsels similar treatment of
grievances filed by pro se prisoners.

(1972); internal quotation marks omitted). This Court has emphasized that the
<u>Haines</u> rule "particularly applies to complaints and motions filed by pro se
prisoners." <u>Zichko v. Idaho</u>, 247 F.3d 1015, 1020 (9th Cir. 2001). Indeed, this
Court has required that, before dismissing a <u>pro se</u> complaint, "the district court
must provide the litigant with notice of the deficiencies in his complaint in order
to ensure that the litigant uses the opportunity to amend effectively." <u>Ferdik v.
Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992).[5]

But these protections for <u>pro se</u> prisoner litigants once they are in court are
meaningless if such litigants find the courthouse door barred by hypertechnical
pleading requirements in the grievance system. To import such technicalities,
which far exceed the pleading requirements imposed on lawyers by the Federal
Rules of Civil Procedure, into grievance systems designed to be used by
uncounseled, sometimes illiterate prisoners, and then use those technicalities to
limit the relief that can be sought in a subsequent lawsuit, goes far beyond the

---

[5]Prisoners, as a group, are far less educated and less literate than the general
population. The National Center for Education Statistics reported in 1994 that
seven out of ten prisoners perform at the lowest literacy levels. Karl O. Haigler, <u>et
al.</u>, U.S. Dept. of Educ., <u>Literacy Behind Prison Walls: Profiles of the Prison
Population from the National Adult Literacy Survey</u>, xviii, 17-19 (1994). Indeed,
the plaintiff in this case alleges that he suffers from dyslexia and is illiterate. <u>See</u>
Order at 9-10.

12

requirements of § 1997e(a), and flies in the face of Supreme Court and Circuit precedent.[6]

Plaintiff filed not one but two grievances complaining that corrections officers used excessive force on him, and appealed these grievances through all available levels of appeal.  Defendants concede that as a result of these grievances, prison officials had the opportunity to take action, and in fact did take action, on plaintiff's complaints.  See Def. Br. at 13.  PLRA requires nothing more.

## II. Plaintiff was not required to exhaust state tort claim procedures.

The district court held that the PLRA required plaintiff to exhaust the state tort claim procedure set forth in Nev. Rev. Stat. § 209.243 as a prerequisite to filing suit.  But such a ruling is foreclosed by this Court's holding in Rumbles v. Hill, 182 F.3d 1064, 1069-70 (9th Cir. 1999), that exhaustion of state tort claim procedures is not required.  Reviewing the legislative history of the PLRA, the Court concluded that "Congress had internal prison grievance procedures in mind

---

[6]Congress is presumed to legislate against the background of existing law, and when it legislates in an area but does not address a particular subject, it indicates its intention to leave the law on that subject undisturbed.  See Dept. of Housing and Urban Develop. v. Rucker, 535 U.S. 125, 122 S. Ct. 1230, 1234 n. 4 (2002); Edelman v. Lynchburg College, 535 U.S. 106, 122 S. Ct. 1145, 1151-52 (2002).  There is no indication in the PLRA that Congress intended to disturb the well-established rule that administrative and court filings by unrepresented persons are to be liberally construed to do substantial justice.

when it passed the PLRA," and "there is no indication that [Congress] intended prisoners also to exhaust state tort claim procedures." Rumbles, 182 F.3d at 1069.

Nev. Rev. Stat. § 209.243 is indistinguishable from the California state tort claim procedure at issue in Rumbles. Compare Nev. Rev. Stat. § 209.243(2) (claim must be submitted to State Board of Examiners) with Rumbles, 182 F.3d at 1069 (claim must be submitted to California State Board of Control). Because Nev. Rev. Stat. § 209.243 provides for claims to be presented to the State Board of Examiners, it is not an "internal prison grievance procedure[]," and plaintiff was not required to exhaust this procedure before filing his lawsuit.[7]

Even if plaintiff were required to exhaust the procedure set forth in Nev. Rev. Stat. § 209.243, he has done so. The district court held that a prisoner can make a claim under Nev. Rev. Stat. § 209.243 by "using the normal grievance form (the form that plaintiff in fact used twice)." Order at 9. Defendants adopt this position on appeal. Def. Br. at 11. It is undisputed that plaintiff filed two

---

[7]While it is clear under Rumbles that plaintiff was not required to exhaust the procedure set forth in Nev. Rev. Stat. § 209.243, it is also worth noting that the grievance policy contains no mention of that statute, or indeed any hint that other administrative remedies are available. See AR 740. "An institution cannot keep inmates in ignorance of the grievance procedure and then fault them for not using it. A grievance procedure that is not made known to inmates is not an 'available' administrative remedy." Hall v. Sheahan, 2001 WL 111019 at *2 (N.D. Ill., Feb. 2, 2001).

14

grievances regarding the incidents of February 28, 1998.  He thus satisfied the requirements of Nev. Rev. Stat. § 209.243.[8]

## CONCLUSION

The district court's entry of summary judgment on plaintiff's first cause of action should be reversed.

Respectfully submitted this ____ day of May, 2003.

_____
David C. Fathi
National Prison Project of the
 American Civil Liberties Union
 Foundation
733 15th St. N.W., Suite 620
Washington, DC 20005
(202) 393-4930

Attorney for Amici

---

[8]For all the reasons set forth in § I, supra, even if plaintiff were required to exhaust the procedure set forth in Nev. Rev. Stat. § 209.243, he was not required to specify the remedies he was seeking.

15

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 29(d) and 9th Cir. R. 32-1, I certify that the attached amicus brief is proportionally spaced, has a typeface of 14 points or more and contains 7000 words or less.

Dated this _____ day of May, 2003.

_____
DAVID C. FATHI

CERTIFICATE OF SERVICE

I certify that on this _____ day of May, 2003, a copy of the foregoing

**AMICUS CURIAE BRIEF OF THE NATIONAL PRISON PROJECT OF**

**THE AMERICAN CIVIL LIBERTIES UNION AND THE AMERICAN**

**CIVIL LIBERTIES UNION OF NEVADA IN SUPPORT OF**

**PLAINTIFF/APPELLANT URGING REVERSAL** was served by first class

U.S. Mail, postage prepaid, on:

John M. Auer
DOC No. 42105
Ely State Prison
P.O. Box 1989
Ely, NV 89301

Richard Carmichael
DOC No. 64615
Ely State Prison
P.O. Box 1989
Ely, NV 89301

and by first class U.S. mail, postage prepaid, and by telefacsimile on:

Andrea H. Nichols
Deputy Attorney General
100 N. Carson Street
Carson City, NV 89701-4717
(775) 684-1108 (fax)

_____
DAVID C. FATHI