Side 1

FILED

United States District Court
District of Connecticut

2004 AUG 17 P 4: 42

LLOYD GEORGE MORGAN, JR   Case No. 3:01cv1107(CFD)(WIG)
V
GOVERNOR JOHN G. ROWLAND, ET. AL.   Date 8-9-2004

### Supplemental Motion of Objection to Defendants Motion to Dismiss

1.) Now comes the Pro-se Plaintiff Lloyd George Morgan, JR in the above intitled case, respectfully attempts to comply with this Honorable Court order to file a objection on or about 8-13-2004 or 8-16-2004. Plaintiff states, he does not have a copy of Defendants motion to dismiss as its with the firm that agreed to help me file a proper objection as stated in the inclose motion for extension of time. But Plaintiff will do the best he can with no Law Library or help.

2.) Plaintiff respectfully objects to Defendants motion to dismiss this action, as Plaintiff gave a clear statement from paragraphs 27-34. Clearly states that Defendant's as clearly named put him in a unsafe living situations and that said named Defendants failed to act and effect Plaintiff any remedy but forced him to remain in the cell with inmate Wylie till he was released from Prison,

Side 2

3.) do to the unsafe Handcuffing Policies and Prisoners attacking each other as one is in Restraints and the other one is not and said situations as mention could have cause Plaintiff to be brutally assaulted. Defendants need not intentionally put Plaintiff in unsafe Living Conditions, Plaintiff need not first be assaulted or hurt before the Courts or Prison officials act but that the risk of Harm is all that is required to claim a cause of Action Plaintiff cite a cause of Action based on Dixon v. Godinez, 114 F3d 640 (7th Cir. 1997) Prison Conditions which might not ordinarily violate Eight Amendment may nonetheless do so if it persist over extended period of time, and also by Defendants Butler, LaJoie, and all said Defendants stating that Defendant Armstrong says they could not seperate me and inmate Wylie unless we fight it out is clearly unconstitutional. and cites a cause of Action.

4.) In so doing the Defendants inflicted psychological pain on Plaintiff He Cites a case under Perkins v. Kansas Dept. of Corr. 165 F3d 803 (10th Cir. 1999) Infliction of psychological pain can violate Eight Amendment Prohibition against cruel and unusual punishment.

5.) Plaintiff Has Exhausted his Administrative Remedies and its clear by the mention Exhibits in the Amended Complaint as in this Courts File that it Should Review, Plaintiff ask that this Court Grant a Need DeNovo Review of the whole Amended Complaint and any and all Exhibits to show He Stated a Claim Case and Statement as Required to State How all Named Defendants Are Liable for their actions
See: U.S. V. KIND, 194 F3d 900 (8th Cir. 1999)
See: FROST V. SYMINGTON, 197 F3d 348 (9th Cir. 1999)
   Pro-Se Prisoners Litigant's pleadings must Be Construed Liberally on motion for Summary Judgement or to Dismiss. See: U.S. V. Seeing, 234 F3d 456 (9th Cir. 2000)
See: URBINA V. Thomas, 270 F3d 292 (6th Cir. 2001)
When Court rules on a motion to dismiss, the allegations in Pro-Se petition must be taken as true.
See: COOPER V. PATE, 378 US 546, 12 LEd2d 1030, 84 Sct. 1733 (1964)

6.) See: FRDON V. HENRY, 91 F3d 370 (2nd Cir. 1996)
    See: DANZER V. NORDEN System, INC. 151 F3d 50 (2nd Cir. 1998) at Summary Judgement all Factual Inferences must be resolved in Favor of Nonmovant Party.

Side 4

7.) See: Nodia V. Shiley Inc. 240 F3d 1149 (9th Cir. 2001) Summary Judgement is not proper if material factual issues exist for trial.
See: Leleux V. U.S., 178 F3d 750 (5th Cir. 1999)
Lowrey V. Texas A. And M. University System, 117 F3d 242 (5th Cir. 1997) motion to dismiss for failure to state a claim is viewed with disfavor and rarely granted.
SEE: Hernandez V. City of El Monte, 138 F3d 393 (9th Cir. 1998) Dismissal is harsh penalty and therefore should only be imposed in extreme circumstances.
SEE: US EX REL Thompson V. Columbia / HCA Health Care Corp, 125 F3d 899 (5th Cir. 1997)

8.) Plaintiff makes clear to this Court that his issues are not moot because he was transferred from Northern C.I. Prison, as since he has been there 2 times allready in the past and his History of big problems and being retaliated against and his probation period he could be returned to Northern C.I., if he gets DR. tickets and would be put back in the same situation so his issues are not moot.

Side 5

9.) Plaintiff states as mentioned in the complaint by said Defendants as are clearly named and stated Denied Plaintiff proper effective recreation without restraints, knew Plaintiff is over whight and has High Blood Pressure and Diabetics, Denying Plaintiff proper excercise and Human recreation as clearly outlined for this Court in the complaint Violated Plaintiff Eignth and 14th Amendment rights, also Due to Defendants Armstrong and Myers, Coates, Whidden, Matos, LaJoie, Creating such a illegal policies or Following such a illegal policies knowing it violated Clearly Established Law, was unconstitutional and cause Plaintiff Injuries in the recreation Yard as if Plaintiff was not chained up he would not have got injured based on a policy that caused this.

10.) Plaintiff states that He did Exhaust his Administrative Remedies the the Prison Grievances System regards to this issues, He need not name every little issue or staff name since it was not a law suit and Plaintiff Request to adopt. Any and all Legal Arguments in in closed Amicus Curie Brief Brief in John Auer V. William Donat, et al No. 02-16720.

Side 6

11.) By the American Civil Liberties Union National Prison Project Atty. David C. Fathi, from page 1-17. Plaintiff ask that the Court apply these legal standards where applicable to his case as inclosed. Plaintiff also ask that this Court also apply the legal principles in the inclosed Amicus Brief done by atty. Tegeler in this case of MORGAN V. ROWLAND, et al. 3:01CV1107(CFD)(WIG) from 1-8. is why Plaintiff recreation and restraints claims must or should not be dismissed. Plaintiff state that even if this Court feels this issue is moot due to his transfer he should still be allowed to sue for damages for those wrongs done to him. Defendants are not intitled to immunity See: CAMERON V. I.R.S. 773 F2d 126 (1985) MITCHELL V. FORSYTH, 472 U.S. 511, 86 LEd 411, 105Ct 2806 (1985) The Attorney Generals and I.R.S. Agents do not have Absolute immunity.

12.) Defendants Rowland, and Armstrong, and Mates/Myers was made clearly aware of the Defendants actions and failed to rectify or investigate. Defendant Rowland hired Armstrong, and Mates, and Myers and had a duty to end such illegal policies and had knowledge of all issues in the complaint but failed to rectify.

side 7

13.) Thus he knew or they knew or should have known that their actions was unconstitutional and acted with deliberate indifference and should be held accountable. See: CAMILO-ROBLES V. HOYOS, 151 F3d 1 (1st Cir. 1998) A deliberately indifference police supervisor may be held liable for the constitutional violations of his subordinates. See: WILSON V. SPAIN, 209 F3d 713 (8th Cir. 2000) These claims should not be dismissed.

14.) Plaintiff claims that all medical defendants have denied him needed mental health care is valid and plaintiff have filed grievances and exhausted his administrative remedies to these issues and clearly made it clear in his complaint how each defendant is liable as clearly in this court file as clearly stated in Exhibits 22 through 32 of any and all psychiatric medical reports and grievances and reports where it was said not to be a grievable issue by Wollenhaupt. Plaintiff is intitled to mental health care and have still been denied this needed care his issues are sever. Please keenly review the file and complaint and all inclosed. All medical defendants are liable this claim should stand.

Side 8

15.) Plaintiff objects and state his statement is enough to give the Court enough information to the facts on a mental Health issues and Exhibits in court file and with this motion is enough to show the Court who is at fault and what it should do. Its clearly established that Plaintiff suffers from a real sincere mental Health Defect and its clearly establish law that Defendants must provide Him with a treatment plan and Confidental privacy and not discriminate against Plaintiff. this court can liberally construe this matter. Plaintiff is intitle to collect or seek damages and relief regards to these issues, and it should stand.

16.) Plaintiff states that Defendants Helberg, Johnson, Delvalle, Diaz was County Sheriffs at GA#14 Hartford Superior Court House and conspired and threaten to assault and attack the Plaintiff way ahead of time before the day in question Plaintiff wrote a Complaint to Defendant Rowland seeking protection and a investigation He failed to act to prevent it

side 9

17.) After having clear knowledge of the threats, do to him not acting to prevent it said Defendants Discriminated against plaintiff and carried out the assault and attack on plaintiff thus using excessive force, as clearly stated in the complaint and the statement of the eyewitness Dean Daniels. These Defendants are not prison officials and there is no grievance system in prison for them plaintiff filed complaints against them properly as motion this action should stand plaintiff clearly objects to any and all issues raised in Defendants motion to Dismiss and ask this court to keenly review the complaint and exhibits in the court file to see if any reason why plaintiff case should not be dismissed.

18.) Plaintiff ask that this court order defendants to file a answer to the complaint plaintiff objects to any and all dismissal of this case and defendants and reserves the right to appeal all issues if dismissed.

Side 10

19.) Plaintiff ask that this Court Review Plaintiff motion for extension of time for those reasons so noted Plaintiff thanks this Court.

By The Plaintiff _Lloyd G. Morgan Jr._
Mr. Lloyd George Morgan, Jr
#117796
Cheshire C.I.
900 Highland Ave
Cheshire, CT 06410

## CERTIFICATION

This is to Certify that a Copy of this Forgoing was mailed on Date 8-10-2004 to all Parties of Record as so noted Below

Office of Attorney Generals
(AAG) Lynn D. Wittenbrink
110 Sherman St
Hartford, CT 06105

Connecticut Civil Liberties Union
Atty. Annette Lamoreaux
32 Grand St
Hartford, CT 06106

By the Plaintiff _Lloyd G. Morgan Jr._
Mr. Lloyd George Morgan Jr #117796
Cheshire C.I.
900 Highland Ave
Cheshire CT 06410