| State of Connecticut Department of Correction | DIRECTIVE NUMBER 2.17 | EFFECTIVE DATE May 10, 2002 | PAGE 1 OF 5 |
|---|---|---|---|
| ADMINISTRATIVE DIRECTIVE | SUPERSEDES: Employee Conduct - 3/15/00 | | |
| APPROVED BY | TITLE: Employee Conduct | | |

1. **Policy.** Each employee of the Department of Correction shall engage in appropriate and ethical conduct while carrying out official duties and while engaged in off duty activities which directly reflect on the Department.

2. **Authority and Reference.**    "Exhibit 38-A."

   A. Connecticut General Statutes, Sections 1-80 through 1-89, 5-266a through 5-268, 18-81, 53a-65, 53a-71 and 53a-73a.
   B. American Correctional Association, Standards for Administration of Correctional Agencies, Second Edition, April 1993, Standards 2-CO-1C-01 and 2-CO-1C-04.
   C. American Correctional Association, Standards for Adult Correctional Institution, Third Edition, January 1990, Standards 3-4061 and 3-4067.
   D. American Correctional Association, Standards for Adult Local Detention Facilities, Third Edition, March 1991, Standards 3-ALDF-1A-21, 3-ALDF-1C-15 and 3-ALDF-1C-23.
   E. American Correctional Association, Standards for Adult for Probation and Parole Field Services, Third Edition, August 1998, Standard 3-3047.
   F. American Correctional Association, Standards for Correctional Training Academies, Standard 1-CTA-1C-01.
   G. Hatch Act, 5 USC, Sections 1501 through 1508.
   H. Administrative Directives 6.2, Facility Post Orders and Logs; 9.6, Inmate Grievances; and 10.7, Inmate Communication.

3. **Definition.** For the purposes stated herein, the following definition applies:

   **Immediate Family.** A spouse, parent or step parent, child or step child, grandparent or step grandparent, sibling or step sibling, grandchild or step grandchild.

4. **Employee Responsibility.** Each employee of the Department shall act in a professional, ethical and responsible manner.

   **Chain of Command.** Each Department employee shall become familiar with the tables of organization depicting the Department and Unit chain of command. Each employee shall show respect to any ranking member of the Department and shall obey any lawful order of a supervisor. An employee given an instruction or order which conflicts with a previous instruction or order shall inform the present supervisor of the conflict and follow the order as directed.

| DIRECTIVE NO. 2.17 | EFFECTIVE DATE May 10, 2002 | PAGE 2 | OF 5 |
|---|---|---|---|
| TITLE | Employee Conduct | | |

5. <u>Standards of Conduct</u>.

   A.  Each Department employee shall:

   1. Comply with all federal and state laws, regulations and/or statutes, Department and Unit Directives and lawful instructions/orders.
   2. Enforce all rules, regulations and policies of the Department as appropriate.
   3. Ensure that a safe, secure and sanitary work environment is maintained.
   4. Remain alert, aware of, and responsive to the surroundings at all times.
   5. Remain on assigned post until properly relieved and/or remain at worksite as required.
   6. Comply with official notices and roll call and other instructions.
   7. Meet all employee responsibilities for dependability.
   8. Report any arrest, or receipt of any summons received from a law enforcement agency or court, and subsequent disposition, including conviction, to an appropriate supervisor on or by the next scheduled work day following the arrest, but no later than 48 hours of the arrest or receipt of summons. This requirement shall not apply to summons received for minor traffic violations. An employee shall submit supporting documentation of arrest, receipt of summons or disposition. Any employee on extended leave shall report any arrest or receipt of summons, and subsequent disposition, including conviction, to the Unit Administrator within 48 hours.
   9. Inform the appropriate supervisor and the Human Resources Unit, in writing, of any change of address and/or telephone number within 48 hours.
   10. Report any condition or use of medication the employee is taking which may affect job performance or judgment to an appropriate supervisor.
   11. Report any medication brought into the worksite and maintain any personal property and medication in a secure manner.
   12. Act in a professional manner showing respect to other employees and the public.
   13. Respect and protect the rights of inmates.
   14. Maintain good stewardship of all state property and equipment.
   15. Maintain appropriate demeanor at all times.
   16. Be courteous and accommodating in all dealings with the public, to include telephone etiquette.
   17. Within no later than 48 hours report in writing to a supervisor when a friend or relative is or becomes incarcerated.
   18. Cooperate fully and truthfully in any inquiry or investigation conducted by the Department of Correction and any other law enforcement or regulatory agency.
   19. Appropriately file information as required by the State Ethics Commission.

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE | OF |
|---|---|---|---|
| 2.17 | May 10, 2002 | 3 | 5 |

TITLE: Employee Conduct

20. Report immediately any threat, act of intimidation, harassment, physical or verbal abuse or assault to a supervisor.

B. The following behavior shall be strictly prohibited:

1. Any act that jeopardizes the security of the unit, health, safety, or welfare of the public, staff or inmates.
2. Excessive or unnecessary use of force.
3. Unauthorized possession of non-department issued firearms or other weapon while on duty or state property.
4. Convey unauthorized items into or out of a facility, or other correctional unit.
5. Sleeping or inattentiveness while on duty.
6. Unauthorized distractions while on duty, e.g., reading materials, radios or televisions.
7. Abuse of sick time, accrued leave or workers' compensation.
8. Report to work under the influence of alcohol or illicit drugs, or consume alcohol while on duty or while in uniform.
9. Enter into a correctional unit when off duty unless previously authorized.
10. Engage in abusive or obscene language, threats and/or intimidating behavior.
11. Engage in unprofessional or illegal behavior, both on and off duty, that could in any manner reflect negatively on the Department of Correction.
12. Engage in any activity, which would conflict with the proper discharge of or impair the independence of judgment in the performance of duty.
13. Engage in bartering, gambling or games of chance with inmates.
14. Engage in retaliation or reprisal against an inmate for engaging in activities that are protected by law or directive. Such protected activities include, but are not limited to: filing a grievance in accordance with Administrative Directive 9.6, Inmate Grievances; accessing courts; and engaging in privileged correspondence in accordance with Administrative Directive 10.7, Inmate Communication.
15. Engage in undue familiarity with inmates which includes, but shall not be limited to, the following:

    a. any sexual contact between a staff member and an inmate and/or person under the Department's supervision, or continuing criminal sanction (e.g., parole, probation);
    b. sexualizing a situation without physical touching such as partaking in activities involving suggestive or pornographic photographs, suggestive or explicit letters or behavior which provides sexual gratification;
    c. holding a position of supervisory or disciplinary authority and participating in sexual behaviors or undue familiarity with an inmate as defined in (a),

| DIRECTIVE NO. 2.17 | EFFECTIVE DATE May 10, 2002 | PAGE 4 OF 5 |
|---|---|---|
| TITLE | Employee Conduct | |

    d. personal involvement in an inmate's private or family matters outside assigned professional duties;
    e. performance of personal favors for inmates outside assigned professional duties;
    f. discuss with an inmate any matter pertaining to the inmate's crime(s) or the crime(s) of other inmates (except as required pursuant to official business);
    g. discuss with an inmate personal and/or business matters of other staff;
    h. discuss security operations of a facility with an inmate;
    i. inconsistently enforced facility rules to favor an inmate or group of inmates;
    j. have personal work done by an inmate;
    k. visit, correspond with or accept telephone calls from an inmate who is under the custody of the Department (except for an immediate family member **and** when authorized by the Facility Administrator);
    l. house an inmate who is under the custody of the Department (e.g., while inmate is on furlough, community release, continuing criminal sanction, etc.), at the staff member's home (except for an immediate family member **and** when authorized by the Facility Administrator); and
    m. enter into a personal or business agreement with an inmate, including, but not limited, to acting as a bail bondsman for an inmate.

16. Engage in behavior which is sexually, emotionally, or physically abusive toward the public, staff or inmates.
17. Unauthorized appropriation or use of any property belonging to the public, state or an inmate.
18. Release of any confidential information or unauthorized or inaccurate release of information, records, or documents.
19. Falsification, unauthorized alteration, or destruction of documents, log books, and other records, including job applications.
20. Use official position, uniform, identification or badge to gain any personal advantage or an advantage for another in any improper or unauthorized manner.
21. Engage in conduct that constitutes, or gives rise to, the appearance of a conflict of interest.
22. Unauthorized acceptance of any item or service for oneself or family members, including but not limited to, a gift, loan, political contribution, reward or promise of future employment.
23. Engage in any political activities, which conflict with state and federal laws to include the Hatch Act.
24. Failing to follow a lawful order.
25. Engaging in insubordination.
26. Failing to cooperate with a departmental investigation.
27. Lying or giving false testimony during the course of a departmental investigation.

Case 3:01-cv-01107-CFD    Document 167-3    Filed 10/18/2004    Page 5 of 19

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE | OF |
|---|---|---|---|
| 2.17 | May 10, 2002 | 5 | 5 |
| TITLE | | | |
| Employee Conduct | | | |

28. Intentionally withholding information necessary for the completion of an investigation.
29. Failure to properly conduct tours and/or inmate counts.

6. **Supervision of Family Members.** A Department employee shall not be employed in any position that places the employee above or under the chain of command, direct or functional, of any immediate family member or cohabitant, nor shall the employee be placed above or under the chain of command, direct or functional, of any immediate family member of the employee's spouse or cohabitant. A relationship between family members who are not immediate family as defined in Section 3 of this Directive may preclude placement of an employee in a chain of command. Such relationship shall be evaluated by the appropriate Deputy Commissioner on a case by case basis. Any employee who becomes romantically linked to another in the chain of command, direct or functional, shall notify the Unit Administrator in writing in order to make assignments consistent with the principles noted above. Similar principles shall apply to the supervision of contract employees, and the awarding, or advocating the award, of a contract to related parties as noted above.

7. **Reporting Code Violations.** Each Department employee shall report to a supervisor or appropriate personnel any policy violation or breach of professional conduct involving the public, staff or inmates under the jurisdiction of the Department of Correction.

8. **Exceptions.** Any exception to the procedures in this Administrative Directive shall require prior written approval from the Commissioner.

# Administrative Directives Revision Form
## Connecticut Department of Correction

CN 1305
Rev. 9-25-91

| Number | 2.17 | Title | Employee Conduct |

**Revisions appear on:** Page _____ Section _____ Page _____ Section _____

**Summary of revisions:**

Section 5(B)(15)(c) removed the word inappropriate and references section 15(a).

Section 5(B) added (28) and (29) as prohibited behavior.

**Revisions are:** [✓] New directive   [✓] Modification   [ ] Recision

**Approved** _[signature]_   4/8/02

Side 1



# Inmate Request Form
### Connecticut Department of Correction

WARDENS OFFICE
JUN 14 3 O~ PM Rec 9/3/02
CN 9602

Inmate Name: Lloyd G. MORGAN JR
Inmate no.: 117796
Facility: CCI
Housing unit: NB630
Date: 6-12-04
Submitted to: WARDEN JAMES E. DZUREWDA

Request: DEAR WARDEN DZUREWDA, ON 6-10-04 Wm Saundry Gave me the motion of objection from (AG) office. Please note that I filed that motion 12-2003 when I was in (RHU) when me and CAPT. E. Saundry HAd issues we NO LONGER HAve issues I Get along Good with Him. Please see that I am NOT TRANSFERED or moved in Retaliation do to this I want to Remain →

(continue on back if necessary)

Previous Action Taken

(continue on back if necessary)

Acted on by (print name): J. Dzurenda
Title: Warden

Action Taken and/or Response:
I can never guarantee you that you will never be transferred out of CCI. However, I have requested population management to leave you at Cheshire ct at this time. I truly believe that you are doing very well here and should remain.

(continue on back if necessary)

Staff Member Signature: [signature] Warden
Date: 6/14/04

Dear Warden James E. Dzurenda    Date 8-28-04
and Major Angel Quiros and Capt. Edward A. Saundry
I respectfully write you in good faith to prove to you that I have been telling you the TRUTH all along that I have been well behaved at CCI and have not been bothering any one and that I/M Daven Demetrius Brown, in NB629. cell was the one herassing me, after being put up to it by inmates and do to his own minipulation of deciet, because some times often when this inmates are giving certain tier man and detail jobs and over favoritism by certain C/O's they can control, they feel higher then the captains and untuchable and creat all manner of falsehood to get this or that inmate moved or staff they feel will not join these evil deeds, today I/M Demetrius Brown ("(AKA) Problem Child") wrote me the inclosed letter of apology admiting that I never done him any wrong, nor bothered him, he says I/M's put him up to it. I am sure I know who these inmates are Andre Cinacola, in NB6    E. Hillard in NB6 and Steve Ried in NB6    , ect. I/M Brown wrote me this letter and put it under my cell door, Because He realize I have not bothered him, and He felt guilty any Handwriting specialist can show He wrote this and There is no way I Could have got it unless he gave it to me and it was ment for me, I send you this letter in good faith to file and document as clear proof, that I Havent been the problems

Side 2

The problem is the type of C/O's that are being appointed to the NB6 are the ones who allow these inmates to control them and the unit. I am still doing good and praying a lot and staying mostly to my self. God is taking care of me, if possible all I ask is that you ask Major Quiros, to personal meet with me in confidentality to talk to him. Thanks. I appriciate your efforts

Yours truly
Mr. Lloyd George Morgan, Jr
#117796 NB622 (CCI)

From Davon Demetrius Brown,
Recieved on 8-28-2004 Around 10:30

A yo, check it niggas trying to get me to jump on you some niggas you be kicking it with so also. But you ain't do nonthing wrong to me so I shouldn't be acting like the way I am towards you, I feel Bad cause I see what niggas is trying to do and they trying to use me to do it cause they won't do it. I apologize to you my nigga, you could Forgive me or not. But I'm not going to Be mean or disrespect you anymore cause you is cool with me. I feel Bad cause you ain't do

<u>Confidental</u>

For UIM CAPT. Esposito, only

# Inmate Request Form
## Connecticut Department of Correction

CN 9602
Rev. 9/3/02

Page 1

**Inmate Name:** Mr. Lloyd George Morgan, Jr
**Inmate no.:** #117796
**Facility:** Cheshire C.I.
**Housing unit:** NB6a2
**Date:** 10-6-04
**Submitted to:** Warden Dzurenda, Dist. Adm. Strange, Adm. Major Quiros

**Request:** Dear Warden Dzurenda, Dist. Adm. Strange, Adm. Major Quiros I am writing you on the nature of my concerns. Recently 4 in Capt. Esposito, was appointed to the NB6 unit since then I believe I have respected him and attempted to work with him to give him a chance. I am a prisoner that do not enjoy the unprofessional conduct of staff and corruption I wrote a letter of complain to you. One being the attached dated 10-3-04, he became very indifferent and or biased so I was being harassed constantly by C/O Talisana so during his touring I reported these issues to him as said C/O works NB6. So today I reported to him that the C/O Talisana was antagonizing me, riding me telling me he didn't want my respect. Then him Esposito was very indifferent he said even if we had God as a C/O you wouldn't like him.

(continue on back if necessary)

**Previous Action Taken**

(continue on back if necessary)

**Acted on by (print name)** | **Title**

**Action Taken and/or Response**

(continue on back if necessary)

**Staff Member Signature** | **Date**

Page 2

as He tourd this morning He was talking to me and I felt He was intentionally talking my confidental matters out Loud so others prisoners could hear it He was upset that I was Blowing the Whistle on staff or for excercising my first Amendment rights of freedom of Speech, to file Complaints to Dist. ADM. MARK W. STRANGE and Warden Dzurenda and Majors. He was very upset about it, which made it clear to me he dont Like me to report corruption to him and write to you and that infact He Approves of it and Just want to collect a pay and relax and go with the Flow. Do to his talking my issue so Prisoners can Hear it a I/M came to me saying morgan you are Hot the Capt. mad at you. So I do not believe in U/M Capt. Esposito integruty any more, I made clear to him in a nice way I will continue to write Complaints and report unprofessional conduct of staff or corruption in a Hostile way he said thats fine and walked away, and so did I, any way. his actions made Clear that C/O TALISANO is a friend of his and he would cover up any issues I Brought to him, there is no Doubt in my mind that C/O TALISANO is A Racist officer which is the reason for his Herassment. I attempted to seek a cell move to NB626, to be closer to my Legal items and its a Better Cell then this one that needs panting I Cant even get him to do that cause he dont Like my complaints yet these are the kind of officers and U/M CAPT. Are Appointed to the Units

Page 3

I could care less if he likes me or hate me U/M Capt. Esposito is not above the law and policy if I am subjected to reprisal or retaliation by him or any of his staff for being the whistle blower - in any form or fashion, I promise to file a federal law suit against Comm. Lantz office and him and all that allowed this. Thats a large habit (D.O.C.) officials have when I excorcise my rights to write grievances or complaints, they either set me up to be transferd or moved or plant contraband on me or my cell or property, so yet I am allways concern about this, also counselor Scott Hadlock tord this morning today I talk to him about manilla envelopes I needed. ect. He said until you stop all this writing to Dist. Adm. Strange and the Comm. Lantz, and Warden and Majors we may do something for you. meaning I cant get much or possibley no more these complaints copy to send and report to you. which is clearly, outright corruption and discrimination I am only allowed out to see them 2 times a week cause of this others I/m's go as much as needed. Please deter this and reply thank you

Yours Truly
Mr. Lloyd George Morgan, Jr #117796
NB622 (CCI) (PC)

CC. Dist. Adm. Mark W. Strange
CC. Comm. Theresa C. Lantz
CC. Major Angel Quiros
CC. LGM/Filed

time 10:10 pm
Date 9-30-2004

Dear Major Adm. Angel Quiros

I respectfully appeal to your office in good faith per the proper chain of command I wrote Warden James E. Dzurenda and you in my letter of complaint regards to the unprofessional conduct of C/O Fontono, as so noted in my attached or inclosed complaint to your office dated 9-16-2004. it was referd to U/M Capt. Esposito who gave the inclosed response dated 9-21-04. today C/O Fontono worked NB6 unit on first shift. and again she started her antagonization and cussing at me. I attempted to speak to C/O Fountain concerning why I havent recieved my medical food tray timely and if he could call about it she starts her disrespect and starting trauble as if she is insain or need some type of treatment of a patient. Then she went into a tyraid fit. The food came, C/O Fontono open the cell NB622 for this writer I came out to get my meal she started screaming at me saying Did I tell you to come out the fucking cell she brought the tray slamming my cell door hard picking trauble. also C/O Fountain worked with her today the same unprofessional conduct as mention in my inclosed is going on. Behind your back they re-appoint these corrupt officers, as well as Tosolono, and Langlias, and Clark. Who violate every rule for a certain sect of I/M's they like. I withdrew my complaint against C/O Langlias and Clark cause I was led to believe you had removed them to put in better C/O's of integrity. Now Sir they are sneaking back in the (PC) unit where they can sit on there buts and do crossword puzzles, ect. I kindly ask for your review and wisdom to act as you see fit I believe in you to do whats Just and fair. to deter these type of unprofessional officers. it seems when you trust your staff to appoint proper C/O's they she favors to keep putting there friends in Please reply

Yours Truly
Mr. Lloyd George Morgan, Jr #117
NB622

**CHESHIRE C. I.**

# Memo

To: Inmate Morgan 117796
From: Capt. Esposito
Date: 9/21/04
Re: Complaint

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

Mr. Morgan,

        I am in receipt of your attached complaint, which I will be monitoring on a day to day basis with the staff you are making the allegations against. Although I take these allegations very seriously I wish for you to give me an opportunity to address them before you assume that "I have no deep concerns" regarding complaints made by you or any inmate for that matter. As you know I am a very tolerant and fair individual and as a matter of fairness I expect that in the future you will give me the time to check into and monitor issues before you assume I am not taking your concerns in a serious fashion.

Capt. Esposito

cc: File

• Page 1

Page 1

Dear WARDEN JAMES E. DZURENDA, Date 9-16-2004 and MAJOR QUIROS, I Respectfully write you on the nature of my complaint on officers FANTANO, and Fontain, first of all the female C/O FONTANO, is very Disrespectful she screams at me and threaten once to set me up with a assault case she said I will lie on you and said you assaulted me, and Get you a new court case, she said this in the past when she worked this N86 unit, then today she Antagonized me and Herassed me, cussing Bad words at me and screaming at me for Geting Ready to use the phone on the top tier, she screams and shout at lots of prisoners and Disrespects them, and she got her certain inmates she Get them T-SHIRTS and allow them out to Get water, and then Antagonize me, C/O Fantain, is very unprofessional He is to favorable to a certain seet of prisoners and bring in contraband to them, and break rules for them, and I Honestly ask that you consider removing these type of C/O's who play with Inmates all Day and violate policy, THIS IS a Protective Custody unit Due to officers being unatentive is the reason the inmate who recently Got Hurt happend, this violate ADM DIR. 2.17 of Employee Conduct, I ask if you would have MAJOR QUIROS see me in private About this I informed U/M CAPT. ESPISITO of THIS Herassment

Page 2

He Didn't seem to show any Deep Concern to deter her conduct during his touring around 2:29pm I told him of the Herassment and He Did nothing to Rectify it I kindly ask that you Deter this Herassment and Let These officers know that you Cant favior 1 Inmate over a next as there to Dishonest officers Do please Grant a writing reply

Yours Truly
Mr. Lloyd G. Morgan Jr #117794
N8622

PS. Please see that I am not subjected to Retaliation and Reprisal Do to These complaints.

Dear Clerk Deputy Mary E. Larson   Date 10-13-04

Please file the inclused motion for injunction Re: to Morgan v. Rowland, et al Case No. 3:01CV1107(CFD) as soon as possible. Thank you

OCT 18 2004

Yours truly
Mr. Lloyd George Morgan, Jr

RE: Morgan v. Rowland, et al.