UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LLOYD GEORGE MORGAN, JR.          :          PRISONER  3:01CV1107(CFD)

    v.          :

JOHN ROWLAND, ET AL          :          APRIL 11, 2005

### MOTION FOR ARTICULATION AND OPPOSITION TO MOTION FOR DEFAULT AND MOTION FOR EXTENSION OF TIME

The defendants in the above-captioned matter confess to confusion as to the current status of the above-captioned matter, and respectfully join in the plaintiff's April 8, 2005 Motion for Articulation.  In addition, the defendants respectfully oppose the plaintiff's Motion for Default, noting that the motion is premature and that this matter should not be determined on a technical ruling under the circumstances.

The defendants moved to dismiss a previous complaint in February of 2004.  That motion pended a considerable amount of time without an answer from the plaintiff.  The Motion to Dismiss did not include any attachments nor did it seek to introduce items outside of the pleadings.  The Motion to Dismiss did reference several documents which plaintiff had attached to his complaint.

The plaintiff filed two pleadings in opposition to the Motion to Dismiss, and according the docket sheet, both of these had attachments.  See docket nos. 161, 172.  After that, however, the plaintiff filed a Motion to Amend his complaint, which was granted on January 5, 2005, and the defendants were given 30 days to respond.  Docket No. 175. One month later, the defendants sought an additional 30 days within which to respond to the complaint.  Docket No. 178.  Two

weeks later, the Court issued a ruling on the Motion to Dismiss stating that the motion was being denied without prejudice as to raising the claims by way of summary judgment, and also stated that the Motion to Dismiss would be treated as a Motion for Summary Judgment as matters outside the pleadings would be considered by the Court.  Docket No. 179.  The ruling stated that the parties had "45 days in which to supplement their materials and briefs and 10 days after that to file reply briefs."  Forty-five days brings us to April 11, 2005.

The defendants respectfully submit that because they have not introduced extraneous material into the Court's consideration of their Motion to Dismiss, they should be allowed to proceed with a Motion to Dismiss as documents appended to a complaint are not typically sufficient to preclude a 12(b)(6) motion.  Documents appended to a complaint are properly considered as parts of the complaint..  Rule 10, FRCP.  When defendants attach documents to a Motion to Dismiss, it is converted to a Motion for Summary Judgment.  *Sira v. Morton,* 380 F.3d 57, 67 (2d Cir. 2004).  A complaint, on the other hand, "is deemed to include any written instrument attached to it as an Exhibit."  *Id.*  Only when a *defendant* includes documents not attached or incorporated into the complaint is conversion of a Motion to Dismiss into a Motion for Summary Judgment required.  *Id.* at 67-68.

The undersigned counsel, on behalf of the defendants, respectfully requests that the Motion to Dismiss be considered a such, or that additional time for briefing be permitted.  While the Court did allow an additional 45 days, the defendants confess confusion, and moreover, the undersigned counsel has been extremely busy with numerous matters demanding her attention.

Moreover, the difficult schedule of the undersigned counsel is also part of the reason defendants oppose the plaintiff's Motion for Default.  In addition, no deadlines had run, as the

Court gave the parties until April 11, 2005, and the defendants respectfully now seek additional time for the first time.

After this court clarifies its ruling, if it is inclined to do so, the undersigned counsel on behalf of defendants seeks an additional 30 days to file either a Memorandum of Law in support of Summary Judgment with the Court or an answer, if that is appropriate given the Court's ruling, and if the Court will not rule on the Motion to Dismiss as such.

DEFENDANTS

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:      _____/s/_____
Lynn D. Wittenbrink
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct08575
lynn.wittenbrink@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

3

### CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 11th day of April 2005:

Annette M. Lamoreaux, Esq.
CCLU
32 Grand St.
Hartford CT  06106

Lloyd George Morgan
# 117796
Cheshire Correctional Institution
900 Highland Ave.
Cheshire CT  06410

_____/s/_____
Lynn D. Wittenbrink
Assistant Attorney General