UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LLOYD GEORGE MORGAN, JR.          :
                                  :
v.                                :     CASE NO. 3:01cv1107(CFD)(WIG)
                                  :
GOVERNOR JOHN G. ROWLAND, et al.  :     MAY 18, 2005

**FILED**

**MOTION FOR RENEWAL OF APPOINTMENT OF COUNSEL**
**WITH MEMORANDUM OF LAW IN SUPPORT**

1. Now comes the plaintiff, Lloyd Morgan, Jr., acting in propria persona, and respectfully moves this court, in the best interest of justice, as well as good faith, pursuant to Title 28 U.S.C. §1915(d), in the above titled case, to kindly consider and review all issues contained herein.

2. Plaintiff has filed on several occasions a request for appointment of counsel. On each occasion the court denied said requests citing the fact that defendants had not yet been served and/or responded. Further, the court stated that the plaintiff could renew the motion for Appointment of Counsel once the defendants had been served and had responded. These two issues are now moot as the defendants have responded.

3. Plaintiff filed the first amended complaint with this court against twenty two (22) defendants on well founded and well documented issues. There is little doubt as to the merit of this case. Attorney Frank Riccio, Sr., a well respected and highly intelligent individual who regularly appears before this honorable court wrote "I do think that you have done a fine job compiling this complaint together... I don't see any weak or unpersuasive points that are presented in your complaint. If the facts as you state them can be proven and substantiated, you have a good opportunity to be awarded monetary damages" after reviewing the first ammended complaint, see Exhibit "B". Excessive force by a Deputy sheriff, supported by an eyewitness statement; denial of Mental Health care and treatment plan are just two of the issues.

4. Plaintiff was at a SuperMax facility and had no access to a law library or to persons trained in law to assist him in the preparation of a complex complaint and suit.

5. Plaintiff has received no training in the field of law and has a limited understanding of this field. Plaintiff suffers from serious mental disease and defect dating back to his youth and thus places him at an even greater disadvantage in attempting to litigate complex legal issues against highly trained professionals employed by the Connecticut Attorney General's Office where Budget considerations are not at issue. Having plaintiff going solo to defend/assert his Constitutional Rights against the great State of Connecticut and its armada of attorneys with infinite resources is not only unjust but unduly harsh.

6. Plaintiff requested assistance from the Inmate Legal Assistance Program (ILAP) and was denied. It was not until grievances were filed that ILAP agreed to assist plaintiff only on the condition that plaintiff withdraw certain defendants from the complaint and give up/withdraw significant issues as evidenced in the filing of the Second Amended Complaint. ILAP's actions clearly demonstrate that they are hesitant to put their best efforts forward in fear that their employer (Connecticut Department of Correction) may retaliate for assisting plaintiff in an action against D.O.C.

7. Additionally, ILAP's Contract with the Department of Corrections does not permit ILAP to represent inmates in Court.

8. Plaintiff has requested the assistance of fifteen (15) Law firms (see attached Exhibit "C") and advised by all that they were declining for various reasons.

9. Plaintiff attempted to write to the Honorable Justices Droney and Garfinkel a letter (see attached Exhibit "D") that clearly notes all valued issues of merit and the possible conflict of interest. The Justices' staff informed plaintiff that said letter would only be accepted if attached to a motion.

10. Plaintiff suffers from mental disabilities and thus is afforded additional protection under the Americans with Disabilities Act (A.D.A.). Various mental health records are attached for review.

11. Defendants filed a Motion to Dismiss that was so complex that plaintiff has repeatedly requested assistance from ILAP to no avail, see Exhibit "A" (Letter from ILAP dated 11/3/2003).

12. Defendants, through the Attorney General's Office have had since 2001 to file a response.

13. CCLU filed an Amicus Brief which supports plaintiff's position.

14. Plaintiff has exhausted all avenues in attempting to secure a "pro bono" attorney as evidenced in the documents in Exhibit "C".

15. Plaintiff is indigent and is unable to afford counsel. Plaintiff has attached (Exhibit "E") his inmate account activity for the past six (6) months clearly demonstrating that he is without means.

16. Plaintiff's case depends heavily upon the ability to perform legal research and present sophisticated arguments, just two areas in which an attorney receives specialized/professional training.

For the reasons set forth in the herein pleading, supported by Memorandum of Law, Exhibits A - E, plaintiff respectfully requests that this Honorable Court grant this instant Motion For Appointment of Counsel pursuant to Title 28 U.S.C. §1915(d).

THE PLAINTIFF

*Lloyd George Morgan Jr.*
Lloyd George Morgan, Jr.
Inmate #117796
Cheshire C.I.
900 Highland Avenue
Cheshire, CT  06410-1668
(203) 250-2600

In Propria Persona

## CERTIFICATION

I, hereby certify that a copy of this instant motion was mailed postage prepaid, via First Class U.S. Mail on this 24 day of May, 2005 to the following counsel of record:

Ms. Lynn D. Wittenbrink, Esq.
Assistant Attorney General
100 Sherman Street
Hartford, CT  06105

Ms. Annette M. Lamoreaux, Esq.
Connecticut Civil Liberties Union
32 Grand Street
Hartford, CT  06106

THE PLAINTIFF

*Lloyd George MORGAN, JR*
Lloyd George Morgan, Jr.
In Propria Persona