UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LLOYD GEORGE MORGAN, JR.,          :

          v.                       :          PRISONER
                                   :   Case No. 3:01CV1107 (CFD)(WIG)
GOVERNOR JOHN G. ROWLAND, et al.   :
                                   :   May 13, 2005

2005 JUN -1  P 3: 32

DISTRICT COURT
BRIDGEPORT, CONN

## MEMORANDUM SUPPORTING MOTION FOR APPOINTMENT OF COUNSEL

### I. Preliminary Statement

This memorandum is submitted in support of the plaintiff's motion for appointment of counsel, accordance to Title 28 U.S.C. §1915(d), filed May 13, 2005, requiring assistance of counsel as prerequisite standard for the exercise of discretion in considering whether to appoint counsel for indigent civil litigants in the federal courts, under Title 28 U.S.C. §1915(d).

### II. Underlying Factual Basis/Statement of Case

The plaintiff filed a civil rights complaint under Title 42 U.S.C. §1983, claiming inter alia constitutional violation of his civil rights secured under constitutional law of the United States.

Provided in accordance with Title 28 U.S.C. §1915(d), the plaintiff requested the court to appoint counsel under the naked assertion of routine appointment to counsel 28 U.S.C. §1915(d).

Ruling on plaintiff's motion for appointment of counsel pursuant to Title 28 U.S.C. §1915(d), was denied without prejudice by the court on December 12th, 2002, under the standard cited in Hodge v. Police Officer, 802 F2d 58, 61 (2nd Cir. 1986); and the requirement of an indigent to pass the test of likely merit. Cooper v. Sargenti, 877 F2d 170, 173-74 (2nd Cir. 1989). Court further states: "Here, plaintiff has not yet served the complaint on all defendants. Thus, the defendants have not yet responded to the complaint. Based on the current record, the court cannot determine whether plaintiff's claims possess likely merit. Accordingly, plaintiff's motion for appointment of counsel [doc.#59] is DENIED without prejudice to renewal after he has completed serving the complaint on all defendants and the defendants have responded to the complaint."

Since this court's ruling on December 12, 2002, all defendants have been served and had ample opportunity to respond to the plaintiff's complaint.

### III. Discussion

#### PLAINTIFF IS ENTITLED TO APPOINTMENT OF COUNSEL UNDER 28 U.S.C. §1915(d).

In apprehension of plaintiff's assertion for appointment of counsel, is particularized under the standard of rights of constitutional dimension at

stake, provided with mental condition that handicap the ability of the plaintiff to present a violation of constitutional rights before this court, under his claim of indigent. As pointed out in Bounds v. Smith, 430 U.S. 817, 821-24 97 S.Ct. 1491, 1494-1496, 52 L.Ed.2d 72 (1977); Hains v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); when rights of a constitutional dimension are at stake, a poor person's access to the federal courts must not be turned futility.

Congress has reflected this principal in 28 U.S.C. §1915, indicating that the federal court must be a judicial forum truly available to the rich and poor alike, standardizing a protection against futility, requiring representation by a lawyer, in civil cases under the principal in 28 U.S.C. §1915(d), provided as in Gorden v. Leeke, 574 F2d 1147-1153 (4th Cir. 1978); where counsel should be appointed where records indicated plaintiff suffered from mental disease, under the capability of the indigent to present his case... It is within this context this court should fashion its standard for the exercise of discretion in considering whether to appoint counsel for the plaintiff in this instant case, under 28 U.S.C. §1915(d), and not the standard the court reasoned in Hodge v. Police Officers, 802 F2d 58, 61 (2nd Cir. 1986); Cooper v. Sargenti, 877 F2d 170, 173-74 (2nd Cir. 1989).

In Maclin v. Freake, 650 F2d 885 (1991) (pre curiam) the court set forth and applied five nonexclusive factors which the district court should consider in ruling upon a request for counsel. See also McKeever v. Israel, 689 F2d 1315 (7th Cir. 1982). These factors are: (1) whether the merits of the indigent's claim are colorable; (2) the ability of the indigent plaintiff to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent litigant to present the case; (5) the complexity of the legal issues raised by the complaint. Analysis of these five factors, it would amount to an abuse of the court's discretion, when presented with the factors upon plaintiff's request for appointment of counsel, if denied, under the circumstances asserted in his pleading, even in considering the novelty and complexity, faced with the plaintiff's mental disease would require assistance of counsel as constitutionaly necessary. See Scott v. Illinois, 440 U.S. 567, 369, 99 S.Ct. 1158, 1159, 59 L.Ed.2d 383 (1979); Gagnon v. Scarpelli, 411 U.S. 778, 787-91, 93 S.Ct. 1756, 1762-1764, 36 L.Ed 656 (1973).

As provided for the court, adequate basis for determining whether there

is likely merits to the plaintiff's claim, it should be remined to the court, one important reason for the plaintiff's request for appointment of counsel, is to ensure the efficacy and accuracy of the fact finding process. See Scarpell, supra. Quite often the factual and legal issues in a civil case are more complex than in criminal cases. See Note, The Indigent's Right To Counsel In Civil Cases, 76 Yale Law Journal 545, 548 (1967). This often will be true in cases presenting constitutional questions. Indeed, surviving a critical motion to dismiss under Fed R. Civ. P. P. 12(b)(6)... may well depend upon the ability to perform legal research and present sophisticated legal arguments in such complex areas as prisoner's medical rights. This is a skill which a laymam often may not have and in which a lawyer receives professional training.

Moreover, this problem is compounded by the plaintiff's inability to represent himself, and by the inequality which results when the defendants are represented by counsel and the indigent civil litigant is not. An underlying assumption of the adversarial system is that both parties will have roughly equal legal resources. This assumption will be destroyed if plaintiff's request for appointment of counsel is denied. See Bounds, supra. And it should be noted for the court record that without the help of of a layman, plaintiff would be unable to present the pleading in this herein motion.

## IV. Conclusion

For the reasons set forth in the herein pleading, the plaintiff prays that this court grant the herein motion for appointment of counsel pursuant to Title 28 U.S.C. §1915(d).

THE PLAINTIFF

Lloyd George Morgan Jr

**Lloyd G. Morgan, Jr., Pro Se**
**Cheshire C.I. #117796**
**900 Highland Avenue**
**Cheshire, CT  06410-1668**
**(203) 250-2600**

DATE:  May 13, 2005

## CERTIFICATION

I, hereby certify that a copy of this instant motion was mailed postage prepaid, via First Class U.S. Mail on this 24 day of May, 2005 to the following counsel of record:

Ms. Lynn D. Wittenbrink, Esq.
Assistant Attorney General
100 Sherman Street
Hartford, CT  06105

Ms. Annette M. Lamoreaux, Esq.
Connecticut Civil Liberties Union
32 Grand Street
Hartford, CT  06106

THE PLAINTIFF

Lloyd George Morgan, Jr.
Lloyd George Morgan, Jr.
In Propria Persona