UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
LLOYD GEORGE MORGAN, JR.        :
                                :           PRISONER
     v.                         :    Case No. 3:01CV1107 (CFD)
                                :
GOVERNOR JOHN ROWLAND, et al.   :
```

RULING AND ORDER

This ruling considers four motions for preliminary injunctive relief filed by plaintiff. In three of the motions, plaintiff asks the court to order that correctional staff at Cheshire Correctional Institution stop harassing him and retaliating against him for filing complaints and grievances. In the fourth motion, he asks the court to prevent the destruction of some of his property. For the reasons that follow, plaintiff's motions are denied.

"[I]nterim injunctive relief is an 'extraordinary and drastic remedy which should not be routinely granted.'" Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir. 1981) (quoting Medical Society of New York v. Toia, 560 F.2d 535, 538 (2d Cir. 1977)). In addition, a federal court should grant injunctive relief against a state or municipal official "only in situations of most compelling necessity." Vorbeck v. McNeal, 407

F. Supp. 733, 739 (E.D. Mo.), aff'd, 426 U.S. 943 (1976).

In this circuit the standard for injunctive relief is well established. To warrant preliminary injunctive relief, the moving party "must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." Brewer v. West Irondequoit Central Sch. Dist., 212 F.3d 738, 743-44 (2d Cir. 2000).

Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony are not required in all cases. See Drywall Tapers & Pointers Local 1974 v. Local 530, 954 F.2d 69, 76-77 (2d Cir. 1992). Where, as here, "the record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." 7 James W. Moore, et al., Moore's Federal Practice ¶ 65.04[3] (2d ed. 1995). Upon review of the record, the court determines that oral testimony and argument are not necessary in this case.

Further, preliminary injunctive relief is designed "to preserve the status quo and prevent irreparable harm until the

court has an opportunity to rule on the lawsuit's merits." <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. <u>See</u> <u>id.</u>; <u>see also</u> <u>Omega World Travel, Inc. v. Trans World Airlines</u>, 111 F.3d 14, 16 (4th Cir. 1997) (reversing district court's granting of motion for preliminary injunctive relief because injury sought to be prevented through preliminary injunction was unrelated to injury which gave rise to complaint).

This action concerns two issues: the practice of requiring inmates at Northern Correctional Institution to recreate in full restraints and the manner in which mental health treatment is provided to inmates at Northern Correctional Institution.

In his motions, plaintiff alleges that correctional staff at Cheshire Correctional Institution have harassed and retaliated against him for filing complaints and grievances and that the warden at Cheshire Correctional Institution ordered him to reduce the amount of his personal property to comply with departmental rules. Thus, the issues raised in the motions are not related to the issues remaining in this case.

Accordingly, plaintiff's motions for preliminary injunctive relief [**docs. ##167, 168, 171, 174**] are **DENIED**. Plaintiff may pursue his claims of retaliatory conduct against correctional

staff at Cheshire Correctional Institution by filing another action.

**SO ORDERED** this  7th  day of September, 2005, at Hartford, Connecticut.

                    /s/ CFD
                    Christopher F. Droney
                    United States District Judge