UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
LLOYD GEORGE MORGAN, JR.        :
                                :              PRISONER
     v.                         :    Case No. 3:01CV1107 (CFD)(WIG)
                                :
GOVERNOR JOHN ROWLAND, et al.   :
```

RULING AND ORDER

Pending are five motions filed by plaintiff.

I. <u>Motion for Appointment of Counsel [doc. #187] and Motion to Add Supplemental Information to Plaintiff's Pending Motion for Counsel [doc. #194]</u>

On June 1, 2005, plaintiff filed a renewed motion for appointment of <u>pro bono</u> counsel in this action pursuant to 28 U.S.C. § 1915. On August 16, 2005, he moved to submit additional information in support of his motion. Plaintiff's motion to submit additional information is granted. After considering the motion and additional information, plaintiff's motion for appointment of counsel is denied without prejudice.

The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. <u>See, e.g.</u>, <u>Hendricks v. Coughlin</u>, 114 F.3d 390, 393 (2d Cir. 1997); <u>Cooper v. A. Sargenti Co.</u>, 877 F. 2d 170, 172 (2d Cir. 1989). The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. <u>Hodge v. Police Officers</u>, 802 F.2d 58,

61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991).  Plaintiff has attached letters from several private attorneys and legal assistance organizations declining assistance.

At the time he filed this motion, plaintiff was receiving assistance from an attorney at Inmates' Legal Assistance Program.  The attorney drafted a second amended complaint as well as various motions and responses on plaintiff's behalf.  Plaintiff now states that he disagreed with the manner in which the attorney responded to his multiple inquiries and the fact that several of his claims were omitted from the second amended complaint and has grieved three attorneys at Inmates' Legal Assistance Program.  By filing the attorney grievances, plaintiff created a conflict of interest.  As a result, Inmates' Legal Assistance Program no longer will assist plaintiff in this case.  Plaintiff now asks the court to appoint a pro bono attorney as a replacement.

Plaintiff has no constitutional right to the assistance of counsel in a civil case.  See, e.g., Cooper, 877 F.2d at 172-74 (noting that there is no constitutional right to counsel at a civil trial); Martin-Trigona v. Lavien, 737 F.2d 1254, 1260 (2d Cir. 1984) (holding that party has no constitutional or statutory right to counsel in a civil case).  Although appointment of counsel is not mandatory, the court may appoint counsel if certain conditions are met.

Determining that plaintiff cannot obtain legal assistance on his own is only the first criterion for deciding whether to appoint counsel. The district court also must "determine whether the indigent's position seems likely to be of substance." Hodge, 802 F.2d at 61. "[E]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." Cooper, 877 F. 2d at 171.

Plaintiff asserts two claims in this case: a challenge to the policy of requiring inmates to go to outdoor recreation in full restraints and a claim that mental health staff violated his right to privacy. Defendants contend that the use of restraints was constitutional and, in the alternative, that defendants were protected by qualified immunity in light of several cases holding that practice to be constitutional. Defendants also argue that plaintiff has identified no confidential information that was disclosed to other inmates by any defendant in violation of his right to privacy. In light of defendants' claim of qualified immunity and the lack of allegations that any defendant revealed confidential information, the court concludes that plaintiff's chances of success are extremely slim. Accordingly, the court concludes that appointment of counsel at this time is not warranted. Plaintiff's motion for appointment of counsel is denied without prejudice to reconsideration if any of plaintiff's claims survive summary judgment.

II. <u>Plaintiff's Motion for Reconsideration and Investigation [doc. #193]</u>

Plaintiff has filed a document is entitled "Motion for Relief from Judgment and Motion of Objection and Motion for Investigation into the Conflict of Interest with Plaintiff and the Inmates' Legal Asst. Program." The request for relief from judgment actually is a request for reconsideration of the ruling granting defendants' motion for extension of time to file their motion for summary judgment.

Plaintiff states only that he wanted to object to the motion for time but was advised by the attorney assisting him that the attorney would object. Defendants' delay in filing the motion for summary judgment was attributable, in part, to confusion resulting from a docketing error. Plaintiff has identified no reason why the court would have denied defendants' motion, even if a timely objection had been filed. Accordingly, the request for reconsideration is denied. <u>See</u> <u>Schrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995) (noting that motions for reconsideration generally will be denied unless the moving party can point to judicial precedent or data that the court overlooked and that reasonably would alter the conclusion reached by the court). Plaintiff's objection to the court's order is noted.

Plaintiff also asks the court to conduct an investigation into his relationship with the attorney from Inmates' Legal Assistance Program based on unfounded assumptions that the

4

attorney would not speak with him and did not immediately file his objection because the attorney was conspiring with the Office of the Attorney General.  This issue of plaintiff's legal assistance is not an issue being litigated in this case.  Thus, plaintiff's request for independent investigation is denied.

III. <u>Plaintiff's Request for Review and Consideration [doc. #199]</u>

Plaintiff has filed another motion seeking review of the actions of several correctional officers at Cheshire Correctional Institution regarding delivery of plaintiff's legal mail.  This action concerns conditions of confinement at Northern Correctional Institution prior to November 2003.  Because the claims in this motion do not relate to the issues in the second amended complaint and concern correctional staff at a different correctional facility, plaintiff's motion is denied.  To the extent that plaintiff seeks review of his motion for appointment of counsel, the motion has been denied and the request for review is denied as moot.

IV. <u>Plaintiff's Motion for Extension of Time [doc. #198]</u>

Finally, plaintiff seeks an extension of time to respond to defendants' motion for summary judgment.  Plaintiff's request is granted to the extent that he is afforded an extension of time, until November 28, 2005, to file his response.

V. <u>Conclusion</u>

Plaintiff's Motion to Add Supplemental Information to

5

Plaintiff's Pending Motion for Renewal of Counsel [**doc. #194**] is **GRANTED**.  Plaintiff's Motion for Renewal of Appointment of Counsel [**doc. #187**] is **DENIED** without prejudice to renewal should any of his claims survive summary judgment.

Plaintiff's Motion for Relief from Judgment and Motion of Objection and Motion for Investigation into the Conflict of Interest with Plaintiff and the Inmates' Legal Assistance Program [**doc. #193**] and Motion to Rectify and Motion for Remedy and Motion for Consideration [**doc. #199**] are **DENIED**.  Finally, plaintiff's Motion for Extension of Time [**doc. #198**] to respond to defendants' motion for summary judgment is **GRANTED** to the extent that plaintiff is afforded an extension of time, until **November 28, 2005,** to file his response to the motion.

**SO ORDERED** this ___16th___ day of September, 2005, at Bridgeport, Connecticut.

>             */s/ William I. Garfinkel*
>             WILLIAM I. GARFINKEL
>             UNITED STATES MAGISTRATE JUDGE