Page 1

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**FILED**

2005 SEP 28 P 3: 39

U.S. DISTRICT COURT
BRIDGEPORT, CONN

LLOYD GEORGE MORGAN, JR          Case No. 3:01CV1107(CFD)(WIG)

VS.

GOVERNOR JOHN G. ROWLAND ET AL.   Date  9-26-2005

### DIRECT APPEAL TO: THE HEAD DISTRICT JUDGE DRONEY, OF MAGISTRATE JUDE WILLIAM I. GARFINKEL ERRONEOUS RULINGS AND MOTION OF OBJECTION TO: DEFENDANTS' PENDING MOTION FOR SUMMARY JUDGEMENT AND MOTION FOR EXTENSION OF TIME AND FOR RECONSIDERATION

1. Now comes The Pro-se Plaintiff Lloyd George Morgan, JR in a Good faith Attempt and as well as in the best interest of Justice Dully clearly object to Defendants pending motion for Summary Judge ment and all Counts and Plaintiff ask that this court Allow his action to Not be dismissed. Plaintiff received on or about August 19, 2005 delivered prepace 1 Bankers Box of Documents Full to the top open outside of his presence.

2. It was giving to Plaintiff By Correctional officer PHILBRICK, at 10:20 pm on or About. Inclosed was a Motion for Summary Judgement in this case titled Motion For summary Judgement with memorandum of Law. 48 pages.

Page 3

5. Plaintiff states that his credability comes into question and the sincerites of his mental Health needs and History, and Through out this case and motion for summary Judgement Twisted the facts and giving this Court a intentional missleading story of one side and illegally obtain many of the Records and Ethibits its now using in this case Plaintiff Have did the best he can Pro-se, I ask that this Court Review any and all motions Ruled on Being Doc.#187 of motion for Renewal of Appointment of Counsel with memorandum of Law. and Plaintiff's motion for reconsideration doc.#193 and Doc.#199, & doc.#198 the Court did Not even se not That. doc.#198 was a objection to The motion for summary Judgement. Plaintiff ask that this Court keenly Review all Reading of motions and issues and Grant also a Denovo Review, Plaintiff is at a BIG Disadvantage He shouldnt be punish for filing Grievances against (ILAP) and its Attorneys in Good faith.

6.) the Magistrate Garfinkel has not giving Plaintiff any FAIR Chance to Defend this case, the Court has No Respect For me no does it beleive Anything I say It sees me as Just a Criminal Slick willy Trying to minipulate The Courts and Prison officials, this is more of a reason why my motion for Appointment of Counsel Should Be Granted to show The Court the TRUTH I Speak,

Page 4

7. I believe the 2nd Cira Appeals Court will see That these Rulings Are outRagious And Biased politically motivated (I.L.A.P.) Turns against me at CRITICAL times in this Case with the intentions to cause me to Loose it, I am a Human Being I Should Have a Shot or CHANCE at Justice, why would this Court Just Sit By and Let a powerful Corperation of Attorney GeneRals of Army of lawyers Beat up on a Inmate who NeveR GRaduated High School No went to Law School, NeveR Litigated Any case fully PRo-se to TRIAL? all I am ABle to Say is I oBJect to The motion FoR summaRy Judgement and all in it I cant gilke The NoVAL Pleadings, See my Complaint to Commissioner LANTZ Dated 9-20-05 and all inclosed and to Atty. Sydney T. Schulman Dated 9-2-05 of 4 pages See his Reply dated Sept. 8, 2005 He Refused me Help but Said Comm. LANTZ office still Have a oBligation to provide me Access to the Court.

8. I ask that this Court STRIKE Some Type of BALANce By oRdering ether PRison OFFICIALS to supply AnotheR Law FiRm of PeRSon TRained at Law to Help me Respond to Motion FoR summaRy Judgement oR that this Court GRANT me Appointment of counsel to respond to it otherse then this I did everything I could and cant do Anything moRe

9. See ... Comm. LANTZ, & JULY 29, 2005. I did all I Could I CAnt effectively reply to the summary Judgement motion IF INJURY Result in my case actual INJURY will Be Caused intentically By D.U.C.) Comm. LANTZ, and Attorney GENERALs office MR. Schulman Basically is forcing me to File More suits I seek to Avoid Plantiff ask That this Court all inclosed and his motion a copy titled OBJection To: Defendant's Motion For Summary Judgement Dated August 23, 2005 done for me by a Laymen Please Keenly Review all Inclosed, Plaintiff Request also A 90 day Extention of Time For once Cunsel is Appointed to Be Able to Respond to motion to Dismiss.

By The Plantiff Lloyd George MORGAN JR

Lloyd George MORGAN JR # 117796
CHESHIRE Correctional INST.
900 HIGHLAND AVE
CHESHIRE, CT 06410

## CERTIFICATION

THIS IS to CERTIFY That a copy of the foregoing was mailed to all PARTIES of Record on Date 9.26 2005 as Noted Below Postage Paid

OFFICE OF Attorney GENERALs
(AAG) LYNN D, WITTENBRINK
110 SHERMAN Street
HARTFORD, CT 06105

CT CIVIL LIBERTIES UNION Fundation
Atty. ANNette M. L Amoreaux
32 GRAND Street
HARTFORD, CT 06106

Lloyd George MORGAN Jr
Lloyd George MORGAN Jr
Plaintiff Lloyd George MORGAN, JR

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LLOYD GEORGE MORGAN, JR.        :      PRISONER
                                      3:01cv1107(CFD)

         v.                       :

GOVERNOR JOHN G. ROWLAND, ET AL.    :      AUGUST 19, 2005

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the defendants in the above-captioned matter move for summary judgment in their favor as there is no genuine issue of material fact and the Court can find as a matter of law that the defendants did not exhibit deliberate indifference, did not violate the plaintiff's right to privacy, and that all defendants are entitled to qualified immunity. In addition, the plaintiff's claim for a declaratory judgment is moot.

In support of this motion, the defendants provide a Memorandum of Law as well as numerous Affidavits and other supporting Exhibits and a Rule 56 statement of material facts not in dispute.

DEFENDANTS,
Governor John G. Rowland, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY: _____
Lynn D. Wittenbrink
Assistant Attorney General
Federal Bar No. ct08574
110 Sherman Street
Hartford, CT  06105
Telephone No. (860) 808-5450
Fax No. (860) 808-5591
lynn.wittenbrink@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 19th day

of August, 2005:

Lloyd George Morgan, Inmate No. 117796
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT  06410

Annette M. Lamoreaux
CT Civil Liberties Union Foundation
32 Grand Street
Hartford, CT  06106

Lynn D. Wittenbrink
Assistant Attorney General

2

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LLOYD GEORGE MORGAN, JR.      :
                             :            PRISONER
        v.                   :    Case No. 3:01CV1107 (CFD)(WIG)
                             :
GOVERNOR JOHN ROWLAND, et al. :

RULING AND ORDER

Pending are five motions filed by plaintiff.

I.   Motion for Appointment of Counsel [doc. #187] and Motion to
     Add Supplemental Information to Plaintiff's Pending Motion
     for Counsel [doc. #194]

On June 1, 2005, plaintiff filed a renewed motion for

appointment of pro bono counsel in this action pursuant to 28

U.S.C. § 1915.  On August 16, 2005, he moved to submit additional

information in support of his motion.  Plaintiff's motion to

submit additional information is granted.  After considering the

motion and additional information, plaintiff's motion for

appointment of counsel is denied without prejudice.

The Second Circuit repeatedly has cautioned the district

courts against the routine appointment of counsel.  See, e.g.,

Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper

v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989).  The

Second Circuit has made clear that before an appointment is even

considered, the indigent person must demonstrate that he is

unable to obtain counsel.  Hodge v. Police Officers, 802 F.2d 58,

61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991).  Plaintiff
has attached letters from several private attorneys and legal
assistance organizations declining assistance.

At the time he filed this motion, plaintiff was receiving
assistance from an attorney at Inmates' Legal Assistance Program.
The attorney drafted a second amended complaint as well as
various motions and responses on plaintiff's behalf.  Plaintiff
now states that he disagreed with the manner in which the
attorney responded to his multiple inquiries and the fact that
several of his claims were omitted from the second amended
complaint and has grieved three attorneys at Inmates' Legal
Assistance Program.  By filing the attorney grievances, plaintiff
created a conflict of interest.  As a result, Inmates' Legal
Assistance Program no longer will assist plaintiff in this case.
Plaintiff now asks the court to appoint a pro bono attorney as a
replacement.

Plaintiff has no constitutional right to the assistance of
counsel in a civil case.  See, e.g., Cooper, 877 F.2d at 172-74
(noting that there is no constitutional right to counsel at a
civil trial); Martin-Trigona v. Lavien, 737 F.2d 1254, 1260 (2d
Cir. 1984) (holding that party has no constitutional or statutory
right to counsel in a civil case).  Although appointment of
counsel is not mandatory, the court may appoint counsel if
certain conditions are met.

2

Determining that plaintiff cannot obtain legal assistance on his own is only the first criterion for deciding whether to appoint counsel. The district court also must "determine whether the indigent's position seems likely to be of substance." Hodge, 802 F.2d at 61. "[E]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." Cooper, 877 F. 2d at 171.

Plaintiff asserts two claims in this case: a challenge to the policy of requiring inmates to go to outdoor recreation in full restraints and a claim that mental health staff violated his right to privacy. Defendants contend that the use of restraints was constitutional and, in the alternative, that defendants were protected by qualified immunity in light of several cases holding that practice to be constitutional. Defendants also argue that plaintiff has identified no confidential information that was disclosed to other inmates by any defendant in violation of his right to privacy. In light of defendants' claim of qualified immunity and the lack of allegations that any defendant revealed confidential information, the court concludes that plaintiff's chances of success are extremely slim. Accordingly, the court concludes that appointment of counsel at this time is not warranted. Plaintiff's motion for appointment of counsel is denied without prejudice to reconsideration if any of plaintiff's claims survive summary judgment.

3

## II.  Plaintiff's Motion for Reconsideration and Investigation [doc. #193]

Plaintiff has filed a document is entitled "Motion for Relief from Judgment and Motion of Objection and Motion for Investigation into the Conflict of Interest with Plaintiff and the Inmates' Legal Asst. Program." The request for relief from judgment actually is a request for reconsideration of the ruling granting defendants' motion for extension of time to file their motion for summary judgment.

Plaintiff states only that he wanted to object to the motion for time but was advised by the attorney assisting him that the attorney would object. Defendants' delay in filing the motion for summary judgment was attributable, in part, to confusion resulting from a docketing error. Plaintiff has identified no reason why the court would have denied defendants' motion, even if a timely objection had been filed. Accordingly, the request for reconsideration is denied. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (noting that motions for reconsideration generally will be denied unless the moving party can point to judicial precedent or data that the court overlooked and that reasonably would alter the conclusion reached by the court). Plaintiff's objection to the court's order is noted.

Plaintiff also asks the court to conduct an investigation into his relationship with the attorney from Inmates' Legal Assistance Program based on unfounded assumptions that the

4

attorney would not speak with him and did not immediately file
his objection because the attorney was conspiring with the Office
of the Attorney General.  This issue of plaintiff's legal
assistance is not an issue being litigated in this case.  Thus,
plaintiff's request for independent investigation is denied.

III. Plaintiff's Request for Review and Consideration [doc. #199]

Plaintiff has filed another motion seeking review of the
actions of several correctional officers at Cheshire Correctional
Institution regarding delivery of plaintiff's legal mail.  This
action concerns conditions of confinement at Northern
Correctional Institution prior to November 2003.  Because the
claims in this motion do not relate to the issues in the second
amended complaint and concern correctional staff at a different
correctional facility, plaintiff's motion is denied.  To the
extent that plaintiff seeks review of his motion for appointment
of counsel, the motion has been denied and the request for review
is denied as moot.

IV.  Plaintiff's Motion for Extension of Time [doc. #198]

Finally, plaintiff seeks an extension of time to respond to
defendants' motion for summary judgment.  Plaintiff's request is
granted to the extent that he is afforded an extension of time,
until November 28, 2005, to file his response.

V.  Conclusion

Plaintiff's Motion to Add Supplemental Information to

5

Plaintiff's Pending Motion for Renewal of Counsel [**doc. #194**] is **GRANTED.** Plaintiff's Motion for Renewal of Appointment of Counsel [**doc. #187**] is **DENIED** without prejudice to renewal should any of his claims survive summary judgment.

Plaintiff's Motion for Relief from Judgment and Motion of Objection and Motion for Investigation into the Conflict of Interest with Plaintiff and the Inmates' Legal Assistance Program [**doc. #193**] and Motion to Rectify and Motion for Remedy and Motion for Consideration [**doc. #199**] are **DENIED.** Finally, plaintiff's Motion for Extension of Time [**doc. #198**] to respond to defendants' motion for summary judgment is **GRANTED** to the extent that plaintiff is afforded an extension of time, until **November 28, 2005,** to file his response to the motion.

**SO ORDERED** this ____16th____ day of September, 2005, at Bridgeport, Connecticut.

/s/ *William I. Garfinkel*
WILLIAM I. GARFINKEL
UNITED STATES MAGISTRATE JUDGE

Recieved 9-21-05

3:01-cv-1107(CFD)(WIG)

Lloyd George Morgan, Jr
#117796
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

**Note: You may receive notice that the court has electronically filed and order. You also may receive documents or orders that have an electronic signature, which appears as "/s/" on the signature line. These documents are properly filed.**

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| Lloyd George Morgan, Jr | : | |
| | : | PRISONER |
| v. | : | Case No. 3:01CV1107(CFD)(TPS) |
| | : | |
| John G. Rowland, et al | : | |

## ORDER OF NOTICE TO PRO SE LITIGANT

On 8/22/05, the defendants filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Rule 7(a), D. Conn. L. Civ. R., requires the plaintiff to file a response within twenty-one days of the date the motion was filed.

Pursuant to <u>Vital v. Interfaith Medical Ctr.</u>, 168 F.3d 615 (2d Cir. 1999) and <u>McPherson v. Coombe</u>, 174 F.3d 276 (2d Cir. 1999), the court hereby gives notice to the plaintiff that any factual assertions in the documents accompanying the defendants' motion will be accepted as true unless the plaintiff files affidavits or other documentary evidence to contradict the defendants' assertions. The plaintiff may not simply rely on his complaint. Also, a memorandum is not sufficient to oppose the defendants' motion. The plaintiff must respond to the motion for summary judgment with affidavits made on personal knowledge or other documentary evidence to show that there is a genuine issue of material fact for trial.[1]

---

[1] Rule 56(e), Fed. R. Civ. P., states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the

Furthermore, a party opposing a motion for summary judgment has obligations under Local Rule 56(a)2. That rule requires a party opposing summary judgment to include in his opposition papers a "Local Rule 56(a)2 Statement." The Local Rule 56(a)2 Statement is in response to the moving party's 56(a)1 Statement of Material Facts which sets forth the facts which the moving party contends are undisputed. The plaintiff must state whether he admits or denies each such fact. The plaintiff's 56(a)2 statement must also list in a separate section each issue of material fact which the plaintiff contends must be tried. In addition, Local Rule 56 requires that:

> [e]ach statement of material fact in a Local Rule 56(a) Statement by a movant or opponent must be followed by a citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a) Statement in conformity with Fed. R. Civ. P. 56(e).

D. Conn. L. Civ. R. 56(a)3. If the plaintiff does not file a 56(a)2 statement, all material facts set forth in the moving party's Rule 56(a)1 statement will be deemed admitted.

---

> affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Thus, under the court rules and applicable case law, the plaintiff must file a response to the defendants' motion for summary judgment within twenty-one (21) days of the date the motion was filed. The response should be accompanied by affidavits and/or the other evidence described above. If the plaintiff does not respond within twenty-one days of the date the motion was filed, the court may grant the motion for summary judgment absent objection. If summary judgment is granted against the plaintiff, the case will not proceed to trial. Instead, judgment will enter in favor of the defendants and the case will be closed.

Dated this 24th  day of August, 2005.


BY   ORDER OF THE COURT
KEVIN F. ROWE, CLERK

Donna P
Thomas/CTD/02/USCOURTS
08/24/2005 11:24 AM

To  Christopher Droney/CTD/02/USCOURTS@USCOURTS

cc  Mary Larsen/CTD/02/USCOURTS@USCOURTS

bcc

Subject  Re: Fw: Wilson v. Tarascio, 3:04cv367(CFD)(TPS)

I will ask Mary to take care of it.

Mary--would you please close this case.  Thanks.
Christopher Droney/CTD/02/USCOURTS

Christopher
Droney/CTD/02/USCOURTS
08/24/2005 11:22 AM

To  Donna P Thomas/CTD/02/USCOURTS@USCOURTS

cc

Subject  Re: Fw: Wilson v. Tarascio, 3:04cv367(CFD)(TPS)

Thanks.  I granted it electronically.  Could you see that the case is closed?

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LLOYD GEORGE MORGAN, JR.          :
                                  :
            V.                    :    PRISONER
                                  :    3:01CV1107(CFD)
                                  :
GOV. JOHN G. ROWLAND, ET AL.      :    AUGUST 23, 2005

### OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

### AND

### MOTION FOR AN EXTENSION OF TIME TO RESPOND

The undersigned plaintiff, Lloyd George Morgan, Jr., acting
In Propria Persona, hereby objects to Defendant's Motion For
Summary Judgement dated August 19, 2005. Furthermore, plaintiff
hereby requests a ninety (90) day extension in which to respond.
In support thereof, plaintiff states the following:

1. Defendant's claim/statement "...there is no genuine
issue of material fact and the Court can find as a matter of
law that the defendants did not exhibit deliberate indifference,
did not violate the plaintiff's right to privacy, and that all
defendants are entitled to qualified immunity." is interesting
to say the least.  Defendant's counsel may have very well have
been reading a different case just prior to making this statement.
However, on one hand defendant's counsel claims that they didn't
do it, then, she goes on to say that they enjoy immunity...
from what?

2. On August 19, 2005, along with defendant's motion, plaintiff
received a __full__ banker's box of supporting documentation/exhibits.
Plaintiff does not have the resources or training to prepare
a formal/educated/informed response to defendant's motion.

3. The Court is currently considering plaintiff's request
for appointment of counsel.  Defendant's motion and all its
supporting documents clearly highlight the plaintiff's need
for competent counsel.  Inmates' Legal Assistance Program has
determined there to be a conflict of interest in providing assistance
to plaintiff (See attached Exhibits "A", "B" & "C") and have
withdrawn their assistance.

Morgan v. Rowland
3:01CV1107(CFD)
Page -2-

WHEREFORE, the plaintiff respectfully requests this Honorable
Court to:

A. Level the "playing field" by ruling in plaintiff's earlier
   Motion For Appointment Of Counsel in plaintiff's favor,

B. Duly note plaintiff's objection to Defendant's Motion
   For Summary Judgement, and;

C. Grant the plaintiff a ninety (90) day extension from
   such date that counsel has been appointed to respond
   to Defendant's Motion For Summary Judgement.

**DATED** this 23rd day of August, 2005.

THE PLAINTIFF

*Lloyd George Morgan, Jr.*

Lloyd George Morgan, Jr.
Inmate #117796
Cheshire C.I.
900 Highland Avenue
Cheshire, CT  06410-1668
(203) 250-2600 x2053

**IN PROPRIA PERSONA**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of this instant Motion was
Mailed via 1st Class U.S. Mail, postage pre-paid, to counsel of
record on this 23rd day of August, 2005:

Lynn D. Wittenbrink, Esq.          Annette M. Lamoureaux
Assistant Attorney General         CT Civil Liberties Union
110 Sherman Street                 32 Grand Street
Hartford, CT  06105                Hartford, CT  06106

THE PLAINTIFF

*Lloyd George Morgan, Jr.*

Lloyd George Morgan, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
915 LAFAYETTE BOULEVARD
BRIDGEPORT, CONNECTICUT 06604
(203) 579-5861

KEVIN F. ROWE
CLERK

VICTORIA C. MINOR
CHIEF DEPUTY CLERK

CHRYSTINE W. CODY
DEPUTY IN CHARGE

July 1, 2005

Lloyd George Morgan, Jr. #117796
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

Re:    Morgan v. Rowland, et al
       3:01cv1107(CFD)(WIG)

Dear Mr. Morgan:

This is in response to your letter received by this court on 7/1/05.

Your renewed Motion for Appointment of Counsel was received on 6/1/05 and is still pending. You will be advised of any action taken. Please be patient.

Very truly yours,

Kevin F. Rowe
Clerk

Mary E. Larsen

By:    Mary E. Larsen
       Deputy Clerk

**LAW OFFICES**
**OF**
**SYDNEY T. SCHULMAN**

**INMATES' LEGAL ASSISTANCE PROGRAM**

<u>Administrative Director</u>
Sydney T. Schulman, Esq.

<u>Managing Attorney</u>
Jane Starkowski

<u>Staff Attorneys</u>
Richard P. Cahill
Peter Downs
Jessica J. York
Michael A. Rubino, Jr.
Kenneth J. Speyer
Jenna M. Caulfield

" Exhibit A "

July 29, 2005

Mr. Lloyd George Morgan, Jr.
#117796
Cheshire CI
900 Highland Avenue
Cheshire, CT 06410

Dear Mr. Morgan:

This letter will serve as Inmates' Legal Assistance Program's response to the following: a letter dated July 4 and received July 7, 2005; a letter dated July 6 and received July 12, 2005; a letter dated July 8 and received July 15, 2005; a letter dated July 13 and received July 18, 2005; and a letter dated July 25 and received July 28, 2005.

We have been notified by the Statewide Grievance Committee that you have filed complaints against me, ILAP Managing Attorney Jane Starkowski and Attorney Sydney T. Schulman, ILAP's administrative director. As a result, a conflict of interest exists that prevents ILAP from providing any further assistance to you at the present time.

I am returning unreviewed the documents you sent with your letters. We will not be able to assist in regard to any of the issues addressed in the letters.

Very truly yours,

Richard P. Cahill
Attorney at law

Enclosures

78 OAK STREET • P.O. BOX 260237 • HARTFORD, CT 06126-0237 • TEL. (860) 246-1118 • FAX (860) 246-1119
TOLL FREE NUMBER 1-800-301-ILAP

LAW OFFICES OF

# SCHULMAN & ASSOCIATES

ATTORNEY AT LAW

10 GRAND STREET

HARTFORD, CONNECTICUT 06106-1596

SYDNEY T. SCHULMAN*

ROBERT E. SCHULMAN**

* ALSO ADMITTED IN
  MASSACHUSETTS AND MINNESOTA
** ALSO ADMITTED IN
  NEW YORK AND WASHINGTON

(860) 522-2960

FAX: (860) 522-0130

*"Exhibit B".*

MASSACHUSETTS OFFICE:
52 MULBERRY STREET
SPRINGFIELD, MA 01105
(413) 781-5400

INMATES LEGAL ASSISTANCE
78 OAK STREET
HARTFORD, CT 06106
(860) 246-1118

July 29, 2005.

Mr. Lloyd Morgan
Inmate # 117796
Cheshire Correctional Institution
900 Highland Ave.
Cheshire, Ct. 06410

Re: Your letter of July 13, 2005.

Dear Mr. Morgan:

I am in receipt of your letter of July 13, 2005, requesting assistance, which I received when I returned from vacation a couple of days ago. Yesterday I was advised and today I received a Grievance Complaint from the Bar Association which you recently filed against me, Atty. Cahill and Atty. Starkowski. Consequently, we are no longer permitted, pursuant to the rules of our Canons of Ethics from assisting you in any way. This also applies to all other attorneys in our firm. I do wish you well in your future endeavors.

Very truly yours,

Sydney T. Schulman

STS:eis

Cc: Attorney Jane Starkowski
    Attorney Richard Cahill

LAW OFFICES OF

# SCHULMAN & ASSOCIATES

ATTORNEY AT LAW

10 GRAND STREET

HARTFORD, CONNECTICUT 06106-1596

SYDNEY T. SCHULMAN*
ROBERT E. SCHULMAN**

(860) 522-2960
FAX: (860) 522-0130

* ALSO ADMITTED IN
  MASSACHUSETTS AND MINNESOTA
** ALSO ADMITTED IN
   NEW YORK AND WASHINGTON

MASSACHUSETTS OFFICE:
52 MULBERRY STREET
SPRINGFIELD, MA 01105
(413) 781-5400

INMATES LEGAL ASSISTANCE
78 OAK STREET
HARTFORD, CT 06106
(860) 246-1118

Exhibit C.

August 3, 2005.

Mr. Lloyd Morgan, Jr.
Inmate # 117796
Cheshire Correctional Institution
900 Highland Ave.
Cheshire, Ct. 06410

Re: Your letter of July 28, 2005.

Dear Mr. Morgan:

I am in receipt of your letter of July 28, 2005. As you note in your letter, you have filed
grievances with the bar association against myself and some of the attorneys in my firm. That is
your right to do so. However, as I told you in my recent letter to you, once that is done, my firm
is in a conflict of interest with you and **cannot**, as required by our Canons of Ethics, **assist you in
any way** with any case. We are forbidden to do so. It would be unethical for us to do so. I
explained that in my letter. Please do not write any more letters requesting assistance. **I am
required to advise you that we cannot assist you in any way.** If you wish to write to the
Commissioner of the Department of Corrections, requesting such assistance, you may do so. My
firm is not even permitted to find another lawyer for you. Thus, I cannot answer the things you
request in your letter.

Very truly yours,

Sydney T. Schulman

STS:eis

MR. LLOYD GEORGE MORGAN, JR. # 117796
CGI
900 HIGHLAND AVENUE
CHESHIRE, CT. 06410-1668

JULY 14, 2005

"Exhibit C-1"

COMMISSIONER OF CORRECTIONS
THERESA C. LANTZ
24 WOLCOTT HILL ROAD
WETHERSFIELD, CT. 06109

DEAR COMMISSIONER LANTZ,

      I RESPECFULLY APPEAL TO YOUR OFFICE IN GOOD FAITH, FOR URGENT REMEDY, AND CONSIDERATION IN REGARD TO YOUR OFFICE'S DUTY TO PROVIDE STATE OF CONNECTICUT PRISONERS WITH PERSONS TRAINED AT LAW TO PURSUE ISSUES DEALING WITH PRISONERS RIGHTS.

      THE INMATES LEGAL ASSISTANCE PROGRAM, AND IT'S ATTORNEYS, EXECUTIVE ATTORNEY SYDNEY T. SCHULMAN AND HIS AGENTS, SUPERVISOR ATTORNEY JANE STARKOWSKI AND HER AGENT ATTORNEY RICHARD P. CAHILL, HAVE SUBJECTED ME TO HARASSMENT AND RETALIATION. THEY HAVE NOW STARTED TO REFUSE TO RETURN MY PHONE CALLS TO THEM, AND TO COMMUNICATE WITH ME CONCERNING MY PENDING CIVIL RIGHTS CASES, TITLED: LLOYD GEORGE MORGAN, JR. V. GOVERNOR JOHN G. ROWLAND, et al., CASE No. 3:01 cv 1107 (CFD) (WIG); AND LLOYD GEORGE MORGAN, JR. V. MATHEW REGAN, et al., CASE No. 3:05 cv 873 (JBA), BOTH PENDING IN FEDERAL COURT, UNITED STATES DISTRICT COURT, DISTRICT OF CONNECTICUT.

      BECAUSE I EXERCISED MY FIRST AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION, ALLOWING ME TO REPORT TO THE COURT JUDGES

1