## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LLOYD GEORGE MORGAN, JR. | : | PRISIONER |
| | : | NO. 3:01CV1107(CFD)(WIG) |
| VS. | : | |
| | : | |
| JOHN J. ARMSTRONG, ET AL. | : | OCTOBER 18, 2006 |

### ANSWER, AFFIRMATIVE DEFENSES AND
### SET-OFF TO SECOND AMENDED COMPLAINT

The defendants in the above-captioned matter answer the plaintiff's Second Amended Complaint in correspondingly numbered paragraphs.

1.    Denied.

2.    The defendants admit that the plaintiff makes contends certain deprivations and violations of his constitutional rights, but denies any such deprivations or violations.

3.    The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

4.    Denied.

5.    The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

6-10.    Admitted.

11.    The defendant Michael Lajoie admits that at times relevant to this complaint he was the correctional Major of Operations at Northern Correctional Institution and that he is sued in his individual and official capacities.  As to the remainder of allegations contained in this paragraph, the defendant is without sufficient information upon which to form a belief and therefore leaves the plaintiff to his proof.

12.      The defendant Christine Whidden admits that at times relevant to this complaint she was the correctional Major of Programs and Treatment at Northern Correctional Institution and that she is sued in his individual and official capacities.  As to the remainder of allegations contained in this paragraph, the defendant is without sufficient information upon which to form a belief and therefore leaves the plaintiff to his proof.

13-15.    Admitted.

16.      The defendants reincorporate their responses to previous numbered paragraphs.

17-18.    The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

19.      Admitted.

20.      Denied.

21.      Admitted.

22.      Admitted.

23.      Denied.

24.      Denied.

25.      The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

26.      Admitted.

27.      Denied.

28.      Denied.

29.      Denied.

30.      Denied.

31.     The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

32.     The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

33.     The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

34.     Denied.

35.     Denied.

36.     The first sentence is denied.  The second sentence is admitted.

37.     Denied.

38.     Admitted.

39.     The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

40.     The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

41.     Admitted.

42.     The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

43-48.     Denied.

49.     The defendants reincorporate their responses to previous numbered paragraphs.

50.     The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

51-52.    The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

53.    The defendants admit that while at Northern, the plaintiff made numerous requests for mental health treatment and for a single cell.  As to the remainder of allegations contained in this paragraph, the defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

54.    Denied.

55.    Denied.

56-57.    The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

58-60.    Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act.

### THIRD AFFIRMATIVE DEFENSE

Each and every defendant in this action is entitled to qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

The Prison Litigation Reform Act prohibits plaintiff from recovering as to some of his allegations as he failed to allege a physical injury.

### FIFTH ADMINISTRATIVE DIRECTIVE

The Eleventh Amendment provides immunity.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff's claims are precluded by Conn. Gen. Stat. §§ 4-141 through 4-164 and § 4-165.

### SEVENTH AFFIRMATIVE DEFENSE

The defendants do not have sufficient personal involvement in any constitutional violations alleged.

## DEFENDANTS' CLAIM FOR SET-OFF

Should the plaintiff be awarded any damages as a result of this action, however unlikely and unjust, the State is entitled to the recoupment of any monies paid by the State on behalf of the plaintiff or any dependents, including but not limited to the costs of incarceration both currently owed and anticipated for the remainder of his sentence(s).

DEFENDANTS,
John Armstrong, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:_____/s/_____
Lynn D. Wittenbrink
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar No. ct08575
Telephone No.:  (860) 808-5450
Fax No.:  (860) 808-5591
Email:  lynn.wittenbrink@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following, first-class postage prepaid on this 18th day of October, 2005:

Lloyd George Morgan, Inmate No. 117796
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT  06410

Annette M. Lamoreaux
Connecticut Civil Liberties Union
32 Grand Street
Hartford CT 06106

_____/s/_____
Lynn D. Wittenbrink
Assistant Attorney General