UNITED STATES DISTRICT COURT    **FILED**
DISTRICT OF CONNECTICUT    2006 FEB 22 P 12:03

U.S. DISTRICT COURT
BRIDGEPORT CT

LLOYD GEORGE MORGAN, JR    NO. 3:01CV1107(CFD)(WIG)
V.
GOVERNOR JOHN G. ROWLAND, et. Al.    Date  2-15-2006

## MOTION FOR COURT ORDER AND MOTION FOR COURT CONSIDERATION

1.) Now comes the pro-se plaintiff Lloyd George Morgan, Jr Moves this Court in Good faith as well as the best interest of Justice, First making clear to this Honorable Federal Court Justices that on 1-20-2006 he was transferred in Retaliation from Cheshire Prison facility Protective Custody unit after receiving constant threats that if he continues to exercise his rights to file Grievances and Complaints against prison officials and litigate his cases Against (D.O.C.) Dept. of Corr. he would be Transferred, Plaintiff put this Court on Notice of those threats thats in the Courts file to this case.

2.) Plaintiff have 2 other cases pending Being Morgan V. Rospan, 3:05CV873(JBA)(JGM) and the Prison officials carried out there threats to Transfer plaintiff this Court should also consider that he is a sentence prisoner to over 24 yrs and that he was transferred to The Bridgeport County Jail Protective Custody unit where the Living conditions are very poor and Not Fit For a Inmate sentence to 24 yrs or more.

→

3.) also its illegal to Retaliate against a PRISONER for the reasons mentioned and THE 2nd CIRCUIT Court has Ruled against PRISON officials many times for these reasons see: Sostre v. McGinnis 694 F.2d 172,189 (2nd Cir. 1971) see ALSO Davidson v. Scully 694 F.2d 50, 54 (2nd Cir. 1982) Mahwinney v. Henderson, 542 F.2d 1, 3 2nd 1976. Colon v. Caughlin, 58 F.3d 865 (2nd Cir. 1995) Franko v. Kelly, 854 F.2d 589 (2nd Cir. 1988) Affirming a Prisoners right against Retaliation for filing grievances against Prison officials. see: Cornell v. Wood, 69 F.3d 1383 (8th Cir. 1995) the Plaintiff and his attorney won this case for doing the same thing to him that has also happened to me, Plaintiff informs this Court that he has a conflict of interest with the Inmates' Legal asst. Program Attorneys and have filed grievances with the BAR against them and the federal Law suit of Morgan v. Lantz, et al 3:05 CV/659 (MRK)(WIG) and He has no access to Persons Trained at Law or Anything as they acted as Law Library and Persons Trained at Law for Prison officials.

4.) Plaintiff Appeal to Commissioner Lantz of Dept of Corr. CT. for Provisions to be made to provide Plaintiff with Another firm to help him litigate his cases, it was Refused he was Denied Any And All Remedy. today of 2-14-2006 Plaintiff received a Apperence Dated 2-7-2006 From American Civil Liberties Union Atty. Renee C. Redman Filed a Appearence as Amicus for Plaintiff, see a copy of said Appearance attached or inclosed to this motion.

4.) Plaintiff informs this court that he has no means to effectively defend this case and is poorly trained or skilled at these complex matters, and is at a big disadvantage, (CCLU) have only filed one Amic Brief in this case since then they have refused any and all mail from plaintiff and inform plaintiff not to send them any mail and if he does its return marked refused they will not communicate with plaintiff but yet they keep filing appearances confussing plaintiff and this court that there concern for the case, plaintiff was not able to file a effective and proper response to the defendant's motion for summary judgement pending for these reasons.

5. Plaintiff ask since this court is clear of my problem with not having effective access to the court to respond to complex pleading plaintiff ask if this court would consider asking (CCLU) Attorney Redman if she would file a brief in Response to defendants motion pending for summary judgement so plaintiff can have a fair chance that this court strike some type of balance of fairness for plaintiff as (CCLU) said in there brief if this court had any questions or needs let them know. Plaintiff also filed a objection and appeal to head district judge on judge Garfinkell, last denial of plaintiff request for renewal of appointment of counsel request this court never aknowledge it or ruled on it.

→

6.) The court clerks also didnt know where it was when I called about it a few weeks ago. This motion was mailed months ago to the court please order it found and the court rule on it. Plaintiff ask if the court will grant him appointment of counsel. Plaintiff ask if this court will ask (ACCLU) Atty. ~~Redman~~ Redman, office will make clear if the plaintiff is allowed to communicate with them about this case and why they refuse his mail and phone calls and can they meet with him on these matters or file a answer to the pending motion for summary judgement, to show there position to it? As they are miss leading this court and confussing plaintiff as to why they are filing appearence in plaintiff case and refuse to help or even communicate with him its like discrimination, its also making the court think there helping me when they are not. Plaintiff ask that this court address the retaliation transfert and order remedy as it see fit. Plaintiff thanks this court for its time.

By the plaintiff Lloyd George Morgan, JR

Mr. Lloyd George Morgan, JR
#117796
Bridgeport Correctional Ctr.
1106 North Ave
Bridgeport, CT 06604
2-15-2006

## CERTIFICATION

This is to Certify that on this 15, day of February 2006 a copy of the foregoing has been Mailed postage paid to:

Lynn D. Wittenbrink
Assistant Attorney General
Mackenzie Hall
110 Sherman Street
Hartford, CT 06105

American Civil Liberties Union Foundation
Attorney Renee C. Redman
32 Grand Street
Hartford, CT 06106

By the plaint. Lloyd George Morgan, JR

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LLOYD D. GEORGE MORGAN, JR. | : | CIVIL NO. |
| | : | 3:01CV1107 (WIG)(CFD) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GOVERNOR JOHN G. ROWLAND, et al. | : | |
| | : | February 7, 2006 |
| Defendants. | : | |

**APPEARANCE**

Please enter my appearance as amicus for the plaintiff in the above-captioned action, in lieu of Annette Lamoreaux.

Respectfully Submitted,

BY: _____
Renee C. Redman (ct16604)
American Civil Liberties Union
    Foundation of Connecticut
32 Grand Street
Hartford, CT 06106
Telephone: 860-247-9823 x 211
Fax: 860-728-0287
E-mail: rredman@acluct.org

## CERTIFICATE OF SERVICE

This is to certify that on this 7th day of February 2006, a copy of the foregoing has been mailed postage prepaid to:

Lynn D. Wittenbrink
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT 06105

Lloyd George Morgan Jr.
Inmate #117796
Northern Correctional Institute
PO Box 665
Somers, CT 06071

Renee C. Redman

| State of Connecticut<br>Department of Correction<br>ADMINISTRATIVE DIRECTIVE | DIRECTIVE NUMBER<br>2.17 | EFFECTIVE DATE<br>May 10, 2002 | PAGE 1 OF<br>5 |
|---|---|---|---|
| | SUPERSEDES: Employee Conduct - 3/15/00 | | |
| APPROVED BY [signature] 4/8/02 | TITLE: Employee Conduct | | |

1. **Policy.** Each employee of the Department of Correction shall engage in appropriate and ethical conduct while carrying out official duties and while engaged in off duty activities which directly reflect on the Department.

2. **Authority and Reference.**

   A. Connecticut General Statutes, Sections 1-80 through 1-89, 5-266a through 5-268, 18-81, 53a-65, 53a-71 and 53a-73a.
   B. American Correctional Association, Standards for Administration of Correctional Agencies, Second Edition, April 1993, Standards 2-CO-1C-01 and 2-CO-1C-04.
   C. American Correctional Association, Standards for Adult Correctional Institution, Third Edition, January 1990, Standards 3-4061 and 3-4067.
   D. American Correctional Association, Standards for Adult Local Detention Facilities, Third Edition, March 1991, Standards 3-ALDF-1A-21, 3-ALDF-1C-15 and 3-ALDF-1C-23.
   E. American Correctional Association, Standards for Adult for Probation and Parole Field Services, Third Edition, August 1998, Standard 3-3047.
   F. American Correctional Association, Standards for Correctional Training Academies, Standard 1-CTA-1C-01.
   G. Hatch Act, 5 USC, Sections 1501 through 1508.
   H. Administrative Directives 6.2, Facility Post Orders and Logs; 9.6, Inmate Grievances; and 10.7, Inmate Communication.

3. **Definition.** For the purposes stated herein, the following definition applies:

   **Immediate Family.** A spouse, parent or step parent, child or step child, grandparent or step grandparent, sibling or step sibling, grandchild or step grandchild.

4. **Employee Responsibility.** Each employee of the Department shall act in a professional, ethical and responsible manner.

   **Chain of Command.** Each Department employee shall become familiar with the tables of organization depicting the Department and Unit chain of command. Each employee shall show respect to any ranking member of the Department and shall obey any lawful order of a supervisor. An employee given an instruction or order which conflicts with a previous instruction or order shall inform the present supervisor of the conflict and follow the order as directed.

20. Report immediately any threat, act of intimidation, harassment, physical or verbal abuse or assault to a supervisor.

B. The following behavior shall be strictly prohibited:

1. Any act that jeopardizes the security of the unit, health, safety, or welfare of the public, staff or inmates.
2. Excessive or unnecessary use of force.
3. Unauthorized possession of non-department issued firearms or other weapon while on duty or state property.
4. Convey unauthorized items into or out of a facility, or other correctional unit.
5. Sleeping or inattentiveness while on duty.
6. Unauthorized distractions while on duty, e.g., reading materials, radios or televisions.
7. Abuse of sick time, accrued leave or workers' compensation.
8. Report to work under the influence of alcohol or illicit drugs, or consume alcohol while on duty or while in uniform.
9. Enter into a correctional unit when off duty unless previously authorized.
10. Engage in abusive or obscene language, threats and/or intimidating behavior.
11. Engage in unprofessional or illegal behavior, both on and off duty, that could in any manner reflect negatively on the Department of Correction.
12. Engage in any activity, which would conflict with the proper discharge of or impair the independence of judgment in the performance of duty.
13. Engage in bartering, gambling or games of chance with inmates.
14. Engage in retaliation or reprisal against an inmate for engaging in activities that are protected by law or directive. Such protected activities include, but are not limited to: filing a grievance in accordance with Administrative Directive 9.6, Inmate Grievances; accessing courts; and engaging in privileged correspondence in accordance with Administrative Directive 10.7, Inmate Communication.
15. Engage in undue familiarity with inmates which includes, but shall not be limited to, the following:

    a. any sexual contact between a staff member and an inmate and/or person under the Department's supervision, or continuing criminal sanction (e.g., parole, probation);
    b. sexualizing a situation without physical touching such as partaking in activities involving suggestive or pornographic photographs, suggestive or explicit letters or behavior which provides sexual gratification;
    c. holding a position of supervisory or disciplinary authority and participating in sexual behaviors or undue familiarity with an inmate as defined in (a),

Case 3:01-cv-01107-CFD    Document 210    Filed 02/22/2006    Page 10 of 11

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE | OF |
|---|---|---|---|
| 2.17 | May 10, 2002 | 5 | 5 |
| TITLE | Employee Conduct | | |

    28. Intentionally withholding information necessary for the completion of an investigation.

    29. Failure to properly conduct tours and/or inmate counts.

6. <u>Supervision of Family Members</u>. A Department employee shall not be employed in any position that places the employee above or under the chain of command, direct or functional, of any immediate family member or cohabitant, nor shall the employee be placed above or under the chain of command, direct or functional, of any immediate family member of the employee's spouse or cohabitant. A relationship between family members who are not immediate family as defined in Section 3 of this Directive may preclude placement of an employee in a chain of command. Such relationship shall be evaluated by the appropriate Deputy Commissioner on a case by case basis. Any employee who becomes romantically linked to another in the chain of command, direct or functional, shall notify the Unit Administrator in writing in order to make assignments consistent with the principles noted above. Similar principles shall apply to the supervision of contract employees, and the awarding, or advocating the award, of a contract to related parties as noted above.

7. <u>Reporting Code Violations</u>. Each Department employee shall report to a supervisor or appropriate personnel any policy violation or breach of professional conduct involving the public, staff or inmates under the jurisdiction of the Department of Correction.

8. <u>Exceptions</u>. Any exception to the procedures in this Administrative Directive shall require prior written approval from the Commissioner.

CN 13
Rev. 9-25



# Administrative Directives Revision Form
## Connecticut Department of Correction

| Number | 2.17 | Title | Employee Conduct |
|---|---|---|---|

| Revisions appear on: | Page | Section | Page | Section |
|---|---|---|---|---|
| | | | | |

**Summary of revisions:**

Section 5(B)(15)(c) removed the word inappropriate and references section 15(a).

Section 5(B) added (28) and (29) as prohibited behavior.

| Revisions are: | ☑ New directive | ☑ Modification | ☐ Recision |
|---|---|---|---|
| Approved | *(signature)* | 4/8/02 | |