UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT 2006 MAR 30 P 4:44

LLOYD GEORGE MORGAN, JR          No. # 3:01CV1107 (CFD)(WIG)

V.

GOVERNOR JOHN G. ROWLAND et al   Date 3-23-2006

MOTION FOR RELIEF FROM JUDGEMENT AND

MOTION FOR COURTS CONSIDERATION AND REMEDY

AND MOTION OF OBJECTION

1.) Now Comes The Pro-se plaintiff Lloyd George Morgan, Jr respectfully Moves THIS Court in Good Faith as well as in the best Interest of Justice with respect to Federal Rules of Civil Procedure RULE 60

Plaintiff Prays that the Honorable Justice Christopher F. Droney may Grant this plaintiff Relief From Judgement, regards to THIS Courts Ruling Granting All Defendant's Summary Judgement on any and all Counts of his 42.U.S.C. 1983 Civil Rights Law Suit For The following reasons. on 3-22-2006 plaintiff received THIS Court Ruling and order Dated 3-17-2006 Being Document 213-1 Flied 3-17-2006 Page 1 Through 19, titled RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT.

2.) Plaintiff respectfully up Dates this Court. For the record Plaintiff Have Virous pending Federal Civil Rights cases pending Pro-se Before The United States DISTRICT Courts. against Prison officials at NORTHERN C.I. and Cheshire C.I. FACILITIES.

(1.)

Plaintiff recieved a response from the state of Connecticut Department of Corrections Commissioner LANTZ office to Plaintiff letter dated 8-3-05 from Her staff Para Legal Specialist 2 Dawn M. Dicesare, dated 8-19-2005 Denying Plaintiff Access to the Courts to help File a Proper response to the Court see Inclosed Exhibit H, do to this Plaintiff Filed MORGAN V. LANTZ, et al No. 3:05 cv 1659 (MRK)(WIG) Seeking injunctive relief For Access to the Courts of Persons trained at law, to file a Proper objection to Summary Judgement Motion as it was well to Complex For Plaintiff to respond to effectively.

Plaintiff Clearly objects to this Courts Ruling and its intirety to Dismiss Plaintiff Case and GRANT Summary Judgement and Seeks to Protect All issues For Appellate court Review.

Also see Letter to U.S. Atty Kevin C. O Connor and to Judge D Roney DAted 3-3-2006 Inclosed Marked as Exhibit (F) of 5 pages.

Plaintiff Being Herassed By Prison Officials and Subjected to a Retalitory Transferr on 1-20-06 Its no way Plaintiff Properly Reply to THIS Court Prose With out Counsel Appointed

START of Page 4 (4)

5.) Plaintiff had on going Problems with the Inmates' LEGAL Assistance Program and its Attorneys do to this plaintiff in good faith wrote The Honorable Droney and Garfinkel a Letter Explaining the matter dated as April 21, 2005, see and review said Letter "inclosed Exhibit "D" of 3 pages. Plaintiff was Advised By Attys Cahill and Starkawski, that he should File a Complaint with the Bar Cuncel against them, Plaintiff did so in good faith and on or About July 29, 2005 Atty. Cahill wrote Plaintiff stating ("we have been notified by the Statewide Grievance Committee that you have filed Complaints against me, ILAP Managing Atty. Jane Starkawski and Atty. Sydney T. Schulman, ILAP's administrative Director as a result a conflict of Interest exist that prevents ILAP from providing any further Services. or assistance at this time,") see Letter dated July 29, 2005 Being Exhibit 1. See Letter from atty. Schulman dated the same Marked as Exhibit "B"1 saying the Sure see also Exhibit "C" From Atty Schulman saying the Sure dated August 3, 2005, From Atty. Schulman. inclosed.

6.) Plaintiff was Left with no remedy Plaintiff wrote a Letter Dated 8-3-2005 to Prison Commissioner Lantz office Pleading with Her to Grant him the urgent needed help to respond to the pending motion for Summary Judgenet See inclosed Letter Dated 8-3-05 Marked as Exhibit "2" See Also Exhibit 3 Letter from Atty. Schulman Dated August 25, 2005, Denying Plaintiff Aid to respond to this Court. orders,

(3)

7.) Plaintiff have not in any way or in BAD Faith not Followed this Court orders or Rulings Plaintiff did not Fully understand what a Rule 5 Statement is or the Complexity of it, The main Reason why plaintiff Faild to File the Required Statement is he has no form of Adequate Resources NO PERSONS TRAINED at Law and State of Connecticut PRISON Commissioner LANTZ Office Failed to do her Promised Duty to Grant Remedy Per Connecticut General Statutes, Section 18-81 PER ORDER of the State of Connecticut Order of CONGRESS, as well as the State and Federal Constitution, this court as a Former U.S. Attorney Federal Prosecutor and NOW DISTRICT Judge is well awhere of This obligation.

8.) THIS Court Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. 1367(a) and 42 U.S.C. 1983 by 28 U.S.C. 1361 and Rule 65 of F.R. Civil Pro. THIS court clearly had Jurisdiction to inforce and order Defendant LANTZ or the State to Grant Plaintiff Persons train at law Conflict Free to Aid Plaintiff to comply with this Court and help Prepare a effective objection to Defendants Motion for Summary Judgment, THIS Court Refused to strike any Balance or ora of Fairness te plaintiff Plaintiff was and is over Burden with all these Pro-Se Cases and court orders with no Help

(4) Continuation of Page (4)

9.) PLAINTIFF STATES THIS COURT FAILED TO REALIZE
he is pro-se, and is not Required to cite this or
that case or Rule of Federal Proceedure if He does
Not HAVE it or properly understands it in his
OBJections He made clear to THIS court a Lot of
THE Defendants OBJections and Ethoits with
summary Judgement was false and Possibley
created at At Least he TRY to Say this to This
Court which payed Plaintiff No mind.
SEE: DANZER V. NORDEN SYSTEMS INC, 151 F3d 50 (2nd Cir. 1998)
at summary Judgement all factual inoference must be
resolaved in Favier of The Non mavant.
This Court through out this whole case constantly over
Looked Virus issues brought up to THIS Court in all motions
and Letters, and Acted on what It wanted.
THIS Court Knew There is a credability Contest
With Plaintiff and a Giant orginitation of State of
Connecticut Department of corrections and
its Agents and Attorney Generals office and
Refuse to Appoint counsel.


10). THIS Court Knew it should Have Appointed counsel
or At Least ordered Defendants to Fill its obligation
to Appoint Persons Trained at Law to Assist Plaintiff
to Be Able to Respond to this Court.
THE Facts Are from day one of THIS case
Till Now this Court did not beleive in The
credability of Plaintiff.

(5)

11.) THIS COURT GAVE Plaintiff NO CHANCE EVEN IF Plaintiff Knew How to Properly File a Rule Statement this Court Would Not HAVE taking the word of A Inmate Convict over PRISON officials and is More Reason THIS Court Should have even ask (CCLUF) Attys or Some one to Aid plaintiff In this matter through out this Case plaintiff Saught remedy to HONOR THIS COURTS ORDER see plaintiff Letters Dated ~~~~~ 9-20-05 and 9-19-05 and of July 14, 2005 to Commissioner LANTZ office Seeking EMERGENCY Needed Access to THE COURTS to reply to Summary Judgment and July 20, 2005 Please Keenly Review All of THEM.

12.) also on 9-2-2005 plaintiff Wrote a URGENT letter to Inmates Legal Assistance to PRISONER PRESIdent DiRECToR Atty. Sydney T. Schulman, Seeking Remedy to reply to this Court Telling him a (Doc) Comm LANTz STAFF Dawn M. DICESARE Dated August 19, 2005 that's Inclosed for this Court Review. plaintiff letter Dated 9-2-2005 to sydney T. Schulman office Saught Remedy to comply with this Court Rulings to Defend his Cases. Plaintiff Also asked Atty. Schulman if Comm LANTz (Doc) still Had a Obligation to Grant him Needed Access to THE COURT

(6)

15) Plaintiff ask that any and all pending motions Be considered together with these issues Plaintiff Did all He could to Respect this Court orders he HAD no means to Adequately and effectively Answer a Rule 56 statement Plaintiff is under Hevey stress & Duress Knowing This Court disregarded all his pleas for help & assistance Remedy is sought Plaintiff Thanks this Court

By the Plaintiff *Lloyd G. Morgan Jr*

Mr. Lloyd George Morgan, Jr #117796
Bridgeport Correctional Inst.
1106 North Ave
Bridgeport, CT 06604

CERTIFICATION

This is to Certify that a copy of the foregoing was mailed to All Parties of Record on ~~Date 3-20-2006~~ as so note Below Postage Prepaid on ——→ Date 3-27-2006

Office of the Attorney Generals
(AAG) Lynn D. Wittenbrink
110 Sherman Street
Hartford, CT 06105

Connecticut Civil Liberties Union
Atty. Renee C. Redman,
32 Grand Street
Hartford, CT 06106

By the plaintiff *Lloyd G. Morgan Jr*

Date ~~3-20~~ 3-27-06

(8)

| State of Connecticut Department of Correction | DIRECTIVE NUMBER 10.3 | EFFECTIVE DATE March 15, 1999 | PAGE 1 OF 2 |
|---|---|---|---|
| **ADMINISTRATIVE DIRECTIVE** | SUPERSEDES: Legal Assistance to Prisoners - 3/29/96 | | |
| APPROVED BY [signature] 2/23/99 | TITLE: Legal Assistance to Prisoners | | |

1. **Policy.** The Department shall provide for an inmate's access to courts and for legal assistance through a contracted legal firm.

2. **Authority and Reference.**

   A. Connecticut General Statutes, Section 18-81.
   B. American Correctional Association, Standards for Adult Correctional Institutions, Third Edition, January 1990, Standards 3-4262 through 3-4264.
   C. American Correctional Association, Standards for Adult Local Detention Facilities, Third Edition, March 1991, Standards 3-ALDF-3E-01 through 3-ALDF-3E-01.
   D. Administrative Directive 2.17, Employee Conduct.

3. **Access to Court.** The Department of Correction shall contract with a law firm/agency to provide legal assistance to inmates and inmate access to the civil judicial system. Designated staff at each facility shall expedite access to the contracted vendor through assistance in supportive functions (e.g., legal phone calls, photocopying as appropriate, etc.).

4. **Scope of Services.** The contract services shall be limited to rendering assistance which shall include identifying, articulating and researching legal claims and enabling inmates with access to the judicial system through advice, counsel and physical preparation of meaningful legal papers such as writs, complaints, motions and memorandum of law for claims having legal merit. The meaningful papers referred to shall be limited to those which are needed to give prisoners a reasonably adequate opportunity to present, among other claims, claimed violations of fundamental constitutional rights to the courts, either as a plaintiff seeking judicial relief or as a defendant opposing such relief. Access to the Court shall not include representation before the Court or the filing of an Appearance in a civil case, unless otherwise excepted in the contract as it pertains to Connecticut Correction Institution York or by request of the Commissioner or his designee.

5. **Special Attorney for Connecticut Correction Institution York.** The contract shall provide for a full time attorney to represent the Connecticut Correctional Institution at York in family matters including, but not limited to, divorces, child custody, and Department of Children and Families proceedings. The attorney shall be present at Connecticut Correctional Institution at York at least one (1) day or its equivalent each week. In exceptional circumstances, the attorney shall be permitted to cover continuances and calendar calls in non-Connecticut Correctional Institution at York cases arising in the court in which the attorney is already scheduled to be present.

## Legal Assistance to Prisoners

6.  **Request for Legal Assistance.** Information regarding legal assistance shall be made available to inmates through posted notices, inmate handbooks or orientation information. Each unit shall establish procedures for inmates to request legal assistance. It shall be the responsibility of the contractor to install and maintain a toll free number to facilitate access to the program by inmates.

7.  **Case Records and Confidentiality.** The contractor shall maintain inmate case records documenting all pertinent interactions with inmates. Inmate case records shall include individual and/or group counseling sessions, intake sheets, investigative reports, notes, legal documents prepared for the inmate as a result of said interaction(s) and legal research. Appropriate confidentiality shall be maintained in accordance with the applicable rules of professional conduct and as stated in the contract.

8.  **Reports.** The contractor shall provide the Department with statistical, financial, and programmatic information for the purposes of monitoring and evaluating programs and establishing management information systems.

9.  **Conduct of Contract Staff.** Contract vendor staff, while in a correctional facility, shall be required to conduct themselves in a professional manner and abide by all Department of Correction policy, to include Administrative Directive 2.17, Employee Conduct. In addition, special work rules shall be included in the contract, which shall apply to the contract vendor staff.

10. **Training.** Designated staff at each facility shall be trained on the appropriate provisions of the contract.

11. **Inmate Communication.** In the event that an inmate needs to correspond with another inmate in regard to a pending legal matter, that inmate shall seek an appropriate court order to do so. The inmate seeking the court order may request the assistance of the contract vendor in this process.

12. **Exceptions.** Any exception to the procedures in this Administrative Directive shall require prior written approval from the Commissioner.

Exhibit A.

# LAW OFFICES
## OF
## SYDNEY T. SCHULMAN

Administrative Director
Sydney T. Schulman, Esq.

Managing Attorney
Jane Starkowski

### INMATES' LEGAL ASSISTANCE PROGRAM

Staff Attorneys
Richard P. Cahill
Peter Downs
Jessica J. York
Michael A. Rubino, Jr.
Kenneth J. Speyer
Jenna M. Edmundson

November 3, 2003

Mr. Lloyd George Morgan, Jr.
#117796
Northern CI
287 Bilton Road
P.O. Box 665
Somers, CT 06071

Re: Morgan v. Rowland, No. 3:01CV1107 (CFD) (WIG)

Dear Mr. Morgan:

This letter will serve as confirmation of the fact that Inmates' Legal Assistance Program is unable to assist you in the above-referenced matter.

Very truly yours,

Richard P. Cahill
Attorney at law

78 OAK STREET • P.O. BOX 260237 • HARTFORD, CT  06126-0237 • TEL. (860) 246-1118 • FAX (860) 246-1119
TOLL FREE NUMBER 1-800-301-ILAP

LAW OFFICES OF

# FRANK J. RICCIO, LLC

P.O. BOX 491 • BRIDGEPORT, CT 06601-0491 • (203) 333-6135
TELECOPIER: (203) 333-6190

FRANK J. RICCIO*
FRANK J. RICCIO, II
AGUSTIN SEVILLANO

OFFICE LOCATION:
923 EAST MAIN STREET
BRIDGEPORT, CT 06608-1914

*ADMITTED: CT & NY
BOARD CERTIFIED
CRIMINAL TRIAL ADVOCACY

EXHIBIT "B"

September 20, 2002

Lloyd George Morgan
Inmate # 117796
Northern Correctional Institution
287 Bilton Road
PO Box 665
Somers, CT 06071

RE:    **Morgan v. Rowland et al.**
       Docket No. 3:01CV1107(WIG)(CFD)

Dear Mr. Morgan:

I am in receipt of your letter dated September 6, 2002. Please be advised that I have taken the time to review the materials that you have provided to my office. I do think that you have done a fine job compiling this complaint together.

Despite not knowing very much about the facts of your case, I don't see any weak or unpersuasive points that are presented in your complaint. If the facts as you state them can be proven and substantiated, you have a good opportunity to be awarded money damages.

(As a side issue, be advised that if you do win money damages, the Bureau of Prisons will place a lien on any successful recovery you have. That lien typically is for your "costs of incarceration" and, depending on your period of incarceration, could total over one hundred thousand dollars).

At this point in time, the pro bono caseload in my office is already overloaded. As a result, my office cannot assist you in this matter.

I do wish you the best of luck in the future.

Very truly yours,

FRANK J. RICCIO II

*EXHIBIT "D"*

MR. LLOYD GEORGE MORGAN, JR.
INMATE NUMBER#117796
CHESHIRE CORRECTIONAL INSTITUTION
900 HIGHLAND AVE
CHESHIRE, CT 06410

DATE <u>APRIL, 21</u> <u>2005</u>

Dear <u>**HONORABLE**</u>: Federal Judges Christopher F. Droney, and William I. Garfinkel,
I respectfully write your Office in Good faith as well as in the Best Interest
of Justice regards  TO:<u>LLOYD GEORGE MORGAN, JR. V. GOV. ROWLAND</u>, ET. AT. CIVIL NO. 3:01CV1107
(CFD)(WIG).

this Case is pending before your Court I filed the Complaint in Good faith Around the
Year of 2001 Pro-Se. to try to protect the saving of the issues and my Respected
Federally Protected Rights. doing many points of the Litigation I Filed many
Motions and some may have seem I was Being Disrepectful to this Court.

I want to take the time to **Apologize** to you <u>**both**</u> and your **Staff** and Ask <u>**Kindly**</u> that you
<u>**Forgive**</u> my <u>**Short-Comings.**</u> also Understand I was and am very Fustrated and I am Poorly
Educated at the Law It is true that I have Filed  Virious Different Cases over the
Years But I was Never able to Fully Litigate any of them all alone to trial
and had the help of <u>Many Different Laymen JailHoues Lawyers that helped me</u>,in the
Past. this writer has a Mental Disability that Hinders him in many areas
of his Life and it should be clear to this Court in the many Pleading of Motions
the plaintiff filed that un-intentionally he Cause this court to become Short
patence with him and some what Vex.

Plaintiff States that He was denied help by the Legal Assistance Program Attorneys
Being attorney Richard P. Cahill, and His Supervisor and told they Would not help him
as the case Did Not present a Prima facie Case. See attached Section of atty.Cahill,
Letter saying this dated August 23, 2002 attatched see another Letter saying
(I.L.A.P.) Saying(I.L.A.P.) is unable to help me, also inclosed.
plaintiff sent this same first Amended Complaint to law office of Atty. Frank J.
Riccio, who Reveiwed the Complaint who is a Well trained Atty. in Civil
and Criminal Law as well as all the Atty!s in his Firm are. in his letter to me
in reply to my letter of September 6, 2002 his Letter of September 20, 2002
makes clear that all the issues was of Merit and value this was my First amended
Complaint of around 22 Defendants see a copy of Atty. Riccio, Letter inclosed.

Your Honor's Sir even (CCLUF) Atty.Philip D. Tegeler, office filed a Amicus Brief
clearly outlining issues of value in this case. its well known to this Court
that (CCLUF) have Handled many Class Actions and Cases for Prisoners over
the Past 20 years and Knows what they are Talking about and doing and is even
More Experence then (I.L.A.P.).

MR. LLOYD GEORGE MORGAN,JR.
INMATE NUMBER#117796
CHESHIRE CORRECTIONAL INSTITUTION
900 HIGHLAND AVE
CHESHIRE, CT 06410

DATE ARIIL 21, 2005

Plaintiff ask of this Court to Consider the **FACT** that there Very well may
be A **Conflict of interest in Full Effect**, with this plaintiff and the Inmates'
Legal Assistance program and its Attorneys for these reasons this writer have
Wrote many Complaints against Atty.Cahill, to his Supervisors Atty. Jan Starkowski,
and Sydney T. Schulman, in Good faith Complaining of Discrimination and what
he was Concern on that may be Unprofessional Conduct or Illegal in nature.
and the issues of being denied Effective asst. of Counsel Help or trained at law
or Aduqate Help and sincer Review of his issue.

and do to no Remedy granted to there supervisor, plaintiff wrote complaints
to former Department of Corrections Commissioner John J. Armstrong,
regards to being denied help and that (I.L.A.P.) is using the said
Contrack against this Prisoner to,deny him Fundamental rights or
that it was Unethical and illegal, some of these issues was Wrote to
Attorney General Richard Blumenthal and his agents that was Never addressed.
do to this Caused **Dislike** and **ANIMUS** and or A Biased and or Indifferent Conduct
of the Inmates' Legal Asst.Program and its Attorneys towards this writer,
and plaintiff was told when he requested Help from them in Filing A Answer
to the motion to Dismiss that was pending he was denied all Help
and told that he had to give up his othere issue or else he would get no
help and plaintiff was forced to give up his issue of need for proper
Mental health Treatment and the excsessive force issue and many Good
issues and take what I get from them or my Case dismissed.

the New Amended Complaint removed many issues of Merit and Sincer Value
for the two issues Left in Morgan V. Rowland, Et. Al. which now has made the case
seem Weak and for the defendants to be able to move for Summary judgement as this
Court recommended in its inclosed ruling dated April 12, 2005 of all issues
I am talking about. plaintiff is thankful for any help he Got from the
said (I.L.A.P.). Program Attys. it is a possible conflict of interest
ethical issues of Concern and possible undivided Loyalty to the Plaintiff
in giving the Advice that was not Correct as all inlcosed may show.
plaintiff is in dire need Of this Court to Consider to Appoint Counsel
Pro-bono to handle the case and be able to prepair the case for a Jury
Trial or reasonable Remedy or settelment the Plaintiff is not able to
effectively Defend this case Pro-se and for the Court to wait till
the Trial then appoint counsel would put Counsel and Plaintiff at
a Big Disadvantage as the attorney will not know the case to properly
try the case this Court should consider all these Factors with His motion
For Renew'al For Appointment of Counsel it should aslo so note that
per the Contrack (I.L.A.P.) have With (D.O.C.). they are not allowed to appear in court
and file a appearence on my behalf and this is needed please consider all the
isssue and order reasonable remedy and referr for review where needed this Court
should address the issue of Conflict of interest

Plaintiff ask that this Court Keenly Consider his Sitaution and also realize
that the office of the attorney General is A Professional Corperation with
unLimitted Rescources Computerized Law Librarys Sevral Top Class attorneys
and Skills the Plaintiff does not have and the Plaintiff sitaution Pined
against this is Very Unjust this is Not what are Court system Should be about
where the Rich and Powerful get Justice and the Poor as my Self have not
Fair Effective chance at Justice I Pray the plaintiif pleas for help is granted
for Remedy and Appointment of Counsel of a Firm who is not biased of him
who will Give him the Chance that he is intilted to.
I thank this Honorable Court and Its Staff for all its consideration and efforts
in this matter please Respond

By the Plaintiff

*Lloyd George Morgan Jr*
Mr. Lloyd George Morgan,Jr#117796
Cheshir Correctional Institution
900 Highland Ave
Cheshire, Ct 06410

CC. (AAG) Lynn D Wittenbrink,
CC. (CCLUF) ATTY. Annette M. Lamoreuax
CC. INMATES" LEGAL ASSISTANCE PROGRAM  ATTY.Cahill,&Starkowski,
CC HONORABLE JUDGES DRONEY & GARFIKEL,
CC. LGM/
Filed.

**LAW OFFICES
OF
SYDNEY T. SCHULMAN**

Administrative Director
Sydney T. Schulman, Esq.

Managing Attorney
Jane Starkowski

**INMATES' LEGAL ASSISTANCE PROGRAM**

"Exhibit A" 

Staff Attorneys
Richard P. Cahill
Peter Downs
Jessica J. York
Michael A. Rubino, Jr.
Kenneth J. Speyer
Jenna M. Caulfield

July 29, 2005

Mr. Lloyd George Morgan, Jr.
#117796
Cheshire CI
900 Highland Avenue
Cheshire, CT 06410

Dear Mr. Morgan:

This letter will serve as Inmates' Legal Assistance Program's response to the following: a letter dated July 4 and received July 7, 2005; a letter dated July 6 and received July 12, 2005; a letter dated July 8 and received July 15, 2005; a letter dated July 13 and received July 18, 2005; and a letter dated July 25 and received July 28, 2005.

We have been notified by the Statewide Grievance Committee that you have filed complaints against me, ILAP Managing Attorney Jane Starkowski and Attorney Sydney T. Schulman, ILAP's administrative director. As a result, a conflict of interest exists that prevents ILAP from providing any further assistance to you at the present time.

I am returning unreviewed the documents you sent with your letters. We will not be able to assist in regard to any of the issues addressed in the letters.

Very truly yours,

Richard P. Cahill
Attorney at law

Enclosures

78 OAK STREET • P.O. BOX 260237 • HARTFORD, CT 06126-0237 • TEL. (860) 246-1118 • FAX (860) 246-1119
TOLL FREE NUMBER 1-800-301-ILAP

LAW OFFICES OF
## SCHULMAN & ASSOCIATES
ATTORNEY AT LAW
10 GRAND STREET
HARTFORD, CONNECTICUT 06106-1596

SYDNEY T. SCHULMAN*
ROBERT E. SCHULMAN**

(860) 522-2960
FAX: (860) 522-0130

*   ALSO ADMITTED IN
    MASSACHUSETTS AND MINNESOTA
**  ALSO ADMITTED IN
    NEW YORK AND WASHINGTON

"EXhibit B"-1

MASSACHUSETTS OFFICE:
52 MULBERRY STREET
SPRINGFIELD, MA 01105
(413) 781-5400

INMATES LEGAL ASSISTANCE
78 OAK STREET
HARTFORD, CT 06106
(860) 246-1118

July 29, 2005.

Mr. Lloyd Morgan
Inmate # 117796
Cheshire Correctional Institution
900 Highland Ave.
Cheshire, Ct. 06410

Re: Your letter of July 13, 2005.

Dear Mr. Morgan:

I am in receipt of your letter of July 13, 2005, requesting assistance, which I received when I
returned from vacation a couple of days ago.  Yesterday I was advised and today I received a
Grievance Complaint from the Bar Association which you recently filed against me, Atty. Cahill
and Atty. Starkowski.  Consequently, we are no longer permitted, pursuant to the rules of our
Canons of Ethics from assisting you in any way.  This also applies to all other attorneys in our
firm.  I do wish you well in your future endeavors.

Very truly yours,

*Sydney T. Schulman*

Sydney T. Schulman

STS:eis

Cc: Attorney Jane Starkowski
    Attorney Richard Cahill

LAW OFFICES OF
## SCHULMAN & ASSOCIATES
ATTORNEY AT LAW
I O GRAND STREET
HARTFORD, CONNECTICUT 06106-1596

SYDNEY T. SCHULMAN*
ROBERT E. SCHULMAN**

(860) 522-2960
FAX: (860) 522-0130

MASSACHUSETTS OFFICE:
52 MULBERRY STREET
SPRINGFIELD, MA 01105
(413) 781-5400

* ALSO ADMITTED IN
MASSACHUSETTS AND MINNESOTA
** ALSO ADMITTED IN
NEW YORK AND WASHINGTON

*Exhibit C.*

INMATES LEGAL ASSISTANCE
78 OAK STREET
HARTFORD, CT 06106
(860) 246-1118

August 3, 2005.

Mr. Lloyd Morgan, Jr.
Inmate # 117796
Cheshire Correctional Institution
900 Highland Ave.
Cheshire, Ct. 06410

Re: Your letter of July 28, 2005.

Dear Mr. Morgan:

I am in receipt of your letter of July 28, 2005. As you note in your letter, you have filed grievances with the bar association against myself and some of the attorneys in my firm. That is your right to do so. However, as I told you in my recent letter to you, once that is done, my firm is in a conflict of interest with you and **cannot**, as required by our Canons of Ethics, **assist you in any way** with any case. We are forbidden to do so. It would be unethical for us to do so. I explained that in my letter. Please do not write any more letters requesting assistance. **I am required to advise you that we cannot assist you in any way.** If you wish to write to the Commissioner of the Department of Corrections, requesting such assistance, you may do so. My firm is not even permitted to find another lawyer for you. Thus, I cannot answer the things you request in your letter.

Very truly yours,

Sydney T. Schulman

STS:eis



"Exhibit D"

MR. LLOYD GEORGE MORGAN,JR
INMATE#117796
CHESHIRE CORRECTIONAL INSTITUTION
900 HIGHLAND AVE
CHESHIRE, CT 06410

Date 8/3/2005

Dear Commissioner Theresa C. Lantz,

How are You Doing? Good I Hope And Pray I Respectfully Appeal
Directly to Your Office Seeking Urgent Consideration and Help
the Nature of my Complaint is that I Have Two Civil Rights
Cases Pending in the United States District Federal Court
regards to Prisoners rights and issues of Confinement.
Titled <u>Morgan V. Rowland,</u> ET AL. Case No. 3:01CV1107(CFD)(WIG)

also & <u>Morgan V. Regan,</u> ET AL. Case No.3:05CV873(JBA)(JGM)

in Which I am Pro-se on that are Very Complex in Nature ·the Cases
Have Merit and they Was Prepaired or Amended By the Inmates'
Legal Assistance To Prisoners Program Atty. Richard P. Cahill,
I Wrote you Lettere Dated July 14, 2005 & July 20, 2005
Clearly so Noting the Conflict of Intrest with me and this Firm
as well as the Nature of the Problem please relocate those
Letters and Packet of Dockuments sent with it to your Office
 asking that you please Make Provisions to Urgently
appoint another Firm to Help Me Defend these Cases
I Have Asked (I.L.A.P.) Dir. ATTY. Sydney T. Schulman, for
Emergency Help and Att. Cahill, Help of persons Trained at
Law and I Just Received Two Letters From them saying that that
Firm nor any of its Staff Could Help me any Longer Due
to A Conflict of Interest see Copies of Both Letters Inclosed
Both Dated July 29, 2005 From Attys. Schulman & Cahill.
this Is Clear Evidence of what O am Telling you is true.

As you Know by Statute & Law Your Office Have a Obligation
to See that Persons Traned at Law Help Me Defend these Cases
Because my cases are at A Critical Stages pending Forth Coming
Motions to Dismiss & Summary Judgement that are to Complex for
this writer I Seek Persons Trained at Law or that you
Order (I.L.A.P.) To fill the Promise Made to provide the
said needed Service if you Dont act Quickly or fast injury
to my Cases will Happend and Your offcie will be at Fault
please rectify these Matters thank you please reply.
Ps. also see Inclosed Atty. Schulman Letter Dated 8-3-05 .
                          Yours Truly

                  Lloyd George Morgan Jr

CC. Federal Judges C. F. Droney & W. I. Garfinkel,
 CC. office of attorney Generals Steve R. Strom, & Wittenbrink,
CC. LGM/ Filed

LAW OFFICES OF

# SCHULMAN & ASSOCIATES

ATTORNEY AT LAW

10 GRAND STREET

HARTFORD, CONNECTICUT 06106-1596

Exhibit "3"

(860) 522-2960

FAX: (860) 522-0130

SYDNEY T. SCHULMAN*
ROBERT E. SCHULMAN**

\* ALSO ADMITTED IN
  MASSACHUSETTS AND MINNESOTA
\*\* ALSO ADMITTED IN
  NEW YORK AND WASHINGTON

MASSACHUSETTS OFFICE:
52 MULBERRY STREET
SPRINGFIELD, MA 01105
(413) 781-5400

INMATES LEGAL ASSISTANCE
78 OAK STREET
HARTFORD, CT 06106
(860) 246-1118

August 25, 2005.

Mr. Lloyd George Morgan, Jr.
Inmate # 117796
Cheshire Correctional Institution
900 Highland Ave.
Cheshire, Ct. 06410

Re: Your letter of August 20, 2005.

Dear Mr. Morgan:

I am in receipt of your letter of August 20, 2005. **As I stated to you in my recent letter, neither I nor any lawyer in my firm is permitted to give you advice, represent you or assist you in any way.** This is in accordance with our Canons of Ethics. Your understanding of what a court would do if a client files a request in a criminal case to dismiss and attorney after the client files a grievance against that attorney is <u>incorrect.</u> If the client had filed a grievance, the court would have no alternative but to dismiss the attorney from the case. There <u>would</u> be a conflict of interest. It has nothing to do with whether the grievance committee ultimately finds probable cause.

If CO Philbrick or anyone else there is opening your legal mail, you have every right to file a grievance. <u>Opening your legal mail is improper.</u> Although this office has a contract to fulfill the Department of Correction's obligation to provide meaningful access to courts, <u>it does not,</u> by our contract, have to do so if it would in any way violate our Canons of Ethics. Also, <u>it does not,</u> if in our professional opinion, the inmate does not have a case with the minimal sufficient evidence to withstand a Motion For A Directed Verdict at the end of the plaintiff's evidence at trial. You have the right to contact the Department of Correction to ask for other representation if we are prevented by our Canons of Ethics from assisting you. <u>You have done that.</u> <u>Therefore, we can do nothing more.</u> I am sorry, but there is nothing further my firm can do for you.

Very truly yours,

Sydney T. Schulman

STS:eis



# STATE OF CONNECTICUT
## DEPARTMENT OF CORRECTION
### 24 WOLCOTT HILL ROAD
### WETHERSFIELD, CONNECTICUT 06109

ExHiBit "4"

Theresa C. Lantz
Commissioner

August 19, 2005

Lloyd G. Morgan, Jr. #117796
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

Dear Mr. Morgan:

I am in receipt of your letter dated August 3, 2005 to Commissioner Lantz of the Department of Correction. In your letter you request that we refer your letters and documents to a newly appointed law firm to assist you in your two civil cases. On July 20, 2005, you filed a complaint to The Statewide Bar Counsel against the Law Offices of Schulman & Associates. As advised by Attorney Schulman, due to a conflict of interest created by said grievance, his law firm can no longer assist you in any way with regard to your two civil cases.

Pursuant to Administrative Directive 10.3, the Department of Correction, "...shall contract with a law firm/agency to provide legal assistance to inmates and inmate access to the civil judicial system..." In accordance with the Human Service Contract the Department of Correction has entered into with Sydney T. Schulman dba Schulman & Associates, Schulman & Associates is the law firm under contract to provide assistance to inmates in civil matters. It was your choice to file a grievance against the attorneys who are under contract, but that does not entitle you to new counsel to assist you.

Therefore, it is our position that the Department of Correction has met its obligation to provide you with access to court. Indeed, your present litigation activities are ample evidence that in fact you have been provided with access to court.

Sincerely,

Dawn M. DiCesare

Dawn M. DiCesare
Paralegal Specialist 2

Dear FEDERAL U.S. ATTY, KEVIN O'CONNEL, Date 3-3-2006 and, FEDERAL U.S. DISTRICT COURT JUDGES CHRISTOPHER F. DRONEY, WILLIAM I. GARFINKEL, JANET B. ARTERTON, JOAN GLAZER MARGOLIS, MARK R. KRAVITZ, I respectfully write your offices in Good faith as well as in The best interest of JUSTICE FOR EMERGENCY needed Consideration and ACTION RE: to MY LEGAL MAIL Being TAMPERED With and Lots of it being intentionally withheld and not Giving to me By PRISON OFFICIALS at The BRIDGEPORT CORRECTIONAL INSTITUTION CTR. FIRST of all for exercising my Legal rights to report and Blow the whistle on UNPROFESSIONAL PRISON OFFICIALS By Lodge or for Lodging GRIEVANCES and Complaints against them in Good Faith, and do to my Litigation of the cases of MORGAN V. Gov. ROWLAND, et AL, # 3:01CV1107 (CFD)(WIG) MORGAN V. Regan, et al, # 3:05CV873(JBA)(JGM), MORGAN V. LANTZ, et al # 3:05CV1659(MRK)(WIG) on 1-20-06 I was subjected to a Retalitery TRANSFER From Cheshire C.I. to the Bridgeport Correctional Center, Where I Have Been subjected to None Stop Harassment and Retaliation and Threats or intimidation, By WARDEN WALTER FORD and his STAFF The main issue is my ACCESS to The Court to Be Able to properly Defend These cases or keep surching For Counsel is hurt Cause WARDEN WALTER FORD Have allowed his STAFF & Deputy WARDEN Richard C. Flodquist, and Counselor SUPERVISOR DONNA COMPARE and Counselor Robert WhiTTAKER, and Unit MANAGER Lieutenant FALCONE and MAJOR IRIZZARY and MAIL Room STAFF to Constantly OPEN my Legal MAIL outside of my presence thats Clearly marked Legal MAIL and to with hold Lots of my Legal MAIL that is sent FOR me

To keep me from Being Able to properly Litigate my Cases and from Being Able to Find a attorney to help me, over 30 days ago I Turn into Correctional officer Catchings on 3rd Shift A Large manilla envelope to Pro-Bono President of The Bar Cunsel Being

Law offices of

PEPE AND HAZard

For attorney Lauis R. Pepe

225 ASYLum St

HARTFord, CT 06103-4302

Phone (860) 241-2636

Correctional officer Catchings Turn it into Mail Collector that night officer Ms. O'Jeada, The Above firm usualy respond to me to say whether The Could help or Not. I Get no reply. So Also Sent mail to

Law offices of

Jacobs Grudbelt and Dow

To: Atty. Joshua Manning

350 ORANGe Street

P.O. Box 606

New HAVeN, CT 06503-0606

Phone (203) 772-3100

and Left Vioce I Turn This mail into Cunsel or Robert Whittaker who told me I must pay Postage, Nothing Shows it ever went out Nor have I Got Any reply From The Firm.

I also sent Several Pieces Of mail to Attorney Norman A. Pattis Who Allways Writes me Beck I Never got No reply.