UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LLOYD GEORGE MORGAN, JR. : | |
| : | PRISONER |
| v. : | Case No. 3:01CV1107(CFD) |
| : | |
| GOVERNOR JOHN G. ROWLAND, et al. : | |

RULING AND ORDER

Plaintiff has filed a motion entitled "Motion for Effective Review and Consideration and Renewal for Appointment of Counsel, Motion for Relief from Judgmen[t]." The motions are dated March 15, 2006 and March 23, 2006. The court has docketed the motions as a renewed motion for appointment of counsel, a motion for review and, although submitted prematurely, a motion for relief from the judgment entered on March 20, 2006.

By the time plaintiff's motion reached the court, the decision granting defendants' motion for summary judgment had been filed. Because the case now is closed, plaintiff's renewed request for appointment of counsel in this case is denied as moot.

Plaintiff asks the court to review various allegations that his recent transfer from Cheshire Correctional Institution to Bridgeport Correctional Center was in retaliation for his litigation activities. He also asks the court to order the Commissioner of Correction to provide alternate legal assistance for him. Plaintiff concedes in his motion that these claims are the subject of another case he filed in this district. The operative complaint in this case does not include claims concerning access to the courts, delay in receipt of legal mail and retaliatory transfer. Thus, plaintiff's request that the court consider those claims in the context of this case is denied.

Finally, plaintiff asks the court to reconsider any judgment that might have entered in this case. The standard for granting a motion for reconsideration is strict. Reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The function of a motion for reconsideration thus is to present the court with an opportunity to correct "manifest errors of law or fact or to consider newly discovered evidence ...." LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)), aff'd, 33 F.3d 50 (2d Cir. 1994).

Plaintiff has not identified any factual data or controlling decisions that the court overlooked when reviewing defendants' motion for summary judgment and plaintiff's opposition. In conclusion, plaintiff's motions seeking review of unrelated issues, appointment of counsel and relief from judgment [**docs. #215, 217**] are **DENIED**.

**SO ORDERED** this 22nd day of January, 2007, at Hartford, Connecticut.

/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge